ORIGINAL

1 | John T. Kraemer
jkraemer@nfp.com
2 | 777 South Hwy 101, Suite 210
Solana Beach, CA 92075
3 | Telephone: (858) 350-1907

4 | Creditor in Pro Per



**FILED**

MAR 25 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In Re: | Case No.:8:20-bk-10143-TA |
| BRIDGEMARK CORPORATION, | CREDITOR REQUEST FOR CONTINUANCE OF HEARING ON MOTION PURSUANT TO 11 U.S.C. §105(a), 363(b) AND 365 AND FED. R. BANKR. P. 9019 FOR ENTRY OF ORDER: |
| Debtor and Debtor in Possession | 1) APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTOR, ROBERT J. HALL, AND PLACENTIA DEVELOPMENT COMPANY AND RELATED AGREEMENTS; |
| | 2) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS; |
| | 3) APPROVING ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY LEASES |
| | Date:  March 31, 2021<br>Time:  10:00 a.m.<br>Place:  ZoomGov |

Named creditor John T. Kraemer ("Creditor"), becoming aware of the within motions only on March 23, 2021, requests that they be continued for hearing 60 days to allow Creditor, and others like him, to retain counsel, investigate what appears to be a wholesale sale of assets which significantly reduces royalties to mineral owners and to provide an educated and informed response.

1    Creditor knows this request is late. However, as more particularly set forth in the

2    following declaration of Creditor, the within motion of Debtor, Bridgemark Corporation

3    ("Debtor") consisting of over 350 pages, was received March 15, 2021. Due to Covid-19,

4    Creditor does not come into his office everyday. The motion, therefore, was not received

5    until March 23, 2021. Even if the motion had been reviewed on March 15, 2021, that

6    would leave only 2 days, March 17, 2021, to engage counsel and determine what to do.

7    Creditor is the holder of mineral rights (500 feet and below) regarding acreage

8    which is in the North East quadrant of the Richfield oil field, which is accessed from the

9    parcel that is part and parcel of the sale that the Debtor wants to make. A brief summary

10    of the facts is set forth below.

11    The Los Angeles Basin comprised 25% of the world's oil production in the 1920s.

12    Some of the world's richest production, easiest to recover, of longest duration and

13    productivity was found here.

14    Creditor's family, the Kraemers, and the Chapman family started oil exploration

15    in what became the Richfield Oilfield in 1916-18. Both families discovered what became

16    the Western Half of the Richfield Dome. The Kraemer's were to the south, and Chapman's

17    were to the north on what is now Alta Vista Dr. and the Alta Vista Country Club in

18    Placentia.

19    Different companies operated the fields separately extracting oil for each family

20    through the 1980s-90s when both families suspended operations and developed

21    surrounding residential development. The Kraemer's operated their field for approximately

22    10 years from @ 1988-1998. During this period, the Kraemer Family ran their own oil

23    operation as oil operator and used proceeds to clean the field and abandon 97 wells to

24    make it more valuable for home building the community of Placentia, and built hundreds

25    of homes.

26    The mineral rights beneath the Kraemer land (or at least 96% of the rights) were

27    placed in Kraemer Block F Mineral Owners, LLC with the goal of organizing the future

28    economic re-development of the field. Creditor, Eric Kleinbub, and Paul Kraemer are

current managers of Kraemer Block F Mineral Owners, LLC.   The Kraemer family reserved a 3 acre drill island on the south side of Alta Vista on the Alta Vista CC property to facilitate the Kraemer family's successful re-opening of the field via accessing the mineral reserves. The Chapman family also reserved a 3 acre site on the golf course located on the north side of Alta Vista near the maintenance yard of Alta Vista CC for the same purpose.

In 2012-15, the Kraemer Family negotiated with Alta Vista CC and the Chapman family to jointly re-develop the Richfield Field through jointly leasing their respective mineral rights to a new operator.  In approximately 2015-16, E&B Resources was selected and began making lease payments for the KBFMO mineral rights.  This lease was terminated in March 2020.

In and around 2019, E&B through an affiliated party made a purchase offer for the Richfield and Dowling Field operated by Bridgemark.  This offer was in excess of the offer currently looking to be approved by Debtor to satisfy the PDC judgement.

In approximately 2012, Creditor inherited from Rosemary Kraemer Raitt a small mineral interest in the "Coyle Lease" which was part of the Bridgemark operation of the Richfield Field.  Creditor, along with dozens of royalty owners, receives monthly royalty payments from this interest serviced through the PDC parcel.

Creditor has determined that 8 members of KBFMO including Creditor through his entity, JK Building Blocks, LLC, hold mineral interests in the Bridgemark operation of the Richfield.

Accessibility to these rights for Creditor, as well as for other owners of mineral rights, is through land which is subject to the sale for which consent of this Court is sought. It is Creditor's understanding that state law requires holders of mineral rights to have access to such rights through the lease of surface rights to be able to access sub-surface mineral rights.

Creditor was part of negotiations years ago regarding accessing mineral rights through the oil fields owned by the Debtor. An offer of $10,000,000.00 was made in 2016 for 16.4 contiguous acres together with other individual lots according to the terms of a

- 3 -

1    letter of intent. Part of those negotiations involved the very agreements that appear to form

2    or impact the basis of the PDC Judgment.    Abandonment of all or a substantial number

3    of the drill islands and wells that appear to be part of the sale plan here was not included

4    in that agreement. It appears that substantial changes are being made currently in order to

5    allow housing to be constructed that affect not only the Creditor's mineral rights but also

6    the rights of others similarly situated as described above. Further, based on offers made

7    previously by which I have knowledge of, the monies being paid for the Debtor's assets

8    may not be the best offer there is. While I was not personally involved, I had discussions

9    with the pertinent parties concerning an offer by an affiliate of E&B Resources for the

10    purchase of the operating company (the oil operation) in 2019 for far in excess of the offer

11    now before the Court. I need additional time to review the offer before the Court with

12    counsel and compare it to the prior offers and what may currently be available to creditors.

13          The assessment that Creditor's rights are unaffected is not correct.  Creditor's

14    property mineral rights are affected by the new provision shutting down all or virtually all

15    of the drilling in favor of housing.  This is an ongoing taking of such rights from the

16    mineral owners.

17          This motion was filed March 10, 2021, served by mail during a pandemic and is

18    asking to affect substantial rights without adequate time to engage counsel knowledgeable

19    as to oil, gas and mineral rights and in bankruptcy law on, essentially two days notice

20    (motion received March 15, 2021 with opposition due March 17, 2021).  From my reading

21    of the Motion, the dispute between the Debtor and PDC appears to have been pending in

22    various forms since 2016 with a judgment entered December 11, 2019...almost 18 months

23    ago. It is difficult to understand the rush to approve this sale with such little time to

24    determine its actual affect on all parties and creditors.

25    ///

26    ///

27    ///

28    ///

- 4 -

1    It is requested that the Court continue the hearing on the motion for at least 60 days

2  to allow Creditor to retain counsel, determine who else is similarly situated and assess the

3  actual effect of this sale.

4                                        Respectfully submitted,

5  Dated: March 25, 2021              *John Kraemer*
                                       John Kraemer, Creditor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

The undersigned declares as follows:

1.    I am creditor in the above chapter 11 bankruptcy case of Bridgemark Corporation and am authorized to make this Verification and I make this Verification for that reason.

2.    The matters stated in the foregoing Creditor Request for Continuance of Hearing on Motion Pursuant to 11 U.S.C. §105(a), 363(b) AND 365 and Fed. R. Bankr. P. 9019 for Entry of Order: 1) Approving Settlement Agreement Between the Debtor, Robert J. Hall, and Placentia Development Company and Related Agreements; 2) Approving Sale of Substantially All Assets of the Debtor Free and Clear of Lines; 3) Approving Assumption And/or Assignment of Certain Executory Leases are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury of the laws of the State of California and the United States of American that the foregoing is true and correct.

Executed this 25ᵗʰ day of March 2021 at Solano Beach, California

John Kraemer
/John Kraemer

- 6 -

SHORT TITLE:   **In Re: Bridgemark Corporation**
CASE NO.:      **8:20-bk-10143-TA**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 114 Pacifica, Suite 250, Irvine, California 92618.   On March 25, 2021, I served the documents named below on the parties in this action as follows:

**DOCUMENTS(S) SERVED:**    Creditor Request for Continuance of Hearing on Motion Pursuant to 11 U.S.C. §105(a), 363(b) AND 365 and Fed. R. Bankr. P. 9019 for Entry of Order: 1) Approving Settlement Agreement Between the Debtor, Robert J. Hall, and Placentia Development Company and Related Agreements; 2) Approving Sale of Substantially All Assets of the Debtor Free and Clear of Lines; 3) Approving Assumption And/or Assignment of Certain Executory Leases

**SERVED UPON:**

See Attachment

 **XX**   (BY FEDERAL EXPRESS) By placing a true copy in a separate envelope for each addressee named above with the name and address of the person served shown on the envelope as set forth above, and by sealing the envelope and placing it for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

.

 **XX**  I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on March 25, 2021 at Laguna Hills, California.

Heather Hiner

- 1 -

1

SHORT TITLE:    In Re: Bridgemark Corporation
CASE NO.:       8:20-bk-10143-TA

2

**Attachment to Proof of Service**

3

4   Erin E Gray, Esq.
    Pachulski Stang Ziehl & Jones LLP
5   10100 Santa Monica Blvd 13th Fl
    Los Angeles, CA 90067
6   (Counsel for Debtor)

7   Theodora Oringher, Esq.
    535 Anton Blvd., Ninth Floor
8   Costa Mesa, CA 92626
    (Counsel for Debtor)

9

    Matthew J Pero, Esq.
10  Anglin Flewelling Rasmussen Campbell Trytten
    301 North Lake Avenue
11  Suite 1100
    Pasadena, CA 91101-4158
12  (Counsel for Debtor)

13  Frank Cadigan, Esq.
    411 W 4th St Ste 7160
14  Santa Ana, CA 92701
    (Counsel for U.S. Trustee)

15

    Nancy S Goldenberg, Esq.
16  411 W 4th St Ste 7160
    Santa Ana, CA 92701
17  (Counsel for U.S. Trustee)

18

19

20

21

22

23

24

25

26

27

28