William N. Lobel, Esq. (State Bar No. 93202)
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone:   (714) 549-6200
Facsimile:   (714) 549-6201
E-mail:      wlobel@tocounsel.com

Co-Counsel for Debtor and Debtor in
Possession, Bridgemark Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:20-bk-10143-TA |
| BRIDGEMARK CORPORATION, | Chapter 11 |
| Debtor and Debtor-in Possession.[1] | **NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER ESTABLISHING DEADLINE AND PROCEDURES FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES ARISING BETWEEN OCTOBER 14, 2020 AND APRIL 30, 2021; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | [No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(q)(9)] |

**TO THE HONORABLE THEORDOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

**PLEASE TAKE NOTICE** that the above-captioned debtor and debtor in possession Bridgemark Corporation (the "Debtor") hereby files this motion (the "Motion"), pursuant to sections 105 and 503 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9013-1(q)(9) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), for the entry of an order, setting twenty-four (24) days following service of notice of the deadline by which all persons or entities that may assert any right to payment constituting an actual, necessary cost or expense of administering the bankruptcy case or preserving

---

[1]    The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA 92780.

the Estate under section 503(b) (an "Administrative Expense") arising between October 14, 2020 and April 30, 2021 (*i.e.*, the Closing Date of Sale Transaction (each as defined below)) must file a request for payment ("Request for Payment") or forever be barred from asserting such Administrative Expense against the Debtor (the "Second Interim Administrative Bar Date"). A proposed form of order (the "Second Interim Administrative Bar Date Order") is attached hereto as **Exhibit A**. The Motion also requests that the Court approve the form and manner of notice of the Second Interim Administrative Bar Date (the "Second Interim Administrative Bar Date Notice") attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that this Motion is brought on an *ex parte* basis pursuant to Local Bankruptcy Rule 9013-1(q), which provides for the granting of motions without a hearing.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the annexed Memorandum of Points and Authorities and exhibits and the record in this chapter 11 case.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order (a) granting the Motion; (b) setting a Second Interim Administrative Bar Date of 24 days following service of the Second Interim Bar Date Notice; (c) approving the form and manner of service of the Second Interim Administrative Bar Date Notice; (d) precluding any person or entity that fails to file and serve a Request for Payment in the time and manner described in the Second Interim Administrative Bar Date Notice from asserting a right to payment of that alleged Administrative Expense anytime thereafter; and (e) granting such other and further relief as the Court deems just and proper.

Dated:    May 6, 2021                THEODORA ORINGHER PC


By      */s/ William N. Lobel*
        William N. Nobel (State Bar No. 93202)

        *Co-Counsel to the Debtor and*
        *Debtor in Possession*

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court-approved sale of substantially all of the Debtor's assets closed on April 30, 2021. Pursuant to a prior order, the Court established November 13, 2020 as the General Bar Date and the First Interim Administrative Bar Date (both as defined below). By this Motion, the Debtor asks the Court to establish a Second Interim Administrative Bar Date by which all persons and entities must file and serve requests for payment of Administrative Expenses that arose between October 14, 2020 (the date on which the Debtor gave notice of the First Interim Administrative Bar Date) and April 30, 2021 (*i.e.*, the Closing Date of the Sale Transaction (each as defined below)). As is described in more detail below, following the Closing Date, the Debtor intends to file a liquidating plan that proposes to pay all holders of Allowed Administrative Expenses and all Allowed General Unsecured Claims in full. Establishing the Second Interim Administrative Bar Date will greatly assist the Debtor in facilitating the filing, confirmation and consummation of such a Plan.

**I.**

**JURISDICTION AND VENUE**

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 1334. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2). Venue of these cases and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408. The statutory predicates for the relief sought herein are sections 105, 503 of the Bankruptcy Code and Local Rule 9013-1.

**II.**

**STATEMENT OF FACTS**

On January 14, 2020 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee did not appoint a committee of unsecured creditors.

On October 8, 2020, the Court entered an *Order (A) Establishing The Procedures and Deadlines for Filing Proofs of Claim and Interests; and (B Approving Form and manner of Notice of Bar Dates and (c) Granting Related Relief* (the "First Bar Date Order") [Docket 312]. The First Bar Date Order (and subsequent notice) established November 13, 2020 as the deadline by which

1  creditors must file proofs of Claim against the estate that arose prior to the Petition Date (the

2  "General Bar Date") and the date by which holders of Administrative Expenses (with certain

3  exceptions) had to file Requests for Payment (the "First Interim Administrative Bar Date"). The

4  Debtor served notice of General Bar Date and the First Interim Administrative Bar Date by first class

5  mail on October 14, 2020 [Docket Nos. 314, 315].

6      On March 10, 2021, the Debtor filed its *Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b), and*

7  *365 and Fed. R. Bankr. P. 9019 for Entry of Order (I) Approving Settlement Agreement Between the*

8  *Debtor, Robert J. Hall, and Placentia Development Company and Related Agreements,*

9  *(II) Approving Sale of Substantially All Assets of the Debtor Free and Clear of Liens,*

10 *(III) Approving Assumption and/or Assignment of Certain Executory Contracts and Unexpired*

11 *Leases, (IV) Modifying Order Authorizing Employment of Numeric Solutions LLC, and (V) Granting*

12 *Related Relief* [Docket No. 392] (the "Approval Motion").[2]  Pursuant to the Approval Motion, the

13 Debtor sought approval of a Settlement Agreement between the Debtor, its president and primary

14 equity holder Robert Hall, certain "Hall Related Entities" and Placentia Development Company LLC

15 ("PDC") (the "Settlement Agreement"), an Asset Purchase Agreement (the "APA") with California

16 Natural Resources Group Orange County, LLC, Realm California, LLC, and Alatex E&P LLC

17 (collectively, "Buyer"), and certain ancillary documents related to the transaction (collectively, the

18 "Agreements").  On April 28, 2021, the Court entered an order [Docket No. 442] granting the

19 Approval Motion.

20      The transactions contemplated by the Agreements (collectively, the "Sale Transaction")

21 closed on April 30, 2021 (the "Closing Date").  The following events (among others) occurred on the

22 Closing Date: (i) essentially all of Bridgemark's non-cash assets that are *not* located on certain

23 property belonging to PDC (the "PDC Parcel") were transferred to Buyer free and clear of PDC's

24 liens, (ii) Buyer assumed certain liabilities of Bridgemark; (iii) Buyer transferred to PDC certain

25 monetary consideration in exchange for PDC's designation of Buyer as the acquirer of the purchased

26 assets, and PDC in turn transferred the Remainder Tract (as defined in the Agreements) to Buyer;

27

28 [2] The Debtor also filed the following declarations in support of the Approval Motion: (i) *Declaration of Robert J. Hall* ("Hall Declaration"), (ii) *Declaration of Seth Ring* ("Ring Declaration"), *Declaration of Clifton O. Simonson* ("Simonson Declaration"), and (iii) *Declaration of John Harris* ("Harris Declaration").  Docket Nos. 393, 394, 395, 396.

and (iv) the settlement between PDC, Bridgemark, Hall, and the Hall-Related Parties went into effect.

As is more particularly set forth on Exhibit A to the Approval Motion, the assets that were sold to Buyer include, but are not limited to, the Debtor's interest as lessee under its oil and gas leases, its unit agreements and its operating agreements, all of which were previously assumed by order entered on May 13, 2020 [Docket No. 203] in accordance with Bankruptcy Code section 365 (the "Assumed Contracts"). .

Following the Closing Date, the Debtor is left with only minimal non-cash assets – primarily the wells it operates on the PDC Parcel (the "PDC Parcel Wells"). The Debtor has stopped pumping from those wells, as contemplated by the Court-approved Settlement Agreement and explained in the Approval Motion. The Debtor, under the direction and control of a Chief Wind-Down Officer, will pursue confirmation of a chapter 11 plan of liquidation (the "Plan") that will propose to leave all allowed claims unimpaired and pay all allowed non-PDC claims in full and in cash on the Plan effective date. The primary purpose of the Plan will be the creation of a liquidation trust tasked with plugging and abandoning the PDC Parcel Wells.

### III.

### RELIEF REQUESTED

**A.    The Second Interim Administrative Bar Date**

In order to facilitate the formulation and confirmation of a Plan, the Debtor needs to determine what (if any) Administrative Claims have arisen (or may arise) between the service of the notice of the First Interim Administrative Bar Date on October 14, 2020 and April 30, 2021 (*i.e.*, the Closing Date). Accordingly, the Debtor requests entry of an order setting 24 days following service of the Second Administrative Bar Date Notice as the deadline by which all persons or entities that wish to assert an Administrative Expense arising between October 14, 2020 and April 30, 2021 (the "Second Interim Administrative Period") must file a Request for Payment or forever be barred from asserting such Administrative Expense against the Debtor.

**B.    Notice of the Second Interim Administrative Bar Date**

The Debtor submits that within five days after entry of the order, the Debtor will promptly

file and serve the proposed the Second Interim Administrative Bar Date Notice attached hereto as **Exhibit B**,[3] by first class mail on: (a) the U.S. Trustee; (b) all parties to the Debtor's executory contracts and unexpired leases, including but not limited to the Assumed Contracts; (c) all known or suspected individuals or entities that the Debtor believes might assert an Administrative Expense that arose during the Second Interim Administrative Period (including Governmental Units) and (d) any person or entity that has requested service pursuant to Bankruptcy Rule 2002 ((a) through (d) collectively, the "Notice Parties") and that service of the Second Interim Administrative Bar Date Notice on the Notice Parties in the manner proposed in this Motion shall constitute proper and sufficient notice under the circumstances.

The Debtor proposes that the following individuals or entities not be required to file a Request for Payment in response to the Second Interim Administrative Bar Date Notice:

1.      Any person or entity whose Administrative Expense has been allowed by order of the Bankruptcy Court entered on or before the Second Interim Administrative Bar Date;

2.      Any claim for fees under 28 U.S.C. § 1930; and

3.      Administrative expense requests for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, 503(b)(2), or 503(b)(3)(F) of the Bankruptcy Code for professionals retained by the Debtor pursuant to orders of this Court. Pursuant to the First Bar Date Order, such expense requests are to be filed within 21 days after the Debtor gives notice of the hearing on final fee applications.

**C.      Procedures for Filing and Serving Requests for Payment**

The Debtor proposes the following procedures for filing a Request for Payment:

1.      Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Second Interim Administrative Bar Date Order and the Second Interim Administrative Bar Date Notice; (ii) be on the form attached as Exhibit C hereto (or in a form that is substantially similar); (iii) be signed by the party asserting the Administrative Expense or an authorized

---

[3]      The Second Interim Administrative Bar Date applies only to administrative claims (rather than general unsecured claims), and thus Local Rule 3003-1(c), requiring the use of Local Form F3003-1.NOTICE.BARDATE, is inapplicable.  To the extent that Local Rule 3003-1(c) could be interpreted to apply to the instant Motion, the Debtor requests a waiver of such rule and approval of the proposed Second Interim Administrative Bar Date Notice attached hereto as Exhibit C, which is tailored to Administrative Expense requests in this case.

agent of such party; (iv) set forth with specificity all factual and legal bases supporting the asserted Administrative Expense; (v) include supporting documentation (vi) be in the English language; and (vii) be denominated in United States currency.

2.     Each Request for Payment must be filed with the Bankruptcy Court by the Second Interim Administrative Bar Date.

3.     Each Request for Payment must also be served upon, so as to be actually received by counsel to the Debtor by the Second Interim Administrative Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows: Theodora Oringher PC, 535 Anton Boulevard, Ninth Floor, Costa Mesa, CA   92626-7109, Attn: William N. Lobel, Esq. (wlobel@tocounsel.com).

4.     Local Bankruptcy Rule 3007-1 shall govern the timing, notice, and other procedures for the Debtor or any other party in interest to file objections to Requests for Payment.

**D.     Effect of Failure to File a Timely Request for Payment**

The Debtor requests that any potential holder of an Administrative Expense against the Debtor's Estate who receives the Second Interim Administrative Bar Date Notice (whether such notice was actually or constructively received) and is required, but fails, to file a Request for Payment, as applicable, in accordance with the Second Interim Administrative Bar Date Order and the Second Interim Administrative Bar Date Notice, (a) shall be forever barred, estopped and enjoined from asserting such claim against the Debtor or its Estate and (b) shall not receive or be entitled to receive any payment or distribution of property from the Estate with respect to such Administrative Expense, as applicable.

**E.     Sole and Exclusive Method to Assert Administrative Expense**

The Debtor requests that the procedures proposed in this Motion be the sole and exclusive method for the assertion of any Administrative Expense that is required to be filed, and that all claimants asserting an Administrative Expense be prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

**III.**

**ARGUMENT**

While the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") do not specifically set forth a deadline for filing requests for payment of administrative expenses, sections 105(a) and 503(a) of the Bankruptcy Code furnish clear authority for the establishment of the Second Interim Administrative Bar Date.  Section 503(a) of the Bankruptcy Code permits "timely" requests for payment of administrative expenses, and thus presupposes the establishment of a deadline for filing such requests.  11.U.S.C. §503(a).  According to *Collier's*:

> The Bankruptcy Reform Act of 1994 added the word "timely" to the introductory portion of section 503(a) . . . The amended language of section 503(a) thus provides courts with the statutory authority to set and enforce administrative claim bar dates.  Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure sets forth a specific limitation period for the filing of administrative expense claims, so courts can exercise their discretion in setting bar dates according to the circumstances of each case.

4 Lawrence P. King, et al., *Collier on Bankruptcy* ¶503.02[2], at 503-11 (15th ed. rev. 2007).

Further, section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. §105(a).  Courts therefore have the discretion to fix deadlines for filing requests for payment of administrative expense claims.

In fact, courts routinely set such bar dates under the general authority of section 105(a) and 503 of the Bankruptcy Code. *See, e.g.*, *In re Aleris Int'l, Inc.*, No. 09-10478 (BLS), 2010 Bankr. LEXIS 5123, at *1 (Bankr. D. Del. Mar. 12, 2010) (granting motion to set final date for filing request for payment of certain administrative expenses); *In re LTV Steel Co.*, 288 B.R. 775, 779 (Bankr. N.D. Ohio 2002) (establishing a bar date for administrative expense claims under section 105(a) of the Bankruptcy Code "in the interest of efficiency and fairness"); *In re Reams Broadcasting Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993) (finding that consistent with the Court's power under section 105(a) of the Bankruptcy Code "is the Court's authority to set deadlines for the submission of administrative expenses"); *In re Holywell Corp.*, 68 B.R. 134, 137 (Bankr. S.D. Fla. 1986) (holding that courts have authority under section 105(a) of the Bankruptcy Code to establish administrative expense claim bar dates to provide finality to parties); *In re Jevic Holding Corp., et al.*, Case No. 08-11006 (BLS) (Bankr. D. Del. Dec. 3, 2018) [Docket No. 1865] (order

granting chapter 7 trustee's motion, following conversion from chapter 11, establishing deadlines to file proofs of claim and requests for payment of certain administrative expense claims and form and manner of notices).

The relief requested in this Motion, including the proposed  Second Interim Administrative Bar Date, will allow the Debtor to expeditiously determine and evaluate the Estate's liabilities.  As described above, establishment of the Second Interim Administrative Bar Date is necessary for the Debtor and other parties in interest to determine the total amount of Administrative Expenses that are asserted against or in the Debtor's estate, object to and/or otherwise resolve the Requests for Payment and confirm and consummate the Plan in a timely fashion

The procedures proposed in this Motion will provide holders of Administrative Expenses with ample notice and opportunity to assert their claims in accordance with a clear and fair process aimed at achieving administrative and judicial efficiency.  The proposed filing deadline of 24 days after service of the Second Interim Administrative Bar Date Notice exceeds the notice required under Bankruptcy Rule 2002(a)(7).  Such notice period is particularly appropriate and sufficient here given that all parties in interest who could conceivably assert Administrative Expenses received notice of the Approval Motion when it was originally filed on March 10, 2021, *see* Proof of Service [Docket No. 400], and thus have already had notice of all the transactions contemplated thereby for nearly two months.  Moreover, the proposed procedures include detailed filing instructions that are intended to avoid confusion or uncertainty among potential holders of Administrative Expenses that might result in the filing of unnecessary requests for payment and thereby increase expense and delay in the claims reconciliation process for all parties.

**IV.**

**CONCLUSION**

For all the foregoing reasons, the Debtor respectfully requests that the Court grant the Motion and enter the Second Interim Bar Date Order.

Dated:    May 6, 2021                    THEODORA ORINGHER PC


By      */s/ William N. Lobel*
        William N. Nobel (State Bar No. 93202)

        *Co-Counsel to the Debtor and*
        *Debtor in Possession*

**<u>EXHIBIT A</u>**

**(Proposed Form of Order)**

1  William N. Lobel, Esq. (State Bar No. 93202)
   THEODORA ORINGHER PC
2  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California 92626-7109
3  Telephone:  (714) 549-6200
   Facsimile:  (714) 549-6201
4  E-mail:    wlobel@tocounsel.com

5  Co-Counsel for Debtor and Debtor in
   Possession, Bridgemark Corporation
6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11

12  In re:                              Case No.  8:20-bk-10143-TA

13  BRIDGEMARK CORPORATION,             Chapter 11

14                                      **ORDER GRANTING MOTION FOR
                                        ENTRY OF AN ORDER**
15                                      **ESTABLISHING DEADLINE AND
                                        PROCEDURES FOR FILING**
16                                      **ADMINISTRATIVE EXPENSE CLAIMS
                                        ARISING BETWEEN OCTOBER 14,
                                        2020 AND APRIL 30, 2021**
17

18                                      [No Hearing Required Pursuant to Local
                                        Bankruptcy Rule 9013-1(q)(9)]
19

20

21

22          Upon the *Motion for Entry of an Order Establishing the Deadline and Procedures for Filing*

23  *Requests for Payment of Administrative Expenses Arising Between October 14, 2020 and Closing*

24  *Date of Sale Transaction* (the "Motion") filed by Bridgemark Corporation (the "Debtor");[1] and

25  consideration of the Motion and the relief requested therein; and it appearing that this Court has

26  jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this

27  Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

28
   _____
   [1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Debtor having provided appropriate notice of the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having considered the Motion, all pleadings and papers filed in connection with the Motion, including the Memorandum of Points and Authorities filed in support of the Motion; after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      The form of the Second Interim Administrative Bar Date Notice attached to the Motion as **Exhibit B** is approved.

3.      No later than five days after entry of this Order, the Debtor shall promptly file and serve the Second Interim Administrative Bar Date Notice by first class mail on: (a) the U.S. Trustee; (b) all parties to the Debtor's executory contracts and unexpired leases, including but not limited to the Assumed Contracts; (c) all known or suspected individuals or entities that the Debtor believes might assert an Administrative Expense that arose during the Second Interim Administrative Period (including Governmental Units) and (d) any person or entity that has requested service pursuant to Bankruptcy Rule 2002 ((a) through (d) collectively, the "Notice Parties").  Service of the Second Interim Administrative Bar Date Notice on the Notice Parties in the manner set forth herein shall constitute proper and sufficient notice.

4.      The "Second Interim Administrative Bar Date" shall be the date that is 24 days following service of the Second Interim Bar Date Notice.  The Second Interim Administrative Bar Date shall be the deadline by which all persons or entities that may assert any right to payment constituting an actual, necessary cost or expense of administering the bankruptcy case or preserving the Estate under section 503(b) (an "Administrative Expense") arising between October 14, 2020 and April 30, 2021 must file a request for payment ("Request for Payment") or forever be barred from asserting such Administrative Expense against the Debtor.

5.     The following individuals or entities are not required to file a Request for Payment in response to the Second Interim Administrative Bar Date Notice:

a.     Any person or entity whose Administrative Expense has been allowed by order of the Bankruptcy Court entered on or before the Second Interim Administrative Bar Date;

b.     Any claim for fees under 28 U.S.C. § 1930; and

c.     Administrative expense requests for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, 503(b)(2), or 503(b)(3)(F) of the Bankruptcy Code for professionals retained by the Debtor pursuant to orders of this Court. Pursuant to the First Bar Date Order, such expense requests are to be filed within 21 days after the Debtor gives notice of the hearing on final fee applications.

6.     Requests for Payment shall be filed and served as follows:

a.     Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Second Interim Administrative Bar Date Order and the Second Interim Administrative Bar Date Notice; (ii) be on the form attached as Exhibit C to the Motion (or in a form that is substantially similar); (iii) be signed by the party asserting the Administrative Expense or an authorized agent of such party; (iv) set forth with specificity all factual and legal bases supporting the asserted Administrative Expense; (v) include supporting documentation (vi) be in the English language; and (vii) be denominated in United States currency.

b.     Each Request for Payment must be filed with the Bankruptcy Court by the Second Interim Administrative Bar Date.

c.     Each Request for Payment must also be served upon, so as to be actually received by counsel to the Debtor by the Second Interim Administrative Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows: Theodora Oringher PC, 535 Anton Boulevard, Ninth Floor, Costa Mesa, CA    92626-7109, Attn: William N. Lobel, Esq. (wlobel@tocounsel.com).

7.     Any potential holder of an Administrative Expense against the Debtor's Estate who receives the Second Interim Administrative Bar Date Notice (whether such notice was actually or constructively received) and is required, but fails, to file a Request for Payment, as applicable, in

accordance with the Second Interim Administrative Bar Date Order and the Second Interim Administrative Bar Date Notice, (a) shall be forever barred, estopped and enjoined from asserting such claim against the Debtor or its Estate and (b) shall not receive or be entitled to receive any payment or distribution of property from the Estate with respect to such Administrative Expense, as applicable.

8.      The procedures outlined in this Order are the sole and exclusive method for the assertion of any Administrative Expense that is required to be filed, and that all claimants asserting an Administrative Expense are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

9.      Local Bankruptcy Rule 3007-1 shall govern the timing, notice, and other procedures for the Debtor or any other party in interest to file objections to Requests for Payment.

10.      The Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

###

1

## **EXHIBIT B**

**(Form of Second Interim Administrative Bar Date Notice)**

1  William N. Lobel, Esq. (State Bar No. 93202)
   THEODORA ORINGHER PC
2  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California 92626-7109
3  Telephone:   (714) 549-6200
   Facsimile:   (714) 549-6201
4  E-mail:      wlobel@tocounsel.com

5  Co-Counsel for Debtor and Debtor in
   Possession, Bridgemark Corporation
6

7
                    **UNITED STATES BANKRUPTCY COURT**
8
             **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**
9

10  In re                                    Case No.  8:20-bk-10143-TA

11  BRIDGEMARK CORPORATION,                  Chapter 11

12      Debtor and Debtor-in Possession.[5]  **NOTICE OF DEADLINE AND
                                             PROCEDURES FOR FILING
13                                           REQUESTS FOR PAYMENT OF
                                             ADMINISTRATIVE EXPENSES
14                                           ARISING BETWEEN OCTOBER 14,
                                             2020 AND APRIL 30, 2021**
15

16        **TO ALL INDIVIDUALS OR ENTITIES WHO MAY ASSERT A CLAIM FOR AN
       ADMINISTRATIVE EXPENSE AGAINST BRIDGEMARK CORPORATION THAT
17     AROSE OR ACCRUED BETWEEN OCTOBER 14, 2020 AND APRIL 30, 2021.**

18        **PLEASE TAKE NOTICE** that on January 14, 2020 (the "Petition Date"), Bridgemark
19  Corporation (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy
    Code.

20        **PLEASE TAKE FURTHER NOTICE** that on October 8, 2020, the Court entered an *Order
21  (A) Establishing The Procedures and Deadlines for Filing Proofs of Claim and Interests; and (B*
    *Approving Form and Manner of Notice of Bar Dates and (c) Granting Related Relief* (the "First Bar
22  Date Order") [Docket 312]. The First Bar Date Order (and subsequent notice) established November
23  13, 2020 as the deadline by which creditors must file proofs of Claim against the estate that arose
    prior to the Petition Date (the "General Bar Date") and the date by which then holders of
24  Administrative Expenses (with certain exceptions) had to file Requests for Payment (the "First
    Interim Administrative Bar Date"). The Debtor served notice of General Bar Date and the First
25  Interim Administrative Bar Date by first class mail on October 14, 2020 [Docket Nos. 314, 315].

26        **PLEASE TAKE FURTHER NOTICE** that on _____, 2021, the Court entered its *Order
27  Establishing Deadline and Procedures for Filing Requests for Payment of Administrative Expenses*

28  ---
    [5]     The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service
    address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA 92780.

*Arising Between October 14, 2020 and April 30, 2021* (the "<u>Second Interim Administrative Bar Date Order</u>").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Second Administrative Bar Date Order:

### Second Interim Administrative Bar Date

_____, 2021 (the "<u>Second Interim Administrative Bar Date</u>") is the deadline by which all persons or entities that may assert any right to payment constituting an actual, necessary cost or expense of administering the bankruptcy case or preserving the Estate under section 503(b) (an "<u>Administrative Expense</u>") arising between **October 14, 2020 and April 30, 2021** (the "<u>Second Interim Administrative Period</u>") must file a request for payment ("<u>Request for Payment</u>") or forever be barred from asserting such Administrative Expense against the Debtor.

### Who Must File A Request for Payment?

You MUST file a Request for Payment in accordance with the procedures approved by the Bankruptcy Court and set forth in this Notice in order to assert an Administrative Expense that arose between **October 14, 2020 and April 30, 2021** and it is not a claim described in the "Who Is Not Required to File a Request for Payment" section below.

### Who Is Not Required to File a Request for Payment?

The following persons and entities are <u>not</u> required to file a Request for Payment:

- Any person or entity whose Administrative Expense has been allowed by order of the Bankruptcy Court entered on or before the Second Interim Administrative Bar Date;

- Any claim for fees under 28 U.S.C. § 1930; and

- Administrative expense requests for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, 503(b)(2), or 503(b)(3)(F) of the Bankruptcy Code for professionals retained by the Debtor pursuant to orders of this Court. Pursuant to the First Bar Date Order, such expense requests are to be filed within 21 days after the Debtor gives notice of the hearing on final fee applications.

### How To File And Serve A Request for Payment

Requests for Payment must be filed and served as follows:

- Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Second Interim Administrative Bar Date Order and the Second Interim Administrative Bar Date Notice; (ii) be on the form enclosed with this notice (or in a form that is substantially similar); (iii) be signed by the party asserting the Administrative Expense or an authorized agent of such party; (iv) set forth with specificity all factual and legal bases supporting the asserted Administrative Expense; (v) include supporting documentation (vi) be in the English language; and (vii) be denominated in United States currency.

- Each Request for Payment must be filed with the Bankruptcy Court by the Second Interim Administrative Bar Date.

- Each Request for Payment must also be served upon, so as to be actually received by counsel to the Debtor by the Second Interim Administrative Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows: Theodora Oringher PC, 535 Anton Boulevard, Ninth Floor, Costa Mesa, CA  92626-7109, Attn: William N. Lobel, Esq. (wlobel@tocounsel.com).

**Effect of Failure to Timely File a Request for Payment**

**Any potential holder of an Administrative Expense against the Debtor's Estate who receives the Second Interim Administrative Bar Date Notice (whether such notice was actually or constructively received) and is required, but fails, to file a Request for Payment, as applicable, in accordance with the Second Interim Administrative Bar Date Order and the Second Interim Administrative Bar Date Notice, (a) shall be forever barred, estopped and enjoined from asserting such claim against the Debtor or its Estate and (b) shall not receive or be entitled to receive any payment or distribution of property from the Estate with respect to such Administrative Expense, as applicable.**

**Sole and Exclusive Method**

The procedures outlined in this Notice are the sole and exclusive method for the assertion of any Administrative Expense that is required to be filed, and that all claimants asserting an Administrative Expense are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

**Reservation of Rights**

Nothing contained in this Notice or any actions taken by the Debtor pursuant to the relief granted in the Second Interim Administrative Bar Date Order is intended or should be construed as: (a) an admission as to the validity, status, amount or priority of any particular claim asserted against the Debtor or its Estate; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; or (e) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law.

**You should consult an attorney if you have any questions, including whether to file a Request for Payment. If you have any questions with respect to this Notice, you may contact undersigned counsel for the Debtor.**

Dated:    _____, 2021              THEODORA ORINGHER PC


By    _____
         William N. Nobel (State Bar No. 93202)

         *Co-Counsel to the Debtor and*
         *Debtor in Possession*

**Exhibit C**
**Proposed Form of Request for Payment**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No.  8:20-bk-10143-TA |
| BRIDGEMARK CORPORATION, | Chapter 11 |
| Debtor and Debtor-in Possession.[6] | **REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE ARISING BETWEEN OCTOBER 14, 2020 AND APRIL 30, 2021.** |

On behalf of _____ [INSERT NAME OF CREDITOR] ("CREDITOR"), I, _____ [INSERT NAME OF INDIVIDUAL SIGNING THE REQUEST] ("Declarant"), hereby file this Request for Payment of an Administrative Expense (the "Request"). In support of the Request, Declarant states as follows:

1.    On January 14, 2020 (the "Petition Date"), Bridgemark Corporation (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    On or about _____[INSERT DATE OR DATES], CREDITOR provided the following services or goods to the Debtor: _____ [INSERT DESCRIPTION OF GOODS AND/OR SERVICES PROVIDED OR OTHER BASIS FOR ASSERTION OF ADMINISTRATIVE EXPENSE CLAIM].

3.    Copies of all supporting documentation supporting the Request (invoices, contracts, leases, letters, et cetera) (the "Documentation") are attached to this Request as Exhibit A.

4.    As of the date of this Request, the current outstanding amount owed to CREDITOR is $_____ [INSERT TOTAL OWED TO CREDITOR].

5.    CREDITOR contends that $_____[INSERT AMOUNT CREDITOR CONTENDS AROSE FROM October 14, 2020-April 30, 2021] is allowable as an administrative expense of the Chapter 11 Estate pursuant to Bankruptcy Code section 503(b).

6.    WHEREFORE, CREDITOR respectfully requests that the Court allow it an Administrative Expense in the amount of $_____.

Dated: _____, 2021                _____

                                Name: _____

                                Address: _____
                                _____

                                Phone: _____

                                Email: _____

---

[6]    The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA 92780.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
535 Anton Blvd., 9th Floor, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER ESTABLISHING DEADLINE AND PROCEDURES FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES ARISING BETWEEN OCTOBER 14, 2020 AND APRIL 30, 2021; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 05/06/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 05/06/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Hon. Theodora C. Albert**
**US Bankruptcy Court**
**Ronald Reagan Federal Building**
**411 West Fourth Street, Suite 5085/ Courtroom 5B**
**Santa Ana, CA  92701**

**Office of the United States Trustee**
**Nancy Goldenberg**
**411 West Fourth Street, suite 7160**
**Santa Ana, CA 92701**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/06/2021 | Jennifer O'Keefe | /s/Jennifer O'Keefe |
| *Date* | *Printed Name* | *Signature* |

---

POS.doc    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Ira D. Kharasch ikharasch@pszjlaw.com
- Erin Gray egray@pszjlaw.com
- J Scott Bovitz bovitz@bovitz-spitzer.com
- Frank Cadigan frank.cadigan@usdoj.gov
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- James KT Hunter jhunter@pszjlaw.com
- Samuel M Kidder skidder@ktbslaw.com
- Randall P Mroczynski randym@cookseylaw.com
- Matthew J Pero mpero@afrct.com, lhlista@afrct.com;AFRCTECF@afrct.com
- Kenneth D Peters kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- Robert J Pfister rpfister@ktbslaw.com
- Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Robert K Wing rkw@rkwing.com

POS.doc    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE