Ira D. Kharasch (CA Bar No. 109084)
Erin Gray (CA Bar No. 157658)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:   ikharasch@pszjlaw.com
          egray@pszjlaw.com

Co-Counsel for Debtor and Debtor in Possession,
Bridgemark Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BRIDGEMARK CORPORATION,<br><br>    Debtor and Debtor-in Possession.[1] | Case No.  8:20-bk-10143-TA<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ORDER AUTHORIZING THE FIRM TO WITHDRAW AS CO-COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION BRIDGEMARK CORPORATION; DECLARATIONS OF IRA KHARASCH AND JOHN HARRIS IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(p)(4); LBR 2091-1(a)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, OTHER PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE** that on June 3, 2021, Pachulski Stang Ziehl & Jones LLP

("PSZJ") filed its *Motion for Order Authorizing the Firm to Withdraw as Co-Counsel to Debtor and*

*Debtor in Possession Bridgemark Corporation* (the "Motion"). The Motion is brought pursuant to

Local Bankruptcy Rule 2091-1(a) and is supported by the attached Memorandum of Points and

---

[1] The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA 92780.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Authorities and the Declarations of Ira Kharasch (the "Kharasch Declaration") and John Harris (the "Harris Declaration").

**PLEASE TAKE FURTHER NOTICE** that this Motion may be determined by the Court **without a hearing**. *See* LBR 9013-1(p)(4) ("The following motions may be determined without a hearing after notice provided in the corresponding LBR cited. . . . (4) Motion to Withdraw as Counsel [LBR 2091-1(a)].)"

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2091-1(c), PSZJ has given notice of this Motion to "the debtor, the United States trustee, any case trustee, any committee appointed in the case, and counsel for any of the foregoing. " LBR 2091-1(c).

**PLEASE TAKE FURTHER NOTICE** that PSZJ will promptly lodge an order that the Court may use to rule on the motion, as the Court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing.

Dated: June 3, 2021                     PACHULSKI STANG ZIEHL & JONES LLP

                                        By      */s/ Erin Gray*
                                        _____
                                        Erin Gray (CA Bar No. 157658)
                                        Co-counsel to Bridgemark Corporation,
                                        Debtor and Debtor-in-Possession

DOCS_DE:234622.1

# I.

## STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    General Background

On January 14, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Prior to the sale of substantially all of its assets, which closed on April 30, 2021 and the appointment of John Harris as Chief Wind-Down Officer ("CWDO"), the Debtor continued to operate its business and manage its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### C.    The Debtor's Pre-Petition Operations and Conflicts with PDC[2]

The Debtor was a small, privately-held, family-owned oil and gas production company that operated primarily in Orange County, California.  Its primary assets were 100% of the working interests under fourteen oil & gas leases (the "Leases"), two unit agreements (the "Unit Agreements") and two operating agreements (the "Operating Agreements") pursuant to which it operated forty-eight wells in its Richfield Field in Placentia, California and four wells in its Dowling Field in Anaheim, California (the "Wells").  Bridgemark also had a number of working interests and/or royalty interests in the following oil and gas leasehold interests that it did not operate: (i) Chunchula Unit in Mobile Alabama; (ii) the Hualde Dome Unit in the Coyote-East Field in Fullerton, CA; and (iii) through one of its wholly-owned subsidiaries (Bridgemark Texas, LLC), leasehold interests in Nueces County, Texas.

On December 31, 2019, the Superior Court for the State of California, County of Orange entered a judgment in the amount of $42,517,202.59 (the "PDC Judgment") against the Debtor and in favor of Placentia Development Company, LLC ("PDC") in *PDC v. Bridgemark* (Case No. 30-

---

[2] The background facts in this section are set forth in the *Declaration of Robert J. Hall In Support of Chapter 11 Petition and First Day Motions* [Doc. No. 8].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2016-00888920-CU-CO-CJC) (the "PDC Litigation").[3] Shortly thereafter, in an effort to collect the judgment, PDC recorded a judgment lien, sued a number of the Debtor's customers (the "Customer Lawsuits"), and filed suit against the Debtor's president,  Robert Hall ("Hall"), Mark Hall, Gregson Hall, Chad Hall, the Debtor's two wholly owned subsidiaries and numerous affiliated entities (*PDC v. Robert James Hall, et al.* (Case No. 30-2020-01122328-CU-EN-CJC) (the "Hall Lawsuit")).

**D.    The Debtor's Post-Petition Operations and Conflicts with PDC**

The Debtor filed this chapter 11 case on January 14, 2020. Post-petition, the litigation between the parties continued. On January 31, 2020, the Debtor filed its *Complaint for Avoidance and Recovery of Preferential Transfer*, Case No. 8:20-AP-01011-TA, pursuant to which it sought to avoid PDC's alleged judgment liens as a preferential transfer pursuant to 11 U.S.C. §§ 547 and 551 and Bankruptcy Rule 7001 (the "Preference Action"). On or about February 5, 2020, PDC filed its *Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* and *its Motion for Full Relief from the Automatic Stay Under 11 U.S.C. § 362* (collectively, the "PDC Motions").  Pursuant to the PDC Motions, PDC sought a dismissal of the Debtor's chapter 11 case, or alternatively, the appointment of a chapter 11 trustee or the conversion of the case to one under chapter 7 of the Bankruptcy Code.  At the initial hearing on the PDC Motions on February 26, 2020, the Bankruptcy Court indicated that unless the Debtor filed a confirmable plan of reorganization by April 29, 2020, it was inclined to dismiss the bankruptcy case or grant relief from the automatic stay.

Between the initial hearing on the PDC Motions (February 26, 2020) and the continued hearing date (April 29, 2020), COVID-19 became a pandemic, which dramatically impacted the U.S. oil industry, and, in particular, the California oil industry, making it impossible for the Debtor to file

---

[3] Post-petition, the Debtor obtained relief from stay to prosecute certain post-judgment motions and appeal from the PDC Judgment. The Debtor filed its Notice of Appeal on May 26, 2020, and the appeal is pending before the Fourth District Court of Appeal as Case No. G059088 (the "PDC Appeal").  On May 26, 2020, the Superior Court entered an order granting a new trial to the Debtor on damages unless PDC agreed to 2 things: (1) to deed a certain parcel of property to the Debtor (the "PDC Parcel") and (2) agree to a reduction in the punitive damages to $5.5 million. PDC elected to agree (although it has not as yet transferred title to the PDC Parcel to the Debtor) and the PDC Judgment was reduced to $38,017,202.59 (the "Modified PDC Judgment"). The Debtor appealed from the Modified PDC Judgment by filing a second Notice of Appeal on July 16, 2020.  At the request of the parties, the PDC Appeal has been stayed and will be dismissed when certain conditions are met under the Settlement Agreement.

DOCS_DE:234622.1

a confirmable plan of reorganization prior to the continued hearing date on the PDC Motions set for April 29, 2020.

**E.    Settlement Term Sheet with PDC**

On or about April 15, 2020, the parties reached a settlement (the "Settlement") of all issues among them, and executed a settlement term sheet (as amended, the "Term Sheet"). The Term Sheet contemplated that PDC would conduct due diligence and determine if it wanted to acquire the Enterprise Value of all of the Debtor's assets in a Transaction, the structure of which PDC will ultimately determine. Pending the consummation of the Settlement, the PDC Motions, the Hall Litigation and the Preference Action were stayed by the agreement of the parties.

On May 22, 2020, the parties entered into a *Stipulation Regarding Binding Effect of Term Shee*t [Docket No. 216], which was approved by an order entered on that same date [Docket No. 217]. On June 26, 2020, the Court entered an order approving the Term Sheet [Docket No. 240]. Finally, on August 10, 2020, the parties executed a letter agreement that amended the Term Sheet to, among other things, extend the period for PDC to provide Definitive Documentation related to a Transaction to February 9, 2021.

**F.    Court Approval of the Sale Transaction**

On March 10, 2021, the Debtor filed its *Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 365 and Fed. R. Bankr. P. 9019 for Entry of Order (I) Approving Settlement Agreement Between the Debtor, Robert J. Hall, and Placentia Development Company and Related Agreements, (II) Approving Sale of Substantially All Assets of the Debtor Free and Clear of Liens, (III) Approving Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Modifying Order Authorizing Employment of Numeric Solutions LLC, and (V) Granting Related Relief* [Doc. No. 392] (the "Sale Motion").[4] The Court approved the Sale Motion by order entered on April 28, 2021 [Doc. No. 442] (the "Sale Order").

Pursuant to the Sale Order, the court approved a settlement agreement between the Debtor,

---

[4] The Debtor also filed the following declarations in support of the Settlement Motion: (i) *Declaration of Robert J. Hall* ("Hall Declaration"), (ii) *Declaration of Seth Ring* ("Ring Declaration"), *Declaration of Clifton O. Simonson* ("Simonson Declaration"), and (iii) *Declaration of John Harris* ("Harris Declaration").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

its president and primary equity holder Robert Hall, certain "Hall Related Entities" and PDC (the "Settlement Agreement"), an Asset Purchase Agreement (the "APA") with California Natural Resources Group Orange County, LLC, Realm California, LLC, and Alatex, LLC (collectively, "Buyer"), and certain ancillary documents related to the transaction (collectively, the "Agreements"). The transactions contemplated by the Agreements resulted in essentially all of Bridgemark's non-cash assets that were ***not*** located on certain property belonging to PDC (the "PDC Parcel") being transferred to Buyer free and clear of PDC's liens. Buyer also assumed certain liabilities of Bridgemark (the "Sale Transaction").  Among other things, the Settlement Agreement provided for (a) mutual releases and a dismissal with prejudice of the litigation between the parties upon the Closing Date; (b) the appointment of Mr. Harris as CWDO and sole representative of the Debtor as of the Closing Date and (c) the resignation of all current board members and officers.  The transaction closed on April 30, 2021 [Doc. No. 450]. The Preference Action was dismissed with prejudice on May 5, 2021 [Adv. Doc. No. 41].

Following the Closing Date, the Debtor was left with only minimal non-cash assets – primarily the wells it operates on the PDC Parcel (the "PDC Parcel Wells"). Pursuant to the Settlement Agreement, the Debtor has stopped stop pumping from those wells, and under the direction and control of Mr. Harris, the Debtor will pursue confirmation of a chapter 11 plan of liquidation (the "Plan") that will propose to leave all allowed claims unimpaired and pay all allowed non-PDC claims in full and in cash on the Plan effective date. The primary purpose of the Plan will be the creation of a liquidation trust tasked with plugging and abandoning the PDC Parcel Wells.

## G.    Employment of PSZJ

On February 10, 2020, the Debtor filed its application to employ PSZJ as its general bankruptcy counsel (the "PSZJ Application") [Doc. No. 72], and on March 3, 2020, the Court entered its order approving the PSZJ Application [Doc. No. 105] authorizing the Debtor to employ PSZJ as its general bankruptcy counsel effective as of the Petition Date. At the time of its employment, Mr. Lobel was a partner with PSZJ and was the originating attorney for the engagement. On or about January 1, 2021, Mr. Lobel left PSZJ and has since associated with

Theodora Oringher PC ("Theodora Oringher"). Given the fact that the settlement with PDC was not yet finalized, documented, approved or closed at the time of Mr. Lobel's departure, PSZJ remained as counsel to the Debtor, and Mr. Lobel filed an application on behalf of Theodora Oringher to be retained as co-counsel. *See* Application of Debtor and Debtor in Possession to Employ Theodora Oringher PC as Co-Counsel [Docket No. 389] (the "Theodora Oringher Application"). The Court entered an order approving the Theodora Oringher Application on March 26, 2021 [Docket No. 409], effective as of January 1, 2021. Bill Lobel of Theodora Oringher and PSZJ worked together throughout the settlement process, but now that the sale has closed and the settlement has been consummated, Mr. Harris, PSZJ and Theodora Oringher have agreed that the Debtor no longer needs the services of both firms. Accordingly, PSZJ has agreed to withdraw, and Theodora Oringher will continue the engagement as general bankruptcy counsel to the Debtor.

## II.

## ARGUMENT

Local Bankruptcy Rule 2091-1(a) allows an attorney who has appeared on behalf of an entity to withdraw as counsel with leave of the Court.[5] Rule 1.16(b)(6) of the California Rules of Professional Conduct permits an attorney to withdraw from representing a client if the client "knowingly and freely assents to termination of the representation." Cal. Rules of Prof'l Conduct Rule 1.16(b)(6) (2021).  Here, the Debtor has knowingly and freely consented to the termination of PSZJ's employment. *See* Harris Declaration.

Rule 1.16(d) further provides, "A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with

---

[5] Local Bankruptcy Rule 2091-1(a) provides, "[A] motion filed under LBR 9013-1(p) is required for: (1) Withdrawal without Substitution. An attorney who has appeared on behalf of an entity or individual in any matter concerning the administration of the case, in one or more proceedings to withdraw as counsel." LBR 2091-1(a)(1). Similarly, Rule 1.16(c) of the California Rules of Professional Conduct provides, "If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission." Cal. Rules of Prof'l Conduct Rule 1.16(c).

DOCS_DE:234622.1

paragraph (e).". Cal. Rules of Prof'l Conduct Rule 1.16(d).[6]

There is no prejudice to the Debtor from PSZJ's withdrawal. The client has consented to it, and has alternative counsel already in place. Mr. Lobel has been integral to the representation of the Debtor since the Petition Date, and his new firm is already employed as co-counsel. PSZJ's withdrawal should not cause any delay, much less any "unreasonable delay" in the prosecution of this case or in proceeding to completion.[7]  Finally, PSZJ will comply with California Rule of Professional Conduct 1.16(e), which provides:

> Upon the termination of a representation for any reason:
>
> (1) subject to any applicable protective order, non-disclosure agreement, statute or regulation, the lawyer promptly shall release to the client, at the request of the client, all client materials and property. "Client materials and property" includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and
>
> (2) the lawyer promptly shall refund any part of a fee or expense paid in advance that the lawyer has not earned or incurred. This provision is not applicable to a true retainer fee paid solely for the purpose of ensuring the availability of the lawyer for the matter.

Cal. Rules of Prof'l Conduct R. 1.16(e) (2021). The client has not requested return of its materials and property, but PSZJ will do so upon request. PSZJ is not holding any part of any fee or expense paid in advance that has not been earned or incurred.

### III.

### <u>CONCLUSION</u>

For these reasons, PSZJ respectfully requests leave of the Court to withdraw as counsel for

---

[6] Pursuant to Local Bankruptcy Rule 2091-1(d), "An attorney moving for leave to withdraw from representation of a corporation . . . . concurrently or prior to filing any such motion, must give notice to the client of the consequences of its inability to appear without counsel, including the possibility that a default judgment may be entered against it in pending proceedings; or, if the client is a chapter 11 debtor, that the case may be converted to chapter 7, a trustee may be appointed, or the case may be dismissed." LBR-2091-1(d).

[7] Local Bankruptcy Rule 2091-1(e) provides, "(1) A withdrawal or substitution of counsel will not result in a continuance of any matter, absent an order granting a motion for continuance after notice and a hearing pursuant to LBR 9013-1(m). (2) Unless good cause is shown and the ends of justice require, no substitution or withdrawal will be allowed that will cause unreasonable delay in prosecution of the case or proceeding to completion." LBR 2091-1(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Debtor.

2

3      Dated: June 3, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

4

5                                        By    */s/ Erin Gray*

6                                              Erin Gray (CA Bar No. 157658)

7                                              *Co-Counsel to Bridgemark Corporation,*
                                               *Debtor and Debtor in Possession*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF IRA KHARASCH

I, Ira Kharasch, declare:

1.      I am an attorney, duly licensed and entitled to practice in the State of California and before the above-mentioned court.  I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP, co-counsel to Bridgemark Corporation, the debtor and debtor in possession in this case (the "Debtor").

2.      I offer this declaration in support of the *Motion of Pachulski Stang Ziehl & Jones LLP for an Order Authorizing It to Withdraw as Counsel for Debtor and Debtor in Possession Bridgemark Corporation* (the "Motion").

3.      I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto.

4.      On February 10, 2020, the Debtor filed its application to employ PSZJ as its general bankruptcy counsel (the "PSZJ Application") [Doc. No. 72], and on March 3, 2020, the Court entered its order approving the PSZJ Application [Doc. No. 105] authorizing the Debtor to employ PSZJ as its general bankruptcy counsel effective as of the Petition Date.

5.      At the time of PSZJ's employment, Mr. Lobel was a partner with PSZJ and was the originating attorney for the engagement.

6.      On or about January 1, 2021, Mr. Lobel left PSZJ and has since associated with Theodora Oringher PC ("Theodora Oringher").

7.      Given the fact that the settlement with PDC was not yet finalized, documented, approved or closed at the time of Mr. Lobel's departure, PSZJ remained as counsel to the Debtor, and Mr. Lobel filed an application on behalf of Theodora Oringher to be retained as co-counsel. *See* Application of Debtor and Debtor in Possession to Employ Theodora Oringher PC as Co-Counsel [Docket No. 389] (the "Theodora Oringher Application"). The Court entered an order approving the Theodora Oringher Application on March 26, 2021 [Docket No. 409], effective as of January 1, 2021.

8.      Bill Lobel of Theodora Oringher and PSZJ worked together throughout the settlement

process, but now that the sale has closed and the settlement has been consummated, Mr. Harris, PSZJ and Theodora Oringher have agreed that the Debtor no longer needs the services of both firms. Accordingly, PSZJ has agreed to withdraw, and Theodora Oringher will continue the engagement as general bankruptcy counsel to the Debtor.

9.      There is no prejudice to the Debtor from PSZJ's withdrawal. The client has consented to it, and has alternative counsel already in place. Mr. Lobel has been integral to the representation of the Debtor since the Petition Date, and his new firm is already employed as co-counsel. PSZJ's withdrawal should not cause any delay, much less any "unreasonable delay" in the prosecution of this case or in proceeding to completion.

10.     The client has not requested return of its materials and property, but PSZJ will do so upon request.

11.     PSZJ is not holding any part of any fee or expense paid in advance that has not been earned or incurred.

To the best of my knowledge, I declare under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this 2nd day of June 2021, at Los Angeles, California.

Ira Kharasch

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

DOCS_DE:234622.1

1

## DECLARATION OF JOHN HARRIS

2      I, John Harris, declare:

3      1.      I am the President of Numeric Solutions LLC and the Chief Wind Down Officer of

4   Bridgemark Corporation, the debtor and debtor in possession in this case (the "Debtor").

5      2.      I offer this declaration in support of the *Motion of Pachulski Stang Ziehl & Jones LLP*

6   *for an Order Authorizing It to Withdraw as Counsel for Debtor and Debtor in Possession*

7   *Bridgemark Corporation* (the "Motion").

8      3.      I have personal knowledge of the facts in this declaration and, if called as a witness, I

9   could and would testify competently thereto.

10     4.      The Debtor consents to the termination of PSZJ's representation and its withdrawal

11  from representing the Debtor in this chapter 11 bankruptcy case and any related adversary actions,

12  including the Preference Action.

13     To the best of my knowledge, I declare under penalty of perjury under the laws of the State

14  of California, that the foregoing is true and correct.

15     Executed this 1st day of June 2021, at Ventura, California.

16

17     John Harris

18

19

20

21

22

23

24

25

26

27

28

DOCS_DE:234622.1

PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the document entitled:

**NOTICE OF MOTION AND MOTION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ORDER
AUTHORIZING THE FIRM TO WITHDRAW AS CO-COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION
BRIDGEMARK CORPORATION; DECLARATIONS OF IRA KHARASCH AND JOHN HARRIS IN SUPPORT
THEREOF**

was served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders
and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __6/3/2021__, I
checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on
the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*), __6/3/2021__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge __will be
completed__ no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __6/3/2021__, I served the following persons
and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by
facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or
overnight mail to, the judge __will be completed__ no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/3/2021 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:327517.1 10804/002

**F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Erin E Gray**    egray@pszjlaw.com
- **James KT Hunter**    jhunter@pszjlaw.com
- **Samuel M Kidder**    skidder@ktbslaw.com
- **William N Lobel**    wlobel@tocounsel.com, jokeefe@tocounsel.com;sschuster@tocounsel.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Matthew J Pero**    mpero@afrct.com, lhlista@afrct.com;AFRCTECF@afrct.com
- **Kenneth D Peters**    kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- **Robert J Pfister**    rpfister@ktbslaw.com
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Robert K Wing**    rkw@rkwing.com


2.    **TO BE SERVED BY UNITED STATES MAIL**:

Bridgemark Corporation
Attn. Robert J. Hall
17671 Irvine Blvd., Suite 217
Tustin, CA  92780

Office of the U.S. Trustee – SA
Nancy Goldenberg, Attorney
Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701


3.    **TO BE SERVED BY EMAIL:**

Robert Hall - bobjhall@gmail.com

Nancy Goldenberg - nancy.goldenberg@usdoj.gov

---

*June 2012*

DOCS_LA:327517.1 10804/002

**F 9013-3.1.PROOF.SERVICE**