# EXHIBIT A

William N. Lobel, Esq. (State Bar No. 93202)
wlobel@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626
Telephone:    (714) 549-6200
Facsimile:     (714) 549-6201

Counsel for Bridgemark Corporation

Robert J. Pfister, Esq. (State Bar No. 241370)
rpfister@ktbslaw.com
KTBS LAW LLP
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Telephone:    (310) 407-4065
Facsimile:     (310) 407-9090

Counsel for Placentia Development Company, LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:20-bk-10143-TA |
| BRIDGEMARK CORPORATION, | Chapter 11 |
| Debtor and Debtor in Possession.[1] | **JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY BRIDGEMARK CORPORATION AND PLACENTIA DEVELOPMENT COMPANY, LLC, DATED AS OF JUNE 30, 2021** |

---

[1]  The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA 92780.

### INTRODUCTION AND OVERVIEW[2]

The Debtor and PDC hereby propose this Plan, which provides for, among other things, the distribution of the remaining assets of the Debtor's estate and the winding-up the Debtor's affairs and the Chapter 11 Case.

The Plan is consistent with and effectuates the terms of the Bankruptcy Court-approved Settlement Agreement between the Debtor and its largest creditor, PDC. Pursuant to the Settlement Agreement, the Debtor, PDC, and Hall exchanged mutual releases. The Debtor agreed to file a liquidating chapter 11 plan that would provide for, *inter alia*, payment in full of all Allowed Claims and the creation of a Liquidation Trust to complete the plugging and abandonment of certain oil wells.

Moreover, as part of a series of interrelated transactions in connection with the Settlement Agreement, the Debtor agreed to sell substantially all of its assets and assign all of its oil leases to Buyer pursuant to the Asset Purchase Agreement. The Bankruptcy Court-approved sale of such assets and assignment of such contracts closed on April 30, 2021.

Under the Plan and in accordance with the Settlement Agreement, the Plan provides for payment in full in Cash of all Allowed Claims or such other treatment as is agreed to by the Debtor or the Liquidation Trust, on the one hand, and the applicable Claimant, on the other hand. All Interests in the Debtor will be canceled, and any associated management rights held by Holders of Interests will be void and of no force and effect as of the Effective Date.

The Plan further provides for the creation of the Liquidation Trust and the appointment of the Liquidation Trustee. The initial Liquidation Trustee will be John Harris, the current Chief Wind-Down Officer of the Debtor. The Liquidation Trust Agreement, a form of which is attached hereto as Exhibit A, establishes and delineates the terms and conditions of the Liquidation Trust, including the rights and duties of the Liquidation Trustee. Among other rights and duties, the Liquidation Trustee will be responsible for completing the P&A Work.

---

[2]   Capitalized terms used in this Introduction share the meanings ascribed to those terms in Article I below.

1    All Classes of Claims and Interests are Unimpaired under the Plan.  Accordingly, the

2  Debtor is not required to and will not distribute a disclosure statement or solicit acceptances or

3  rejections with respect to the Plan.

4    Concurrent with the filing of this Plan, the Plan Proponents filed the Confirmation Motion.

5  Holders of Claims are encouraged to read the Confirmation Motion and the accompanying notice

6  of hearing regarding the procedure for filing objections to the Plan.  A hearing to consider

7  Confirmation of the Plan will be held on July 28, 2021, at 10:00 a.m.  Instructions for participating

8  in the Confirmation Hearing are set forth in the Notice of Confirmation Motion.

9    **ALL HOLDERS OF CLAIMS ARE ENCOURAGED TO READ CAREFULLY THE**

10  **PLAN IN ITS ENTIRETY IN ORDER TO DETERMINE WHETHER TO OBJECT TO**

11  **CONFIRMATION THEREOF.**

12  <u>**ARTICLE I**</u>

13  **DEFINED TERMS AND RULES OF INTERPRETATION**

14    For purposes of "this Plan" or "the Plan" as used herein:

15    (a)    whenever from the context it is appropriate, each term, whether stated in the

16  singular or the plural, shall include both the singular and the plural, and pronouns stated in the

17  masculine, feminine or neuter gender shall include the masculine, feminine and neuter gender;

18    (b)    any reference in the Plan to a contract, instrument, release, indenture, or

19  other agreement or document being in a particular form or on particular terms and conditions

20  means that such document shall be substantially in such form or substantially on such terms and

21  conditions;

22    (c)    any reference in the Plan to an existing document or exhibit Filed, or to be

23  Filed, shall mean such document or exhibit, as it may have been or may be amended, modified or

24  supplemented;

25    (d)    unless otherwise specified, all references in the Plan to sections and exhibits

26  are references to sections and exhibits of or to the Plan;

27

28

1  (e)    the words  "herein," "hereof," "hereto," "hereunder," "herewith," and other

2  words of similar import refer to the Plan in its entirety rather than to a particular portion of the

3  Plan;

4  (f)    the rules of construction set forth in section 102 of the Bankruptcy Code

5  shall apply;

6  (g)    any term used in capitalized form in the Plan that is not defined in the Plan,

7  but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning set forth

8  in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and

9  (h)    the definition given to any term or provision in the Plan supersedes and

10  controls any different meaning that may be given to that term or provision in the Liquidation Trust

11  Agreement or any other document other than the Confirmation Order.

12  In computing any period of time prescribed or allowed by the Plan, the provisions of

13  Bankruptcy Rule 9006(a) shall apply.

14  The following capitalized terms used in the Plan shall have following meanings:

15  **1.1**    **Administrative Expense:**  An unpaid administrative expense of the kind described

16  in sections 365, 503(b) and 507(a)(2) of the Bankruptcy Code against the Debtor, including,

17  without limitation, (a) the actual, necessary costs and expenses of preserving the Estate of the

18  Debtor, including wages, salaries, or commissions for services rendered after the commencement

19  of the Chapter 11 Case, (b) compensation and reimbursement of expenses of professionals,

20  including, for the avoidance of doubt, the Chief Wind-Down Officer, to the extent allowable under

21  sections 327, 328, 330(a), 331, 503(b) and/or 1103 of the Bankruptcy Code and Allowed or

22  otherwise payable pursuant to orders of the Bankruptcy Court, and (c) all fees and charges

23  assessed against the Estate under 28 U.S.C. § 1930, including U.S. Trustee Fees.

24  **1.2**    **Allowed, Allowed Claim, Allowed [    ] Claim, or Allowed Administrative**

25  **Expense:**  With respect to any Claim or Interest, except as otherwise provided herein: (a) a Claim

26  that has been scheduled by the Debtor in its Schedules as other than disputed, contingent or

27  unliquidated which has not been superseded by a filed proof of claim and which scheduled Claim

28  has not been amended; (b) a Claim that has been allowed by a Final Order; (c) a Claim that is

1    allowed by the Liquidation Trust on or after the Effective Date and, to the extent necessary,

2    approved by the Bankruptcy Court by Final Order; (d) a Claim that has been timely filed by the

3    applicable Bar Date for which no objection has been filed by the Objection Deadline; or (e) a

4    Claim that is allowed pursuant to the terms of this Plan.  For the avoidance of doubt, any Claim

5    that has been or is hereafter listed in the Schedules as contingent, unliquidated or disputed and for

6    which no Proof of Claim has been Filed shall not be considered Allowed under this Plan.

7         **1.3**    __Appeal__:  The pending appeal of the PDC Judgment.

8         **1.4**    __Approval Order__:  The *Order (I) Approving Settlement Agreement Between the*

9    *Debtor, Robert J. Hall, and Placentia Development Company and Related Agreements,*

10   *(II) Approving Sale of Substantially All Assets of the Debtor Free and Clear of Liens,*

11   *(III) Approving Assumption and/or Assignment of Certain Executory Contracts and Unexpired*

12   *Leases, (IV) Modifying Order Authorizing Employment of Numeric Solutions LLC, and*

13   *(V) Granting Related Relief* (Docket No. 442).

14        **1.5**    __Asset Purchase Agreement__:  That certain Asset Purchase Agreement by and

15   among Bridgemark Corporation, Gregson Energy Group, LLC, and Bridgemark Texas LLC,

16   collectively, as Seller, and California Natural Resources Group Orange County, LLC, Realm

17   California, LLC, and Alatex E&P LLC, collectively, as Buyer, dated as of March 10, 2021.

18        **1.6**    __Avoidance Actions__:  Any and all causes of action, claims, remedies, or rights that

19   may be brought by or on behalf of the Debtor or the Estate under Bankruptcy Code sections 542,

20   544, 547, 548, 549, 550, 551, or 553, or under related state or federal statutes, or pursuant to any

21   theory or cause of action under common law, regardless whether such action has been commenced

22   prior to the Effective Date.

23        **1.7**    __Bankruptcy Code__:  Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as

24   may be amended so as to be applicable to the Chapter 11 Case).

25        **1.8**    __Bankruptcy Court__:  The United States Bankruptcy Court for the Central District

26   of California, or in the event such court ceases to exercise jurisdiction over the Chapter 11 Case,

27   such court or adjunct thereof that exercises jurisdiction over the Chapter 11 Case in lieu of the

28   United States Bankruptcy Court for the Central District of California.

  **1.9** **Bankruptcy Rules:**  The Federal Rules of Bankruptcy Procedure promulgated pursuant to 28 U.S.C. § 2075, as now in effect or hereinafter amended, together with the Local Rules of the Bankruptcy Court.

  **1.10** **Bar Date:**  The applicable deadlines in the Chapter 11 Case for filing any and all Claims (including Administrative Expenses).

  **1.11** **Bar Date Order:**  The orders of the Bankruptcy Court setting the Bar Date, including the (i) *Order (A) Establishing the Procedures and Deadlines for Filing Proofs of Claim and Interests; and (B) Approving Form and Manner of Notice of Bar Dates; and (C) Granting Related Relief* [Docket No. 312]; and (ii) *Order Granting Motion for Entry of an Order Establishing Deadline for Filing Administrative Expense Claims Arising Between October 14, 2020 and April 30, 2021* [Docket No. 453].

  **1.12** **Business Day:**  Any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

  **1.13** **Buyer:**  Collectively, California Natural Resources Group, LLC, Realm California, LLC, and Alatex E&P LLC, as buyers under the Asset Purchase Agreement.

  **1.14** **Cash:**  Currency of the United States of America and cash equivalents, including, but not limited to, bank deposits, immediately available or cleared checks, drafts, wire transfers and other similar forms of payment.

  **1.15** **Causes of Action:**  Any and all claims, rights, actions, causes of action, liabilities, obligations, suits, debts, remedies, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, rights of setoff, third-party claims, subordination claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and cross claims, damages, or judgments whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, foreseen or unforeseen, asserted or unasserted, existing or hereafter arising, in law, at equity, by statute, whether for tort, fraud, contract, or otherwise.

1    **1.16    Chapter 11 Case:**  The Debtor's case under chapter 11 of the Bankruptcy Code,

2  pending in the Bankruptcy Court as Case No. 8:20-10143-TA.

3    **1.17    Chief Wind-Down Officer:**  The Debtor's Chief Wind-Down Officer, John Harris.

4    **1.18    Claim:**  Any claim against the Debtor or any property of the Debtor within the

5  meaning of section 101(5) of the Bankruptcy Code including, without limitation, claims of the

6  kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code.

7    **1.19    Class:**  Each category of Claims or Interests classified in Article III of the Plan

8  pursuant to section 1122 of the Bankruptcy Code.

9    **1.20    Confirmation:**  The approval by the Bankruptcy Court of this Plan in accordance

10  with the provisions of chapter 11 of the Bankruptcy Code, as effectuated by the Confirmation

11  Order.

12    **1.21    Confirmation Hearing:**  The hearing(s) on Confirmation of the Plan, to be held on

13  the date or dates established by the Bankruptcy Court pursuant to section 1129 of the Bankruptcy

14  Code, as it may be adjourned or continued from time to time.

15    **1.22    Confirmation Order:**  The order entered by the Bankruptcy Court confirming the

16  Plan.

17    **1.23    Consummation:**  Substantial consummation of the Plan as that term is used in

18  section 1127(b) of the Bankruptcy Code.

19    **1.24    Corporate Action:**  Any action, approval, authorization, decision, or other act of

20  any kind that would be necessary on the part of any Person for any corporation, limited liability

21  company, or other Person to in turn act.

22    **1.25    Creditor:**  Any Person who is the Holder of a Claim.

23    **1.26    Cure Amount:**  The payment of Cash or the distribution of other property (as the

24  parties may agree or the Bankruptcy Court may order) as necessary to (a) cure a monetary default,

25  as required by section 365(b) of the Bankruptcy Code, by the Debtor in accordance with the terms

26  of an executory contract or unexpired lease of the Debtor, and (b) permit the Debtor to assume or

27  assume and assign such executory contract or unexpired lease under sections 365(b) and (f) of the

28  Bankruptcy Code.

**1.27**  **Customer DIP Account Funds**:  The Cash transferred by the Debtor to PDC from the Customer DIP Account (as defined in the Settlement Agreement) pursuant to Section 3(c)(iv) of the Settlement Agreement.

**1.28**  **Debtor Retained Professionals:** The Debtor's attorneys and other professionals (solely in their respective capacity as attorneys or other professionals of the Debtor).

**1.29**  **Debtor:**  Bridgemark Corporation, the debtor in the Chapter 11 Case.

**1.30**  **Disputed:**  With respect to any Claim or Interest, any Claim or Interest that is: (a) disputed under the Plan, or subject to a timely objection and/or request for estimation in accordance with section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, which objection and/or request for estimation has not been withdrawn or determined by a Final Order; (b) a Claim, on account of which a proof of Claim was filed or which has been otherwise asserted and in respect of which Claim the Objection Deadline has not expired, (i) for which a corresponding Claim has not been listed in the Debtor's Schedules or for which the corresponding Claim is listed in the Debtor's Schedules with a lower amount, with a differing classification, or as disputed, contingent, or unliquidated, (ii) which has not been allowed either by a Final Order, by the Plan, or under a stipulation or settlement with the Debtor or the Liquidation Trust, and (iii) which Claim the Liquidation Trustee has not determined will not be subject to an objection or request for estimation; (c) contingent or unliquidated; (d) improperly asserted, by the untimely or otherwise improper filing of proof of such Claim as required by order of the Bankruptcy Court; or (e) any other Claim that is not Allowed.  A Claim that is Disputed as to its amount shall not be Allowed in any amount for purposes of distribution until it is no longer Disputed.

**1.31**  **Distribution:**  The transfer of Cash or other property by the Liquidation Trustee to the Holders of Allowed Claims.

**1.32**  **Effective Date:**  The first Business Day immediately following the first day upon which all of the conditions to the occurrence of the Effective Date have been satisfied or waived in accordance with the Plan.

**1.33**  **Equity Security:**  Any equity security as defined in section 101(16) of the Bankruptcy Code in a Debtor.

**1.34** **Estate:** The estate created pursuant to section 541(a) of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

**1.35** **Exculpated Parties:** Each in their capacities as such, (a) the Debtor, (b) the present directors of the Debtor, (c) the Debtor Retained Professionals (including, for the avoidance of doubt, the Chief Wind-Down Officer), and (d) PDC and its professionals and representatives in the Chapter 11 Case.

**1.36** **File or Filed:** Filed of record and entered on the docket in the Chapter 11 Case.

**1.37** **Final Decree:** An order entered pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 closing the Chapter 11 Case.

**1.38** **Final Order:** A judgment, order, ruling or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal which judgment, order, ruling or other decree has not been reversed, stayed, revoked, modified, supplemented or amended and as to which (a) the time to appeal or petition for review, rehearing or certiorari has expired and as to which no appeal or petition for review, rehearing or certiorari is pending, or (b) any appeal or petition for review, rehearing or certiorari has been finally decided and no further appeal or petition for review, rehearing or certiorari can be taken or granted. For the avoidance of doubt, no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Bankruptcy Code section 502(j), Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rules 9023 or 9024 may be or has been filed with respect to such order.

**1.39** **General Unsecured Claim:** A Claim, other than (a) an Administrative Expense, (b) a Priority Tax Claim, (c) a Priority Non-Tax Claim, (d) the PDC Claim, and (e) a Secured Claim. For the avoidance of doubt, (i) any deficiency Claim of PDC shall not constitute a General Unsecured Claim; and (ii) any General Unsecured Claims that were transferred or assigned to PDC in the Chapter 11 Case shall be General Unsecured Claims notwithstanding such transfer or assignment to PDC.

**1.40** **Governmental Unit:** This term shall have the meaning set forth in section 101(27) of the Bankruptcy Code.

**1.41** **Hall**: Robert J. Hall.

**1.42**   <u>Holder</u>:  The beneficial owner of record of any Claim or Interest.

**1.43**   <u>Impaired:</u>  This term shall have the meaning set forth in section 1124 of the Bankruptcy Code.

**1.44**   <u>Interest:</u> (a) Any Equity Security, including all shares or similar securities, whether or not transferable or denominated "stock" and whether issued, unissued, authorized or outstanding; (b) any warrant, option, or contractual right to purchase, sell, subscribe or acquire such Equity Securities at any time and all rights arising with respect thereto; and (c) any similar interest in the Debtor.

**1.45**   <u>IRS:</u> The Internal Revenue Service.

**1.46**   <u>Legal Rate</u>:  The interest rate of 1.54% as provided under 28 U.S.C. § 1961(a), calculated as of the Petition Date.

**1.47**   <u>Lien</u>:  Any charge against or interest in property to secure payment or performance of a Claim, debt, or obligation.

**1.48**   <u>Liquidation Trust</u>:  The liquidation trust established on the Effective Date in accordance with the terms of the Plan and the Liquidation Trust Agreement.

**1.49**   <u>Liquidation Trust Actions</u>:  Collectively, all Avoidance Actions and Causes of Action held by the Debtor or the Estate.

**1.50**   <u>Liquidation Trust Agreement</u>:  The agreement substantially in the form attached as Exhibit A hereto and reasonably acceptable to PDC establishing and delineating the terms and conditions of the Liquidation Trust, including the rights and duties of the Liquidation Trustee.

**1.51**   <u>Liquidation Trust Assets</u>:  Collectively, (a) any and all right, title, and interest of the Debtor and the Estate in and to property of whatever type or nature, including its books and records and all Avoidance Actions and Causes of Action, as of the Effective Date, and (b) any assets contributed to or recovered by the Liquidation Trust on or after the Effective Date.

**1.52**   <u>Liquidation Trust Beneficiary</u>:  PDC, in its capacity as the sole beneficiary of the Liquidation Trust.

**1.53**   <u>Liquidation Trust Expenses</u>:  Any and all reasonable fees, costs, and expenses incurred by the Liquidation Trustee not inconsistent with the Plan or the Liquidation Trust

1   Agreement, including the maintenance or disposition of the Liquidation Trust Assets (including

2   Liquidation Trustee fees, indemnity reserves, attorneys' fees, the fees of professionals, and other

3   Persons retained by the Liquidation Trustee, personnel-related expenses, and any taxes imposed on

4   the Liquidation Trust or in respect of the Liquidation Trust Assets), and any other expenses

5   incurred or otherwise payable in accordance with the Liquidation Trust Agreement.

6       **1.54**   **Liquidation Trust Indemnified Parties**:  The Liquidation Trustee and the

7   Liquidation Trustee's Related Parties, each in their respective capacity as such.

8       **1.55**   **Liquidation Trustee:**  John Harris, or any successor duly selected in accordance

9   with the Liquidation Trust Agreement.

10       **1.56**   **Motion to Confirm Plan**:  The motion requesting Confirmation of the Plan, to be

11   Filed by the Debtor substantially concurrently with the Filing of this Plan.

12       **1.57**   **Objection Deadline:**  The deadline to object to Claims and/or Interests specified in

13   Section 8.2 of the Plan, as may be extended pursuant thereto.

14       **1.58**   **Miscellaneous Secured Claim**: Any Secured Claim other than the PDC Claim.

15       **1.59**   **P&A Work**:  The "P&A Work" as defined in Section 5.3.6 hereof.

16       **1.60**   **PDC**: Placentia Development Company, LLC.

17       **1.61**   **PDC Claim**:  The Claim Filed by PDC on account of the PDC Judgment, which

18   bears Proof of Claim No. 30-1 on the claims register in the Chapter 11 Case.

19       **1.62**   **PDC Judgment**:  The judgment, as amended, entered in favor of PDC and against

20   the Debtor by the Superior Court of the State of California in and for the County of Orange in the

21   action styled *Placentia Development Company, LLC v. Bridgemark Corporation*, Case No. 30-

22   2016-00888920-CU-CO-CJC, in the principal amount of $38,017,202.59.

23       **1.63**   **PDC Parcel**:  The surface estate owned by PDC in that certain real property in the

24   City of Placentia, County of Orange, California, commonly referred to as Tract 15700, Orange

25   County, California Assessor's Parcel Nos. 341-501-01 through 341-501-65.

26       **1.64**   **Person:**  Any person or organization created or recognized by law, including any

27   association, company, cooperative, corporation, entity, estate, fund, individual, joint stock

28   company, joint venture, limited liability company, partnership, trust, trustee, unincorporated

1    organization, government or any political subdivision thereof, or any other entity or organization

2    of whatever nature.

3        **1.65**    <u>**Petition Date:**</u>   January 14, 2020, which is the date on which the Debtor filed its

4    petition for relief under chapter 11 of the Bankruptcy Code.

5        **1.66**    <u>**Plan:**</u>   This *Joint Chapter 11 Plan of Liquidation Proposed by Bridgemark*

6    *Corporation and Placentia Development Company, LLC,* as it may be amended, supplemented, or

7    modified from time to time.

8        **1.67**    <u>**Plan Proponents**</u>:   The Debtor and PDC.

9        **1.68**    <u>**Plan Term Sheet**</u>:   The plan term sheet attached to the Settlement Agreement as

10    Exhibit E.

11        **1.69**    <u>**Post-Effective Date Service List:**</u>   Collectively, (i) the Liquidation Trustee; (ii) the

12    U.S. Trustee; (iii) counsel for PDC; and (iv) any Person Filing a specific request for notices and

13    papers on and after the Effective Date.

14        **1.70**    <u>**Priority Non-Tax Claim:**</u>   Any Claim, other than an Administrative Expense and a

15    Priority Tax Claim, to the extent entitled to priority under section 507(a) of the Bankruptcy Code.

16        **1.71**    <u>**Priority Tax Claim:**</u>   A Claim that is entitled to priority under section 507(a)(8) of

17    the Bankruptcy Code.

18        **1.72**    <u>**Professional Fee Claim:**</u>   An Administrative Expense of a Professional Person for

19    compensation for services rendered and reimbursement of costs, expenses or other charges

20    incurred on or after the Petition Date and on or before the Effective Date.

21        **1.73**    <u>**Professional Person:**</u>   Persons retained or to be compensated by the Debtor or the

22    Estate pursuant to sections 326, 327, 328, 330, 363, 503(b), and/or 1103 of the Bankruptcy Code.

23        **1.74**    <u>**Related Parties**</u>:   Collectively, all of the respective accountants, agents, assigns,

24    attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment

25    bankers, managers, members, officers, partners, predecessors, principals, professional persons,

26    representatives, and successors of the referenced Person.

27

28

1    **1.75**    <u>**Schedules**</u>:  The schedules of assets and liabilities and statement of financial affairs

2  filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have

3  been or may be amended from time to time.

4    **1.76**    <u>**Secured Claim**</u>:  Any Claim of any Person (a) that is secured by a Lien on property

5  in which the Debtor or its Estate has an interest, which Lien is valid, perfected and enforceable

6  and not subject to avoidance under applicable law or by reason of a Final Order but only to the

7  extent of the value, as determined by the Bankruptcy Court pursuant to section 506(a) of the

8  Bankruptcy Code, of any interest of the claimant in the property of any of the Estate securing such

9  Claim or (b) to the extent that such Person has a valid and enforceable right of setoff under

10  applicable non-bankruptcy law and section 553 of the Bankruptcy Code.

11    **1.77**    <u>**Settlement Agreement**</u>:  That certain *Settlement Agreement*, dated March 9, 2021,

12  by and among the Debtor, PDC, and Robert J. Hall, both individually and for the Hall-Related

13  Parties identified therein (Docket No. 392, Exh. B), which the Bankruptcy Court approved by

14  order entered on April 28, 2021 (Docket No. 442).

15    **1.78**    <u>**Tax**</u>:  Any tax, charge, fee, levy, impost or other assessment by any federal, state,

16  local or foreign taxing authority, including, without limitation, income, excise, property, sales,

17  transfer, employment, payroll, franchise, profits, license, use, ad valorem, estimated, severance,

18  stamp, occupation and withholding tax.  "Tax" shall include any interest or additions attributable

19  to, imposed on or with respect to such assessments.

20    **1.79**    <u>**Timely Filed**</u>:  With respect to a Claim, that a proof of such Claim was filed within

21  such applicable period of time fixed by the Plan, statute, or pursuant to both Bankruptcy Rule

22  3003(c)(3) and a Final Order (including the Bar Date Order), or has otherwise been deemed timely

23  filed by a Final Order of the Bankruptcy Court.

24    **1.80**    <u>**Unclaimed Property**</u>:  All Cash deemed to be "Unclaimed Property" pursuant to

25  Section 7.4 of the Plan.

26    **1.81**    <u>**Unimpaired**</u>:  With respect to a Class of Claims or Interests, a Class of Claims or

27  Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

28    **1.82**    <u>**U.S. Trustee**</u>:  The Office of the United States Trustee.

**1.83**    <u>U.S. Trustee Fees:</u> Fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930.

**ARTICLE II**

**TREATMENT OF UNCLASSIFIED CLAIMS**

**2.1**    <u>Introduction</u>.  As required by the Bankruptcy Code, Administrative Expenses and Priority Tax Claims are not placed into voting Classes.  Instead, they are left unclassified, are not considered Impaired, do not vote on the Plan, and receive treatment specified by statute, order of the Bankruptcy Court or agreement of the parties.  All postpetition payments or credits by or on behalf of the Debtor in respect of an Administrative Expense or Priority Tax Claim shall reduce the Allowed amount thereof.

**2.2**    <u>Administrative Expenses.</u>  Except as otherwise provided for herein, and subject to the requirements of the Plan, on or as soon as reasonably practicable after the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which an Administrative Expense becomes an Allowed Administrative Expense, the Holder of such Allowed Administrative Expense shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Administrative Expense, (a) Cash equal to the unpaid portion of such Allowed Administrative Expense, plus interest at the Legal Rate commencing on the later of (i) the Petition Date or (ii) the date that the Debtor first became obligated on such Claim, or (b) such other less favorable treatment as to which such Holder and the Debtor or Liquidation Trustee shall have agreed upon in writing; provided, however, that Allowed Administrative Expenses with respect to liabilities incurred by the Debtor in the ordinary course of business during the Chapter 11 Case may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements related thereto.  Unless otherwise agreed by the Liquidation Trust, (a) requests for payment of all Administrative Expenses must be Filed and served as described in Section 11.2 of the Plan, and (b) certain different and additional requirements shall apply to the Administrative Expenses of Professional Persons as set forth in Section 11.3 of the Plan.

**2.3**    <u>Professional Fee Claims.</u>  Professional Fee Claims shall be paid as set forth in Section 11.3 of the Plan.

**2.4**    **Priority Tax Claims.**  Pursuant to section 1123(a)(1) of the Bankruptcy Code,
Priority Tax Claims are not classified.  Thus, Holders of Priority Tax Claims are not entitled to
vote to accept or reject the Plan.  Except to the extent that a Holder of an Allowed Priority Tax
Claim agrees to a less favorable treatment, in exchange for full and final satisfaction, settlement,
and release of each Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim
due and payable on or before the Effective Date shall receive, on the later of (i) the Effective Date
and (ii) thirty (30) calendar days following the date on which a Priority Tax Claim becomes an
Allowed Priority Tax Claim, at the option of the Liquidation Trust, one of the following
treatments: (1) Cash in an amount equal to the amount of such Allowed Priority Tax Claim, plus
interest at the Legal Rate commencing on the Petition Date; or (2) such other treatment as may be
agreed upon by such Holder and the Debtor or Liquidation Trust or otherwise determined upon a
Final Order of the Bankruptcy Court.  Any Allowed Priority Tax Claim (or portion thereof) not yet
due and payable as of the Effective Date will be paid by the Liquidation Trust no later than when
due and payable under applicable non-bankruptcy law without regard to the commencement of the
Chapter 11 Case; provided that upon request of the Liquidation Trust, the Bankruptcy Court shall
determine the amount of any Disputed Priority Tax Claim.  Any Holder of a Priority Tax Claim
may agree to accept different treatment as to which the Liquidation Trust and such Holder have
agreed upon in writing.

**2.5**    **Statutory Fees.**  All fees payable on or before the Effective Date pursuant to
section 1930 of title 28 of the United States Code shall be paid by the Debtor on or before the
Effective Date or as soon as practicable thereafter.  From and after the Effective Date, the
Liquidation Trustee shall pay the fees assessed against the Estate until such time as the Chapter 11
Case is closed, dismissed or converted.  In addition, the Liquidation Trust shall file post-
confirmation quarterly reports in conformity with the U.S. Trustee guidelines until entry of an
order closing or converting the Chapter 11 Case.

# ARTICLE III

## CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**3.1**    **Summary.**  The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.  A Claim or Interest (or a portion thereof) is classified in a particular Class only to the extent that the Claim or Interest (or a portion thereof) qualifies within the description of that Class.  A Claim or Interest (or a portion thereof) is also classified in a particular Class only to the extent that such Claim or Interest (or a portion thereof) is an Allowed Claim or Allowed Interest in that Class and has not been paid, released or otherwise satisfied prior to the Effective Date.  Any postpetition payment by or on behalf of the Estate in respect of a Claim shall reduce the Allowed amount thereof.

**3.2**    **Classification and Treatment of Claims and Interests.**

  **3.2.1**    **Class 1 – Priority Non-Tax Claims.**

  (a)    Classification: Class 1 consists of all Priority Non-Tax Claims.

  (b)    Treatment: At the election of the Liquidation Trust, each Holder of a Priority Non-Tax Claim shall receive, in full satisfaction, settlement, release, and extinguishment of such Priority Non-Tax Claim, on or as soon as practicable after the later of (i) the Effective Date, or (ii) thirty (30) calendar days following the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, (a) a Cash payment from the Liquidation Trust equal to the Allowed amount of such Claim, plus interest at the Legal Rate commencing on the Petition Date, or (b) such other treatment as otherwise agreed by the Holder of such Claim and the Debtor or the Liquidation Trust.

  (c)    Impairment/Voting: Class 1 Priority Non-Tax Claims are Unimpaired by the Plan, and Holders of such Class 1 Priority Non-Tax Claims are therefore conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Accordingly, Holders of Class 1 Priority Non-Tax Claims are not entitled to vote to accept or reject the Plan.

### 3.2.2    Class 2 – Miscellaneous Secured Claims.

(a)    Classification: Class 2 consists of Miscellaneous Secured Claims, if any. Although all Miscellaneous Secured Claims have been placed in one Class for the purposes of nomenclature, each Miscellaneous Secured Claim, to the extent secured by a Lien on any property or interest in property of the Debtor different from that securing any other Miscellaneous Secured Claim, shall be treated as being in a separate sub-Class for purposes of receiving distributions under the Plan.  For the avoidance of doubt, the Debtor does not believe there are any Allowed Miscellaneous Secured Claims.

(b)    Treatment: Except to the extent that a Holder of an Allowed Miscellaneous Secured Claim has been paid by the Debtor, in whole or in part, prior to the Effective Date, on the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which such Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim, at the option of the Liquidation Trust, in full and final satisfaction of such Miscellaneous Secured Claim, (i) each Allowed Miscellaneous Secured Claim shall be reinstated and Unimpaired in accordance with section 1124 of the Bankruptcy Code,  or (ii) each Holder of an Allowed Miscellaneous Secured Claim shall receive, in full satisfaction, settlement, and release of, and in exchange for, such Miscellaneous Secured Claim, (x) payment in full in Cash of the unpaid portion of such Allowed Miscellaneous Secured Claim, plus interest at the Legal Rate commencing on the Petition Date, (y) the collateral securing such Allowed Miscellaneous Secured Claim, or (z) such other treatment as may be agreed to by the Holder of such Claim and the Debtor or the Liquidation Trust.

(c)    Impairment/Voting: Class 2 Miscellaneous Secured Claims are Unimpaired by the Plan, and Holders of such Class 2 Miscellaneous Secured Claims are therefore conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Accordingly, Holders of Class 2 Miscellaneous Secured Claims are not entitled to vote to accept or reject the Plan.

### 3.2.3    Class 3 – PDC Claim.

(a)    Classification: Class 3 consists of the PDC Claim.

1      (b)    Treatment: In full and final satisfaction of the PDC Claim, PDC shall be the

2  sole Liquidation Trust Beneficiary and shall receive such other treatment as is set forth in the

3  Settlement Agreement and Approval Order.

4      (c)    Impairment/Voting: The Class 3 PDC Claim is Unimpaired by the Plan, as

5  the treatment set forth herein effectuates the Settlement Agreement.  PDC is therefore conclusively

6  presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

7  Accordingly, PDC is not entitled to vote to accept or reject the Plan.

8          **3.2.4    Class 4 – General Unsecured Claims.**

9      (a)    Classification: Class 4 consists of General Unsecured Claims.

10     (b)    Treatment: Except to the extent that a Holder of an Allowed General

11  Unsecured Claim has been paid by the Debtor, in whole or in part, prior to the Effective Date, on

12  the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which

13  such General Unsecured Claim becomes an Allowed General Unsecured Claim, each Holder of an

14  Allowed General Unsecured Claim shall receive, in full satisfaction, settlement, and release of,

15  and in exchange for, such General Unsecured Claim, (x) payment in full in Cash of the unpaid

16  portion of such Allowed General Unsecured Claim, plus interest at the Legal Rate commencing on

17  the Petition Date, or (y) such other treatment as may be agreed to by the Holder of such Claim and

18  the Debtor or the Liquidation Trust.

19     (c)    Impairment/Voting: Class 4 General Unsecured Claims are Unimpaired by

20  the Plan, and Holders of such Class 4 General Unsecured Claims are therefore conclusively

21  presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

22  Accordingly, Holders of Class 4 General Unsecured Claims are not entitled to vote to accept or

23  reject the Plan.

24          **3.2.5    Class 5 – Interests in the Debtor.**

25     (a)    Classification: Class 5 consists of all Interests.

26     (b)    Treatment: Pursuant to the Settlement Agreement, Holders of Interests shall

27  receive no distributions under the Plan, and on the Effective Date, all Interests shall be deemed

28  void and of no force and effect.

17

1            (c)      Impairment/Voting: Class 5 Interests are Unimpaired by the Plan, as the

2 treatment set forth herein effectuates the Settlement Agreement to which such Holders agreed.

3 Holders of Class 5 Interests are therefore conclusively presumed to have accepted the Plan

4 pursuant to section 1126(f) of the Bankruptcy Code.  Accordingly, Holders of Class 5 Interests are

5 not entitled to vote to accept or reject the Plan.

6 **ARTICLE IV**

7 **ACCEPTANCE OR REJECTION OF THE PLAN**

8       **4.1**     **Identification of Unimpaired Classes.**  For the avoidance of doubt, all Classes of

9 Claims and Interests are Unimpaired under the Plan.  Accordingly, all Classes are conclusively

10 presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and the

11 Debtor need not solicit votes to accept or reject the Plan.

12       **4.2**     **Postpetition Interest.**  Nothing in the Plan shall be deemed to entitle the Holder of

13 a Claim to receive postpetition interest on account of such Claim.

14       **4.3**     **Elimination of Vacant Classes.**  Any Class of Claims or Interests that does not

15 have a Holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily

16 Allowed by the Bankruptcy Court in an amount greater than zero as of the date of the

17 Confirmation Hearing shall be considered vacant and deemed eliminated from the Plan for all

18 purposes.

19 **ARTICLE V**

20 **MEANS FOR IMPLEMENTATION OF THE PLAN**

21       **5.1**     **Implementation of the Plan.**  The Plan will be implemented by various acts and

22 transactions as set forth in the Plan, including, among other things, the establishment of the

23 Liquidation Trust, the appointment of the Liquidation Trustee, the P&A Work, and the making of

24 Distributions by the Liquidation Trust in accordance with the Plan and the Liquidation Trust

25 Agreement.

26       **5.2**     **Winding Up of Corporate Affairs**.

27           **5.2.1**   **Dissolution of the Debtor**.  On the Effective Date, the Debtor will be

28 dissolved automatically without the need for any Corporate Action, without the need for any

18

corporate filings, and without the need for any other or further actions to be taken by or on behalf

of the Debtor or any other Person or any payments to be made in connection therewith; provided,

however, that the Liquidation Trustee may in the Liquidation Trustee's discretion file any

certificates of cancellation or dissolution as may be appropriate in connection with dissolution of

the Debtor.

   **5.2.2** **Debtor's Existing Directors, Officers, and Managers**.  On the Effective

Date, each of the Debtor's existing directors, officers, and managers shall be terminated

automatically without the need for any corporate action and without the need for any corporate

filings, and shall have no ongoing rights against or obligations to the Debtor or the Estate,

including under any prepetition agreements (all of which will be deemed terminated), provided,

however, that the Liquidation Trustee may continue to consult with or cause the Liquidation Trust

to employ the Debtor's former directors, officers, employees, and managers to the extent he deems

appropriate.

   **5.2.3** **Corporate Documents and Corporate Authority**.  On the Effective Date,

the certificates of incorporation, bylaws, operating agreements, and articles of organization, as

applicable, of the Debtor shall be deemed amended to the extent necessary to carry out the

provisions of the Plan.  The entry of the Confirmation Order shall constitute authorization for the

Debtor and the Liquidation Trustee, as applicable, to take or cause to be taken all actions

(including, if applicable, Corporate Actions) necessary or appropriate to implement all provisions

of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions

taken or caused to be taken shall be deemed to have been authorized and approved by the

Bankruptcy Court without further approval, act, or action under any applicable law, order, rule, or

regulation.

  **5.3** **Liquidation Trust**.

   **5.3.1** **Appointments and Compensation**.  On and after the Effective Date, the

initial Liquidation Trustee shall become and serve as Liquidation Trustee.  The Liquidation

Trustee will receive (i) base compensation at an hourly rate of $175 per hour; and

1  (ii) reimbursement of reasonable expenses, as may be more specifically set forth in the Liquidation

2  Trust Agreement.

3        **5.3.2**  <u>**Creation and Governance of the Liquidation Trust**</u>.  On the Effective

4  Date, the Liquidation Trustee shall execute the Liquidation Trust Agreement and shall take any

5  other steps necessary to establish the Liquidation Trust in accordance with the Plan.  The

6  Liquidation Trust shall be governed by the Liquidation Trust Agreement and administered by the

7  Liquidation Trustee.  The powers, rights, and responsibilities of the Liquidation Trustee shall be

8  specified in the Liquidation Trust Agreement.

9        **5.3.3**  <u>**Vesting of Liquidation Trust Assets**</u>.  On the Effective Date, the

10  Liquidation Trust will automatically be vested with all of the Debtor's and the Estate's respective

11  rights, title, and interest in and to all Liquidation Trust Assets.  Except as specifically provided in

12  the Plan or the Confirmation Order, the Liquidation Trust Assets shall automatically vest in the

13  Liquidation Trust free and clear of all Claims, Liens, or interests subject only to the interest of the

14  Liquidation Trust Beneficiary, and such vesting shall be exempt from any stamp, real estate

15  transfer, other transfer, mortgage reporting, sales, use, or other similar tax.  The Liquidation

16  Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of 31 U.S.C.

17  § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed

18  pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidation Trust Assets.  The

19  Liquidation Trust shall hold and distribute the Liquidation Trust Assets in accordance with the

20  provisions of the Plan and the Liquidation Trust Agreement.

21        **5.3.4**  <u>**Purpose of the Liquidation Trust**</u>.  The Liquidation Trust shall be

22  established for the purpose of (i) collecting, administering, distributing and liquidating the

23  Liquidation Trust Assets for the benefit of the Liquidation Trust Beneficiary in accordance with

24  the terms of the Plan and the Liquidation Trust Agreement, (ii) completion of the P&A Work, and

25  (iii) payment of certain Allowed Claims and statutory fees, in each case to the extent required by

26  the Plan.  The Liquidation Trust shall act in accordance with Treasury Regulation section

27  301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

28

**5.3.5** **Authority**.  The Liquidation Trustee shall have the authority and discretion on behalf of the Debtor and the Estate and without the need for Bankruptcy Court approval (in each case, unless otherwise provided in the Plan) to carry out and implement all applicable provisions of the Plan, including to:

(a)    Hold legal title to the Liquidation Trust Assets and to any and all rights of the Debtor in or arising from the Liquidation Trust Assets.

(b)    Manage, invest, supervise, protect, and where appropriate, cause the Liquidation Trust to abandon the Liquidation Trust Assets, including causing the Liquidation Trust to invest any moneys held as Liquidation Trust Assets in accordance with the terms of section 3.08 of the Liquidation Trust Agreement.

(c)    Request, negotiate the terms of, and accept additional funding from the Liquidation Trust Beneficiary in accordance with Section 5.5.3 hereof.

(d)    To take all steps necessary or appropriate to terminate the corporate existence of the Debtor and any of the Debtor's non-Debtor subsidiaries consistent with the Plan.

(e)    Open and maintain bank accounts on behalf of or in the name of the Liquidation Trust.

(f)    Cause the Liquidation Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or Liquidation Trust Agreement, and to perform all obligations thereunder.

(g)    Use, manage, sell, abandon, convert to cash and/or otherwise transfer or dispose of the Liquidation Trust Assets for the purpose of making Distributions, fully consummating the Plan and/or taking other actions as are necessary and expedient in the Liquidation Trustee's discretion.

(h)    Retain, compensate, and employ licensed contractors, professionals, and other Persons to undertake the P&A Work.

(i)    Protect and enforce the rights to the Liquidation Trust Assets (including any Causes of Action) vested in the Liquidation Trust and Liquidation Trustee by the Liquidation

Trust Agreement and the Plan by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise.

(j)    Investigate any Liquidation Trust Assets, including potential Causes of Action, and any objections to Claims, and cause the Liquidation Trust to seek the examination of any Person pursuant to Federal Rules of Bankruptcy Procedure.

(k)    Subject to Section 5.3.6, cause the Liquidation Trust to employ and pay professionals, claims agents, disbursing agents, and other agents and third parties pursuant to Liquidation Trust Agreement without further order of the Bankruptcy Court.

(l)    Cause the Liquidation Trust to pay all of the Liquidation Trust's lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the Liquidation Trust Assets.

(m)    Cause the Liquidation Trust to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve all Liquidation Trust Actions.

(n)    Assert or waive any defenses, claims, counterclaims and rights of setoff, recoupment or privilege of the Debtor, its Estate or any of the Debtor's non-Debtor subsidiaries, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral).

(o)    Calculate and make all Distributions on behalf of the Liquidation Trust to the Holders of Allowed Claims provided for in, or contemplated by, the Plan and the Liquidation Trust Agreement.

(p)    Establish, adjust, and maintain reserves for Disputed Claims required to be administered by the Liquidation Trust.

(q)    Cause the Liquidation Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Liquidation Trustee has determined, based upon the advice of agents and/or professionals, may be required to be withheld from such Distribution under the income tax or other laws of the United States or of any state or political subdivision thereof.

1             (r)      In reliance initially solely upon the Debtor's schedules and the official

2   claims register maintained in the Debtor's Chapter 11 Case, review, and where appropriate, cause

3   the Liquidation Trust to allow or object to Claims and Interests; and supervise and administer the

4   Liquidation Trust's commencement, prosecution, settlement, compromise, withdrawal, or

5   resolution of all objections to Disputed Claims required to be administered by the Liquidation

6   Trust.

7             (s)      In reliance upon the Debtor's schedules and the official Claims register

8   maintained in the Chapter 11 Case, maintain a register evidencing the beneficial interest herein

9   held by the Liquidation Trust Beneficiary and, in accordance with section 3.09 of the Liquidation

10   Trust, such register may be the official Claims register maintained in the Chapter 11 Case.

11             (t)      Cause the Liquidation Trust to make all tax withholdings, file tax

12   information returns, file and prosecute tax refund claims, make tax elections by and on behalf of

13   the Liquidation Trust, and file tax returns for the Liquidation Trust as a grantor trust under IRC

14   section 671 and Treasury Income Tax Regulation section 1.671-4 pursuant to and in accordance

15   with the Plan and Article VII of the Liquidation Trust Agreement, and pay taxes, if any, payable

16   for and on behalf of the Liquidation Trust; provided, however, that notwithstanding any other

17   provision of the Plan or Liquidation Trust Agreement, the Liquidation Trustee shall have no

18   personal responsibility for the signing or accuracy of the Debtor's income tax returns that are due

19   to be filed after the Effective Date or for any tax liability related thereto.

20             (u)      Cause the Liquidation Trust to send annually the Liquidation Trust

21   Beneficiary, in accordance with the tax laws, a separate statement stating the Liquidation Trust

22   Beneficiary's interest in the Liquidation Trust and the Liquidation Trust Beneficiary's share of the

23   Liquidation Trust's income, gain, loss, deduction or credit, and to instruct the Liquidation Trust

24   Beneficiary to report such items on the Liquidation Trust Beneficiary's federal tax returns;

25             (v)      Cause the Liquidation Trust to seek a determination of tax liability or

26   refund under section 505 of the Bankruptcy Code.

27

28

1          (w)      Cause the Liquidation Trust to establish such reserves for taxes,

2    assessments, and other expenses of administration of the Liquidation Trust as may be necessary

3    and appropriate for the proper operation of matters incident to the Liquidation Trust.

4          (x)      Cause the Liquidation Trust to purchase and carry all insurance policies that

5    the Liquidation Trustee deems reasonably necessary or advisable and to pay all associated

6    insurance premiums and costs out of the Liquidation Trust Assets.

7          (y)      If the Liquidation Trustee has a conflict or if any of the Liquidation Trust

8    Assets are situated in any state or other jurisdiction in which the Liquidation Trustee is not

9    qualified to act as trustee, nominate, and appoint a Person duly qualified to act as trustee in such

10   state or jurisdiction in accordance with the terms of the Liquidation Trust Agreement.

11         (z)      Undertake all administrative functions of the Liquidation Trust, including

12   overseeing the winding down and termination of the Liquidation Trust.

13         (aa)     Undertake all administrative functions remaining in the Chapter 11 Case,

14   including reporting and making required payments of fees to the US Trustee and overseeing the

15   closing of the Chapter 11 Case.

16         (bb)     Exercise, implement, enforce, and discharge all of the terms, conditions,

17   powers, duties, and other provisions of the Plan, the Confirmation Order, and the Liquidation

18   Trust Agreement.

19         (cc)     Take all other actions consistent with the provisions of the Plan that the

20   Liquidation Trustee deems reasonably necessary or desirable to administer the Liquidation Trust,

21   including filing all motions, pleadings, reports, and other documents in connection with the

22   administration and closing of the Chapter 11 Case.

23   To the extent necessary to give full effect to the Liquidation Trustee's administrative rights and

24   duties under the Plan, the Liquidation Trustee shall be deemed to be vested with all rights, powers,

25   privileges, and authorities of (i) an appropriate corporate officer or manager of the Debtor under

26   any applicable nonbankruptcy law and (ii) a "trustee" of the Debtor under Bankruptcy Code

27   sections 704 and 1106.

28

### 5.3.6   **P&A Work**.

(a)      The Liquidation Trustee shall plug and abandon all wells formerly operated by the Debtor on the PDC Parcel and remove appurtenant structures, equipment, and flow lines so that the area in which the wells have been plugged and abandoned is clean, level, safe, and at a sufficient depth beneath the surface to accommodate residential development of the PDC Parcel (collectively, the "**P&A Work**").  The P&A Work shall be performed in strict accordance with all applicable laws and the terms and conditions of any applicable contracts or leases, and will be approved by the requisite regulatory authorities.  The P&A Work shall be undertaken by a licensed contractor engaged with the approval of the Bankruptcy Court and pursuant to a work plan approved by the Bankruptcy Court, which approvals may be included in the Confirmation Order provided that the Debtor files a motion seeking approval of the proposed work plan in advance of the Confirmation Hearing.

(b)      Once the P&A Work is complete:

(i)      The Liquidation Trustee shall take whatever steps are necessary to fully terminate and disclaim all right, title, and interest in or to any portion of the PDC Parcel;

(ii)      No Person other than PDC shall have any surface rights to the PDC Parcel or any oil or gas extraction rights within five hundred (500) feet of the surface of the PDC Parcel;

(iii)      The Confirmation Order may be recorded in the applicable land records and relied upon by title insurers and subsequent purchasers with respect to the PDC Parcel; and

(iv)      PDC and the Liquidation Trustee (acting as successor to the Debtor) will file a satisfaction of judgment with respect to the PDC Judgment, specifying that the monetary portion of the PDC Judgment has been satisfied and disclaiming any further rights under the PDC Judgment (including but not limited to rights with respect to the PDC Parcel), and the Liquidation Trustee (acting as successor to the Debtor) will dismiss the Appeal with prejudice, with each party to bear its own fees and costs.

**5.3.7    Limitation of Liability.**  The Liquidation Trustee shall enjoy all of the rights, powers, immunities, and privileges applicable to a Bankruptcy Code chapter 7 trustee with respect to limitations of liability.  The Liquidation Trustee may, in connection with the performance of the Liquidation Trustee's functions, in the Liquidation Trustee's sole and absolute discretion, consult with attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such Persons, regardless of whether such advice or opinions were in writing. Notwithstanding such authority, the Liquidation Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and the Liquidation Trustee's determination not to do so shall not result in the imposition of liability on the Liquidation Trustee unless such determination is based on willful misconduct, gross negligence, or fraud.  Persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such Person in carrying out the terms of the Plan or the Liquidation Trust Agreement, and the Liquidation Trustee shall have no personal obligation to satisfy such liability.

**5.3.8    Indemnification.**  The Liquidation Trust shall indemnify the Liquidation Trust Indemnified Parties for, and shall defend and hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without gross negligence or willful misconduct on the part of the Liquidation Trust Indemnified Parties (which gross negligence or willful misconduct, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Liquidation Trust Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or the Liquidation Trust Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence or willful misconduct. In addition, the Liquidation Trust shall, to the fullest extent permitted by law, indemnify, defend, and hold harmless the Liquidation Trust Indemnified Parties, from and against and with respect to

1   any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees

2   arising out of or due to their actions or omissions, or consequences of such actions or omissions,

3   with respect to the Liquidation Trust or the implementation or administration of the Plan if the

4   Liquidation Trust Indemnified Party acted in good faith and in a manner reasonably believed to be

5   in, or not opposed to, the best interest of the Liquidation Trust.  To the extent the Liquidation

6   Trust indemnifies, defends, and holds harmless any Liquidation Trust Indemnified Parties as

7   provided above, the legal fees and related costs incurred by counsel to the Liquidation Trustee in

8   monitoring or participating in the defense of such claims giving rise to the right of indemnification

9   shall be paid as Liquidation Trust Expenses.  The costs and expenses incurred in enforcing the

10   right of indemnification in this Section 5.3.8 shall be paid by the Liquidation Trust.

11         **5.3.9**   **No Bond Required; Insurance**.  Notwithstanding any state or other

12   applicable law to the contrary, the Liquidation Trustee (including any successor trustee) shall be

13   exempt from giving any bond or other security in any jurisdiction and shall serve hereunder

14   without bond.  The Liquidation Trustee shall be authorized, but not required, to obtain any

15   insurance coverages deemed to be reasonably necessary, at the Liquidation Trust's sole expense,

16   for the Liquidation Trustee and the Liquidation Trustee's agents, including coverage with respect

17   to the liabilities, duties, and obligations of the Liquidation Trustee, which insurance coverage may,

18   at the sole discretion of the Liquidation Trustee, be extended for a reasonable period after the

19   termination of the Liquidation Trust.

20         **5.3.10**   **Certain Tax Matters Regarding Liquidation Trust**.  For federal income

21   tax purposes, the transfer of the assets to the Liquidation Trust will be treated as a sale or other

22   disposition of assets to the Liquidation Trust Beneficiary in exchange for the Liquidation Trust

23   Beneficiary's claim in the Chapter 11 Case.  Any income or loss from the transfer of assets to the

24   Liquidation Trust shall flow through to the pre-Effective Date shareholders of the Debtor who will

25   be responsible to pay the tax liability, if any.  For federal income tax purposes, the Liquidation

26   Trust Beneficiary shall be treated as the grantor of the Liquidation Trust and deemed to be the

27   owner of the assets of the Liquidation Trust.  The transfer of the Liquidation Trust Assets to the

28   Liquidation Trust shall be deemed a transfer to the Liquidation Trust Beneficiary by the Debtor,

1  followed by a deemed transfer by such Liquidation Trust Beneficiary to the Liquidation Trust.

2  The Debtor, the Liquidation Trust Beneficiary, and the Liquidation Trust will consistently report

3  the valuation of the assets transferred to the Liquidation Trust.  Such consistent valuations and

4  revised reporting will be used for all federal income tax purposes.  Income deductions, gain, or

5  loss from the Liquidation Trust shall be reported to the Liquidation Trust Beneficiary in

6  conjunction with the filing of the Liquidation Trust's income tax returns.  The Liquidation Trust

7  Beneficiary shall report income, deductions, gain, or loss on such Liquidation Trust Beneficiary's

8  income tax returns.

9          **5.3.11  <u>Tax Reporting</u>**.

10          (a)     The Liquidation Trust shall timely file tax returns for the Liquidation Trust

11  treating the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-

12  4(a).

13          (b)     The Liquidation Trust shall be responsible for timely payment of all taxes

14  (if any) imposed on and payable by the Liquidation Trust or any Liquidation Trust Assets.

15          (c)     The Liquidation Trust shall distribute such tax-related notices, beneficiary

16  statements, and information returns, as applicable, as are required by applicable law or that the

17  Liquidation Trustee determines are otherwise necessary or desirable.

18          (d)     The Liquidation Trust is authorized to file a request for expedited

19  determination under Bankruptcy Code section 505(b) for any tax returns filed with respect to the

20  Debtor.

21          **5.3.12  <u>Distributions to Liquidation Trust Beneficiary</u>**.  Upon completion of the

22  P&A Work, the Liquidation Trustee will Distribute all remaining Cash of the Liquidation Trust to

23  PDC, and PDC shall have the right, but not the obligation, to take any other remaining Liquidation

24  Trust Assets.  To the extent PDC declines to take such remaining assets, the Liquidation Trustee

25  shall dispose of such remaining Liquidation Trust Assets, if any, in a manner the Liquidation

26  Trustee determines to be reasonable, appropriate, and consistent with applicable law.

27          **5.3.13  <u>Cash Investments</u>**.  The Liquidation Trustee may invest Cash of the

28  Liquidation Trust, including any earnings thereon or proceeds therefrom, or any Cash realized

1  from the liquidation of the Liquidation Trust Assets, which investments, for the avoidance of

2  doubt, will not be required to comply with Bankruptcy Code section 345(b); *provided, however*,

3  that such investments must be investments that are permitted to be made by a "liquidating trust"

4  within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under

5  applicable guidelines, rulings, or other controlling authorities.

6        **5.3.14** <u>**Exemption**</u>.  To the extent the Liquidation Trust Beneficiary's interest in

7  the Liquidation Trust is deemed to be a "security," the issuance of such interest under the Plan is

8  exempt, pursuant to Bankruptcy Code section 1145, from registration under any applicable

9  federal, state, or local laws requiring registration of securities.

10        **5.3.15** <u>**Pursuit and Resolution of Liquidation Trust Actions**</u>.  The Liquidation

11  Trust, as a successor in interest to the Debtor and the Estate, may, and will have the exclusive

12  right, power, and interest on behalf of itself, the Debtor, and the Estate to institute, commence,

13  file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw

14  any and all Liquidation Trust Actions without any further order of the Bankruptcy Court, except as

15  otherwise provided in the Liquidation Trust Agreement.  From and after the Effective Date, the

16  Liquidation Trust, in accordance with Bankruptcy Code section 1123(b)(3), shall serve as a

17  representative of the Estate with respect to any and all Liquidation Trust Actions that were

18  property of the Estate and shall retain and possess the right to institute, commence, file, pursue,

19  prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as

20  appropriate, any and all Liquidation Trust Actions in any court or other tribunal.

21        **5.3.16** <u>**Termination of the Liquidation Trust**</u>.  The Liquidation Trustee and the

22  Liquidation Trust shall be discharged or terminated, as the case may be, at such time as: (a) the

23  P&A Work is complete; (b) the Liquidation Trustee determines that the pursuit of any Liquidation

24  Trust Actions is not likely to yield sufficient additional proceeds to justify further pursuit of such

25  Liquidation Trust Actions, and (c) all Distributions required to be made by the Liquidation Trust

26  under the Plan and the Liquidation Trust Agreement have been made, but in no event shall the

27  Liquidation Trust be terminated later than five (5) years from the Effective Date unless the

28  Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary

1   (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at

2   least six (6) months before the end of the preceding extension), determines that a fixed period

3   extension (not to exceed three (3) years, together with any prior extensions, unless the Liquidation

4   Trustee determines that any further extension would not adversely affect the status of the

5   Liquidation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or

6   complete the recovery on, and liquidation of, the Liquidation Trust Assets.  The Liquidation

7   Trustee may, but is not required to, seek entry of a Bankruptcy Court order confirming the

8   termination of the Liquidation Trust and/or the discharge of the Liquidation Trustee; *provided*,

9   *however*, that nothing in this Section 5.3.16 shall be construed to eliminate or modify the

10  requirement that the Liquidation Trustee move for entry of a Final Decree upon satisfaction of the

11  conditions set forth in Section 5.7 hereof.  The pendency of any appeal of any order entered in the

12  Chapter 11 Case shall not preclude or limit the termination or discharge of the Liquidation Trust

13  or Liquidation Trustee, as applicable.  Upon termination of the Liquidation Trust, any remaining

14  Liquidation Trust Assets shall be distributed in accordance with Section 5.3.12 hereof.

15          **5.3.17  Removal of Liquidation Trustee**.  The Liquidation Trustee may be

16  removed and replaced by an order of the Bankruptcy Court upon motion of any party in interest

17  and a showing of good cause.  The removal shall be effective on the date specified in the order.

18          **5.3.18  Resignation of Liquidation Trustee**.  The Liquidation Trustee may resign

19  at any time on written notice to the Liquidation Trust Beneficiary, U.S. Trustee, and Bankruptcy

20  Court.  The resignation shall be effective on the later of (a) the date specified in the notice of

21  resignation, or (b) the date that is thirty (30) days after the date such notice is Filed with the

22  Bankruptcy Court and served on the Liquidation Trust Beneficiary and the US Trustee.  In no case

23  shall the resignation of the Liquidation Trustee be effective on less than thirty (30) days' notice.

24  In the event of a resignation, the resigning Trustee shall render to the Liquidation Trust

25  Beneficiary and the U.S. Trustee a full and complete accounting of monies and assets received,

26  disbursed, and held during the term of office of that Liquidation Trustee.

27          **5.3.19  Appointment of Successor Liquidation Trustee**.  Upon the resignation,

28  death, incapacity, or removal of a Liquidation Trustee, a successor Liquidation Trustee shall be

1    appointed by the Bankruptcy Court.  In the event no party in interest seeks the appointment of a

2    successor Liquidation Trustee, the Bankruptcy Court may do so on its own motion.  Any successor

3    Liquidation Trustee so appointed shall consent to and accept its appointment as successor

4    Liquidation Trustee, which may be done by e-mail or through acquiescence in not objecting to a

5    motion for approval of its appointment as successor Liquidation Trustee.  Any successor

6    Liquidation Trustee may be appointed to serve only on an interim basis.

7             **5.3.20**   **Control Provision**.  To the extent there is any inconsistency between the

8    Plan as it relates to the Liquidation Trust and the Liquidation Trust Agreement, the Plan shall

9    control.

10           **5.4**      **Preservation of Privileges and Defenses.**   The actions taken by the Debtor, the

11    Liquidation Trust, or any of their respective Related Parties in connection with the Plan shall not

12    be (or be deemed to be) a waiver of any privilege or defense of the Debtor or the Liquidation

13    Trust, as applicable, including any attorney-client privilege or work-product doctrine.

14    Notwithstanding the Debtor providing any privileged information related to any Liquidation Trust

15    Actions to the Liquidation Trustee, the Liquidation Trust, or any Person associated with any of the

16    foregoing, such privileged information shall be without waiver in recognition of the joint,

17    common, or successor interest in prosecuting the Liquidation Trust Actions and shall remain

18    privileged.  The Liquidation Trustee shall retain the right to waive the Liquidation Trust's own

19    privileges.  Only the Liquidation Trustee shall have the right to waive the attorney-client privilege,

20    work-product doctrine, or other protections as to the Debtor and the Liquidation Trust.

21           **5.5**      **Preservation of Causes of Action**.

22             **5.5.1**   **Maintenance of Avoidance Actions and Causes of Action.**   Except as

23    otherwise provided in the Plan or the Confirmation Order, from and after the Effective Date, the

24    Liquidation Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce,

25    abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of

26    the Debtor's or Estate's Causes of Action (whether existing as of the Petition Date or thereafter

27    arising), and all Avoidance Actions, all as Liquidation Trust Actions, in each case in any court or

28    other tribunal, including in an adversary proceeding filed in the Chapter 11 Case.  The Liquidation

Case 8:20-bk-10143-TA    Doc 500    Filed 06/30/21    Entered 06/30/21 13:12:49    Desc
Main Document      Page 33 of 50

Trust, as a successor in interest to the Debtor and the Estate, may, and will have the exclusive right, power, and interest on behalf of itself, the Debtor, and the Estate to enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the Liquidation Trust Actions without notice to or approval from the Bankruptcy Court.  In accordance with the Plan, and pursuant to Bankruptcy Code section 363 and Bankruptcy Rule 9019, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the Liquidation Trust may compromise and settle Liquidation Trust Actions.

   **5.5.2**   **Preservation of All Liquidation Trust Actions Not Expressly Settled or Released.**   The failure to specifically identify in the Plan any potential or existing Avoidance Action or Cause of Action as a Liquidation Trust Action is not intended to and shall not limit the rights of the Liquidation Trust to pursue any such Avoidance Action or Cause of Action.  Unless a Liquidation Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including the Confirmation Order), the Debtor expressly reserves such Liquidation Trust Action for later resolution by the Liquidation Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist). As such, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches will apply to any such Avoidance Actions or Causes of Action upon or after Confirmation of the Plan based on the Plan, or the Confirmation Order.  In addition, the right to pursue or adopt any claims alleged in any lawsuit in which the Debtor or the Liquidation Trust is a plaintiff, defendant, or an interested party is fully reserved.

   **5.5.3**   **Source of Funding**.  The source of all distributions and payments under this Plan will be the Liquidation Trust Assets and the proceeds thereof, including, without limitation, the Debtor's Cash on hand and proceeds from any sale or other disposition of the Debtor's assets and prosecution of Liquidation Trust Actions.  The Liquidation Trustee may

1    request funding from time to time from the Liquidation Trust Beneficiary as the Liquidation

2    Trustee reasonably believes is necessary to meet expenses, claims and contingent liabilities of the

3    Liquidation Trust, and Liquidation Trust Beneficiary, in its sole discretion, may elect to provide or

4    arrange for such additional funding on such terms as Liquidation Trust Beneficiary and the

5    Liquidation Trustee may agree; *provided*, *however*, that the aggregate amount of funding to be

6    provided by Liquidation Trust Beneficiary shall not exceed ten percent (10%) of the Customer

7    DIP Account Funds.

8        **5.6**    **Interests in Non-Debtor Subsidiaries.**  As of the Effective Date, except as

9    expressly provided in the Plan or by separate order of the Bankruptcy Court, the Liquidation Trust

10   shall retain any stock or interests that the Debtor may hold in its non-Debtor affiliates or

11   subsidiaries and retain any rights to which such stock or interests may be entitled under applicable

12   law with respect to such shares or other interests.  After the Effective Date, the Liquidation Trust

13   may sell, transfer, assign or otherwise dispose of such shares or interests as permitted by

14   applicable law, or may, consistent with applicable non-bankruptcy law, cause the dissolution of

15   such non-Debtor affiliates or subsidiaries.

16       **5.7**    **Final Decree.**  Upon the Liquidation Trustee's determination that all Claims have

17   been Allowed, disallowed, expunged, or withdrawn, that all Liquidation Trust Assets have been

18   liquidated, abandoned, or otherwise administered, and that the P&A Work has been completed, the

19   Liquidation Trust shall move for the entry of the Final Decree.  On entry of the Final Decree, the

20   Liquidation Trustee and the Liquidation Trustee's Related Parties, in each case to the extent not

21   previously discharged by the Bankruptcy Court, shall be deemed discharged and have no further

22   duties or obligations to any Person.

23       **5.8**    **Records.**  The Liquidation Trust and Liquidation Trustee shall maintain reasonably

24   good and sufficient books and records of accounting relating to the Liquidation Trust Assets, the

25   Liquidation Trust's Cash, the management thereof, all transactions undertaken by such parties, all

26   expenses incurred by or on behalf of the Liquidation Trust and Liquidation Trustee, and all

27   distributions contemplated or effectuated under this Plan.  Upon the entry of the Final Decree,

28   unless otherwise ordered by the Bankruptcy Court, the Liquidation Trust and Liquidation Trustee

1    may destroy or otherwise dispose of all records maintained by the Liquidation Trust and/or

2    Liquidation Trustee.  Notwithstanding anything to the contrary, the Liquidation Trustee may, upon

3    notice to the Post-Effective Date Service List and without Bankruptcy Court approval, destroy any

4    documents that he or she believes are no longer required to effectuate the terms and conditions of

5    this Plan.

6         **5.9    Certain Bank Accounts.**  On the Effective Date, the Liquidation Trust and

7    Liquidation Trustee are authorized, but not directed, to consolidate all accounts containing

8    deposits of the Debtor to a single bank account and close any non-consolidated accounts.

9                                     **ARTICLE VI**

10                **TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

11        **6.1    Assumption and Assignment of Executory Contracts and Unexpired Leases.**

12    Except for any executory contracts or unexpired leases:  (i) that previously were rejected by an

13    order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) that have

14    expired or terminated by their own terms on or before the Effective Date; (iii) as to which a

15    motion for approval of the assumption or rejection of such contract or lease has been Filed and

16    served prior to the Effective Date; or (iv) that were previously sold, conveyed or otherwise

17    assigned pursuant to Final Order, each executory contract and unexpired lease entered into by the

18    Debtor shall be assumed and assigned to the Liquidation Trust pursuant to section 365 of the

19    Bankruptcy Code as of the Effective Date.  The Confirmation Order shall constitute an order of

20    the Bankruptcy Court approving such assumptions and assignments, pursuant to section 365 of the

21    Bankruptcy Code, as of the Effective Date.

22        **6.2    Cure Amounts; Cure Objections.**  The Cure Amount for each executory contract

23    or unexpired lease assumed pursuant to Section 6.1 hereof is $0.00, *provided, however*, that each

24    counterparty to an assumed contract or lease may file with the Bankruptcy Court an objection to

25    assumption and assignment of such counterparty's contract or lease, including an objection to the

26    proposed $0.00 Cure Amount associated with such contract or lease.  The deadline to file any such

27    objection shall be the date that is fourteen (14) days prior to the Confirmation Hearing.  If any

28

1   counterparty timely files an objection to assumption or assignment (including any Cure Amount

2   objection), such objection may be resolved at the Confirmation Hearing.

3         **6.3**    **Office Lease Agreement**.  For the avoidance of doubt, that certain Lease

4   Agreement between the Debtor and C&C Consolidated dba Sycamore Plaza Lease for premises

5   located at 17671 Irvine Blvd., Suite 217, Tustin, CA 92780, which the Debtor previously assumed

6   by order entered May 13, 2020 (Docket No. 203), shall not be rejected as of the Effective Date;

7   the Liquidation Trust shall succeed to the Debtor's rights and obligations under such lease as of

8   the Effective Date.

9         **6.4**    **Assumption of Insurance Contracts**.  Without limiting the generality of Section

10   6.1 hereof, to the extent they constitute executory contracts within the meaning of Bankruptcy

11   Code section 365, the following insurance policies of the Debtor shall be assumed and assigned to

12   the Liquidation Trust as of the Effective Date, and no Cure Amounts shall be owing or payable by

13   the Debtor or the Liquidation Trust in connection with such assumption: (i) employment practices

14   liability policy (Policy No. EPL2560083A) with Mt. Vernon Fire Insurance; (ii) site pollution

15   liability policy (Policy No. EIL1900019302) with Axis Surplus Insurance Co.; (iii) general

16   liability policy (Policy No. WCENCGL000084901) with Clear Blue Specialty Insurance Co.;

17   (iv) workers' compensation policy (Policy No. 1980858-2020) with State Compensation Insurance

18   Fund; and (v) commercial property policy (Policy No. CPS7379651) with Scottsdale Insurance

19   Company.

20         **6.5**    **Surety Bonds**.  The Liquidation Trust shall succeed to the Debtor's rights and

21   obligations under any and all surety bonds, indemnity bonds, and similar contracts in favor of, or

22   that benefit, the Debtor.  Subject to payment of any past due premiums on the Effective Date by

23   the Debtor or the Liquidation Trust, all such contracts shall be reinstated on the Effective Date and

24   the Liquidation Trust shall pay any premiums due under such contracts from and after the

25   Effective Date.

26

27

28

## ARTICLE VII

### DISTRIBUTIONS AND RELATED MATTERS

    **7.1**    **Dates of Distribution.**  Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, by the Liquidation Trustee (or the Liquidation Trustee's agent) on the immediately following Business Day.

    **7.2**    **Cash Distributions.**  Distributions of Cash may be made either by check drawn on a domestic bank or wire or ACH transfer from a domestic bank, at the option of the Liquidation Trustee, except that Cash payments made to foreign Creditors may be made in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

    **7.3**    **Rounding of Payments.**  Whenever payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.  To the extent Cash remains undistributed as a result of the rounding of such fraction to the nearest whole cent, such Cash shall be treated as Unclaimed Property under the Plan.

    **7.4**    **Undeliverable and Unclaimed Distributions.**  In the event that any Distribution to any Holder is returned as undeliverable, no distribution to such Holder shall be made unless and until the Liquidation Trustee has determined the then-current address of such Holder, at which time such distribution shall be made to such Holder without interest; provided, however, that such distributions shall be deemed "Unclaimed Property" at the expiration of ninety (90) calendar days from the date of such attempted Distribution.  After such date, all Unclaimed Property shall revert to the Liquidation Trust automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial, or state escheat, abandoned or unclaimed property laws to the contrary), and the Claim of any Holder to such property or Interest in property shall be forever barred.  The Liquidation Trustee may implement reasonable attempts to reach any recipient of an undeliverable distribution prior to reverting such property to the Liquidation Trust.

**7.5**     **Compliance With Tax Requirements**.

(a)     The Liquidation Trust shall comply with all withholding and reporting requirements imposed by federal, state, or local taxing authorities in connection with making Distributions pursuant to the Plan.

(b)     In connection with each Distribution with respect to which the filing of an information return (such as an IRS Form 1099 or 1042) or withholding is required, the Liquidation Trustee shall file such information return with the IRS and provide any required statements in connection therewith to the recipients of such Distribution, or effect any such withholding and deposit all moneys so withheld to the extent required by law. With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received, the Liquidation Trustee may, in his sole discretion, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

**7.6**     **Record Date in Respect to Distributions.** Except as set forth below, the record date and time for the purpose of determining which Persons are entitled to receive any and all distributions on account of any Allowed Claims or Interests, irrespective of the date of or number of distributions, shall be the Effective Date.

## ARTICLE VIII

### LITIGATION, OBJECTIONS TO CLAIMS, AND DETERMINATION OF TAXES

**8.1**     **Litigation.** Except as may be expressly provided otherwise in the Plan, the Liquidation Trust, through the Liquidation Trustee, shall be responsible for pursuing Liquidation Trust Actions, any objection to the allowance of any Claim, and the determination of tax issues and liabilities.

**8.2**     **Objections to Claims; Objection Deadline.** As of the Effective Date, the Liquidation Trust shall have exclusive authority to file objections, settle, compromise, withdraw or litigate to judgment objections to Claims. Any objection to a Claim or Interest shall be filed with the Bankruptcy Court and served on the Person holding such Claim or Interest within one hundred eighty (180) calendar days after the Effective Date (as may be extended pursuant to this section,

1   the "Objection Deadline"), provided that the Liquidation Trust may seek one or more extensions

2   thereof subject to Bankruptcy Court approval and with notice only to the Post-Effective Date

3   Service List.

4       **8.3**    <u>**Tax Determinations**</u>.  In addition to any other available remedies or procedures

5   with respect to Tax issues or liabilities or rights to Tax refunds, the Liquidation Trust, at any time,

6   may utilize (and receive the benefits of) section 505 of the Bankruptcy Code with respect to: (1)

7   any Tax issue or liability or right to a Tax refund relating to an act or event occurring prior to the

8   Effective Date; or (2) any Tax liability or right to a tax refund arising prior to the Effective Date.

9   If the Liquidation Trust utilizes section 505(b) of the Bankruptcy Code: (1) the Bankruptcy Court

10  shall determine the amount of the subject Tax liability or right to a Tax refund in the event that the

11  appropriate Governmental Unit timely determines a Tax to be due in excess of the amount

12  indicated on the subject return; and (2) if the prerequisites are met for obtaining a discharge of Tax

13  liability in accordance with section 505(b) of the Bankruptcy Code, the Liquidation Trust shall be

14  entitled to such discharge which shall apply to any and all Tax relating to the period covered by

15  such return.

16      **8.4**    <u>**Temporary or Permanent Resolution of Disputed Claims**</u>.  The Liquidation

17  Trust may request that the Bankruptcy Court estimate any contingent or unliquidated Disputed

18  Claim pursuant to section 502(c) of the Bankruptcy Code, irrespective of whether any Person has

19  previously objected to such Disputed Claim.  The Bankruptcy Court will retain jurisdiction and

20  power to estimate any contingent or unliquidated Disputed Claim at any time.  If the Bankruptcy

21  Court estimates any contingent or unliquidated Disputed Claim, that estimated amount will

22  constitute either the Allowed amount of such Disputed Claim or a maximum limitation on such

23  Disputed Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a

24  maximum limitation on such Disputed Claim, then the Liquidation Trust may elect to pursue any

25  supplemental proceedings to object to any ultimate payment on account of such Disputed Claim.

26  In addition, the Liquidation Trust may resolve or adjudicate any Disputed Claim in the manner in

27  which the amount of such Claim or Interest and the rights of the Holder of such Claim or Interest

28  would have been resolved or adjudicated if the Chapter 11 Case had not been commenced.  All of

the aforementioned objection, estimation and resolution procedures are cumulative and not necessarily exclusive of one another.

**8.5** **Setoffs.** The Liquidation Trust may, but shall not be required to, setoff against any Claim, and the payments or other distributions to be made pursuant to the Plan in respect of such Claim may be setoff against claims of any nature whatsoever that the Debtor or the Estate may have against the Holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidation Trust of any such claim that the Liquidation Trust may have against such Holder, unless otherwise agreed to in writing by such Holder and the Liquidation Trust.

**ARTICLE IX**

**INJUNCTIONS, EXCULPATION, RELEASES AND RELATED PROVISIONS**

**9.1** **Injunctions.**

**9.1.1** **Generally.** Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays provided for in the Chapter 11 Case pursuant to sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the date of entry of the Confirmation Order, shall remain in full force and effect until the Effective Date. From and after the Effective Date, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any claim or interest, seeking to hold (i) the Liquidation Trust or the Estate, or (ii) the property of the Debtor or the Estate, liable for any Claim, obligation, right, interest, debt or liability that has been released pursuant to the Plan.

**9.1.2** **Non-Discharge of Debtor; Injunction.** In accordance with section 1141(d)(3) of the Bankruptcy Code, this Plan does not discharge the Debtor. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtor. As such, no Person may receive any payment from, or seek recourse against, any assets that are to be distributed under this Plan other than assets required to be distributed to that Person under the Plan. As of the Effective Date, all parties are precluded from asserting against any property to be distributed under this Plan any Claims, rights, causes of action, liabilities, or Interests based upon any act, omission, transaction, or other activity

39

1   that occurred before the Effective Date except as expressly provided in this Plan or the Confirmation

2   Order.

3       **9.2**    __Exculpation__.  As of and subject to the occurrence of the Effective Date, for good

4   and valuable consideration, including the consideration provided under the Plan, the Exculpated

5   Parties shall neither have nor incur any liability to any Person for any act taken or omitted to be

6   taken, on or after the Petition Date, in connection with, or related to, the formulation, preparation,

7   dissemination, implementation, administration, Confirmation or Consummation of the Plan or any

8   contract, instrument, waiver, release or other agreement or document created or entered into, in

9   connection with the Plan, or any other act taken or omitted to be taken in connection with the

10  Chapter 11 Case or the Debtor up to and including the Effective Date; provided, however, that the

11  foregoing provisions of this subsection shall have no effect on the liability of any Person that

12  results from any such act or omission that is determined in a Final Order to have constituted

13  willful misconduct or actual fraud.  For the avoidance of doubt, the scope of the exculpation

14  provided under this Section 9.2 does not include Hall or any Hall-Related Parties (as defined in the

15  Settlement Agreement).  Notwithstanding anything in the Plan to the contrary, no Person serving

16  as Liquidation Trustee shall have or incur any personal liability as the manager, member or officer

17  of the Debtor or Liquidation Trust for any act taken or omission made in connection with the

18  wind-up or dissolution of the Debtor or any nondebtor subsidiary or affiliate; provided, however,

19  that the foregoing shall have no effect on the liability of the Liquidation Trustee that results from

20  any such act or omission that is determined in a Final Order to have constituted willful misconduct

21  or actual fraud.

22      **9.3**    __Settlement Agreement Releases.__  Nothing in this Plan or the Confirmation Order

23  shall be deemed to alter, impair, modify, or diminish in any way the releases set forth in Section 5

24  of the Settlement Agreement, all of which are incorporated herein by reference and shall remain in

25  effect in accordance with the terms of the Settlement Agreement and the Approval Order.

26

27

28

**ARTICLE X**

**RETENTION OF JURISDICTION AND POWER**

**10.1    Retention of Jurisdiction.**  Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction and power over the Chapter 11 Case and any of the proceedings related to the Chapter 11 Case pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by applicable law, including, without limitation, such jurisdiction and power as appropriate to ensure that the purpose and intent of the Plan are carried out.  Without limiting the generality of the foregoing, the Bankruptcy Court shall retain jurisdiction and power for the following purposes:

(a)    establish the priority or secured or unsecured status of, allow, disallow, determine, liquidate, classify, or estimate any Claim or Interest (including, without limitation and by example only, determination of Tax issues or liabilities in accordance with section 505 of the Bankruptcy Code), resolve any objections to the allowance, priority, or secured or unsecured status of Claims or Interests, or resolve any dispute as to the treatment necessary to reinstate a Claim or Interest pursuant to the Plan, including but not limited to determining whether any Creditor has a valid lien against any of the Debtor's assets;

(b)    grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

(c)    resolve any matters related to the rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

(d)    ensure that distributions to Holders of Allowed Claims Interests are made pursuant to the provisions of the Plan, and to effectuate performance of the provisions of the Plan;

(e)    decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending before the Effective Date or that may be commenced thereafter as provided in the Plan;

41

1         (f)      enter such orders as may be necessary or appropriate to implement or

2  consummate the provisions of the Plan and all contracts, instruments, releases, indentures and

3  other agreements or documents created in connection with the Plan or the Confirmation Order,

4  except as otherwise provided in the Confirmation Order or in the Plan, including, without

5  limitation, any stay orders as may be appropriate in the event that the Confirmation Order is for

6  any reason reversed, stayed, revoked, modified, supplemented or amended;

7         (g)      resolve any cases, controversies, suits or disputes that may arise in

8  connection with the Consummation, interpretation or enforcement of the Plan, the Confirmation

9  Order, or any other order of the Bankruptcy Court;

10         (h)      subject to the restrictions on modifications provided in any contract,

11  instrument, release, indenture or other agreement or document created in connection with the Plan,

12  modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy

13  Code or modify the Confirmation Order or any contract, instrument, release, indenture or other

14  agreement or document created in connection with the Plan or the Confirmation Order; or remedy

15  any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the

16  Confirmation Order or any contract, instrument, release, indenture or other agreement or

17  document created in connection with the Plan or the Confirmation Order, in such manner as may

18  be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy

19  Code;

20         (i)      issue injunctions, enter and implement other orders or take such other

21  actions as may be necessary or appropriate to restrain interference by any Person with the

22  Consummation, implementation or enforcement of the Plan or the Confirmation Order;

23         (j)      consider and act on the compromise and settlement of any Claim  or

24  Liquidation Trust Action;

25         (k)      decide or resolve any Liquidation Trust Action;

26         (l)      enter such orders as may be necessary or appropriate in connection with the

27  recovery of the assets of the Debtor or the Liquidation Trust wherever located;

28

1        (m)    hear and decide any objections to Claims brought by the Liquidation Trust

2  or any other party in interest, to the extent authorized by the Plan;

3        (n)    hear and decide any litigation, including any Avoidance Action, as

4  applicable, brought by the Liquidation Trust;

5        (o)    hear and determine any motions or contested matters involving Priority Tax

6  Claims or Taxes either arising prior (or for periods including times prior) to the Effective Date or

7  relating to the administration of the Chapter 11 Case, including, without limitation (i) matters

8  involving federal, state, and local Taxes in accordance with sections 346, 505 and 1146 of the

9  Bankruptcy Code, (ii) matters concerning Tax refunds due for any period including times prior to

10  the Effective Date, and (iii) any matters arising prior to the Effective Date affecting Tax attributes

11  of any of the Debtor;

12        (p)    determine such other matters as may be provided for in the Confirmation

13  Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or

14  any other applicable law;

15        (q)    enforce all orders, judgments, injunctions, releases, exculpations,

16  indemnifications, and rulings issued or entered in connection with the Chapter 11 Case or the Plan,

17  including any order approving any stipulation or settlement in the Chapter 11 Case;

18        (r)    remand to state court any claim, cause of action, or proceeding involving

19  the Debtor that was removed to federal court, in whole or in part in reliance upon 28 U.S.C.

20  § 1334;

21        (s)    determine any other matters that may arise in connection with or relate to

22  the Plan, the Confirmation Order or any contract, instrument, release, indenture or other agreement

23  or document created in connection with the Plan or the Confirmation Order, except as otherwise

24  provided in the Plan;

25        (t)    determine any other matter not inconsistent with the Bankruptcy Code; and

26        (u)    enter an order or Final Decree concluding the Chapter 11 Case.

27      **10.2**   **Failure of the Bankruptcy Court to Exercise Jurisdiction.**  If the Bankruptcy

28  Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without

1  jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Case, including

2  the matters set forth immediately above, the provisions of this Article X shall have no effect on,

3  and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having

4  competent jurisdiction with respect to, such matter.

5                                   **ARTICLE XI**

6                          **MISCELLANEOUS PROVISIONS**

7        **11.1    Headings.**  The headings used in the Plan are inserted for convenience only and

8  neither constitute a portion of the Plan nor in any manner affect the construction of the provisions

9  of the Plan.

10       **11.2    Bar Date for Administrative Expenses.**  Requests for payment of all

11  Administrative Expenses arising on or after May 1, 2021, other than for which a request and/or

12  proof of Claim has previously been filed, must be Filed and served on the Liquidation Trust and

13  the U.S. Trustee by no later than thirty (30) calendar days after the Effective Date.  The bar date

14  for all Administrative Expenses arising on or prior to April 30, 2021 has already passed.  The

15  Liquidation Trust shall have until the Objection Deadline to object to a Timely Filed request for

16  payment of an Administrative Expense (as may be extended), *provided, that,* the Liquidation

17  Trustee may seek extension(s) thereof subject to Bankruptcy Court approval and with notice only

18  to the Post-Effective Date Service List.  Nothing in the Plan shall prohibit the Liquidation Trustee

19  from paying Administrative Expenses in the ordinary course in accordance with applicable law

20  during or after the Chapter 11 Case.

21       **11.3    Professional Fee Claims.**  Notwithstanding the foregoing provisions of this Article

22  XI, Professional Persons requesting compensation or reimbursement of expenses incurred after the

23  Petition Date and prior to the Effective Date must file and serve, on all parties entitled to notice

24  thereof, a fee application for final allowance of compensation and reimbursement of expenses no

25  later than thirty (30) calendar days after the Effective Date and any objections to such applications

26  must be made in accordance with applicable rules of the Bankruptcy Court.  Professional Fee

27  Claims shall be paid in accordance with the terms of the order(s) authorizing such payments as

28  soon as practicable after such obligation to pay becomes due unless otherwise agreed upon by the

applicable Professional.  From and after the Effective Date, the Liquidation Trustee shall in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professionals thereafter incurred by the Liquidation Trust.

**11.4    Notices.**  Following the Effective Date, notwithstanding anything in the Bankruptcy Code or Bankruptcy Rules to the contrary, all applications, motions, pleadings, and notices Filed in the Chapter 11 Case shall be served solely on the Post-Effective Date Service List and any Person whose rights are affected by the applicable application, motion, pleading, or notice.  All notices to the Liquidation Trustee, including any notices or requests in connection with the Plan, shall be in writing and shall be hand delivered or sent by mail or email addressed to.

Liquidation Trustee:

John Harris
Numeric Solutions, LLC
1536 Eastman Avenue, Suite D
Ventura, California 93003
Email: harris@numericsolutions.com

All notices and requests to any Person of record holding any Claim or Interest shall be sent to such Person at the Person's last known address or to the last known address of the Person's attorney of record.  Any such Person may designate in writing any other address for purposes of this section of the Plan, which designation will be effective on receipt.

**11.5    Successors and Assigns.**  The rights, duties and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

**11.6    Severability of Plan Provisions.**  If, prior to Confirmation, any non-material term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision will then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The

45

Confirmation Order will constitute a judicial determination that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to their terms.

**11.7   No Waiver.**  Neither the failure of the Debtor to list a Claim in the Debtor's Schedules, the failure of the Debtor to object to any Claim or Interest prior to Confirmation or the Effective Date, the failure of the Debtor to assert a Cause of Action prior to Confirmation or the Effective Date, the absence of a proof of Claim having been filed with respect to a Claim, nor any action or inaction of the Debtor or any other Person with respect to a Claim, Interest or Cause of Action other than a legally effective express waiver or release shall be deemed a waiver or release of the right of the Debtor or the Liquidation Trust or their successors, before or after Confirmation or the Effective Date, to (a) object to or examine such Claim or Interest, in whole or in part or (b) retain and either assign or exclusively assert, pursue, prosecute, utilize, otherwise act or otherwise enforce any Cause of Action.

**11.8   Inconsistencies.**  In the event the terms or provisions of the Plan are inconsistent with the terms and provisions of any other documents executed in connection with the Plan, the terms of the Plan shall control; provided, however, that the Confirmation Order shall control and take precedence in the event of any inconsistency between the Confirmation Order, any provision of the Plan, and any of the foregoing documents.

**11.9   Waiver of Stay.**  The Debtor requests as part of the Confirmation Order a waiver of the fourteen (14) day stay of Bankruptcy Rule 3020(e).

**11.10   Choice of Law.**  Except to the extent a rule of law or procedures is supplied by federal law (including but not limited to the Bankruptcy Code and the Bankruptcy Rules), this Plan shall be governed by, and construed in accordance with, the laws of the State of California applicable to contracts executed in and to be performed in that State.  Any applicable non-bankruptcy law that would prohibit, limit, or otherwise restrict implementation of the Plan based on (i) the commencement of the Chapter 11 Case, (ii) the appointment of the Liquidation Trustee, (iii) the wind down of the Debtor, or (iv) any other act or action to be done pursuant to or

contemplated by the Plan is superseded and rendered inoperative by the Plan and federal bankruptcy law.

**11.11** <u>**Modification or Withdrawal of Plan.**</u>

(a)    One or both of the Plan Proponents may seek to amend or modify the Plan at any time prior to its Confirmation in the manner provided by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as the Bankruptcy Court may otherwise order, and except as otherwise set forth herein, the Plan Proponents reserve the right to amend the terms of the Plan or waive any conditions to its Confirmation, effectiveness or Consummation, if the Plan Proponents determine that such amendments or waivers are necessary or desirable to confirm, effectuate or consummate the Plan.

(b)    After Confirmation of the Plan, but prior to the Effective Date, one or both of the Plan Proponents may, pursuant to section 1127 of the Bankruptcy Code, seek to modify the Plan.  After the Effective Date, the Liquidation Trustee may apply to the Bankruptcy Court to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

(c)    Each of the Plan Proponents reserve the right to revoke and withdraw the Plan at any time prior to the Effective Date, in which case the Plan will be deemed to be null and void.  If a Plan Proponent revokes or withdraws the Plan, or if Confirmation or the Effective Date does not occur, then:  (i) the Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in the Plan, assumption or rejection of executory contracts or unexpired leases affected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (iii) nothing contained in the Plan shall:  (a) constitute a waiver or release of any Claims or Interests or Causes of Action of the Debtor or the Estate against any other Person; (b) prejudice in any manner the rights of the Debtor, the Estate, or any other Person; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor, the Estate, or any other Person.

## ARTICLE XII

### CONDITIONS TO EFFECTIVENESS

**12.1    Conditions to Effectiveness.**  The Plan will not be consummated and the Effective Date will not occur unless and until (A) the Confirmation Order is entered in a form acceptable to the Debtor and PDC; (B) all documents to be provided in the Plan Supplement are in form and substance acceptable to the Debtor and PDC; (C) the Confirmation Order shall be a Final Order; (D) the Debtor and PDC determine in their respective reasonable business judgment that the Estate has sufficient Cash to pay all Allowed Claims, as of the Effective Date, to the extent the Holders thereof are entitled to payment as of such date under the Plan and unless otherwise agreed by such Holders, and (E) the Debtor and PDC also determine in their respective reasonable business judgment that the Estate has sufficient Cash to pay all asserted, accrued, and estimated Administrative Expenses that have not yet been Allowed or are otherwise not yet payable as of the Effective Date but which such Administrative Expenses are anticipated to be later Allowed or otherwise payable and the Holders of any such Administrative Expenses have not agreed to alternative treatment.  Any of the foregoing conditions may be jointly waived by the Debtor and PDC and such waiver shall not require any notice, Bankruptcy Court order, or any further action.

## ARTICLE XIII

### EFFECT OF CONFIRMATION

**13.1    Binding Effect of Confirmation.**  Confirmation will bind the Debtor, all Holders of Claims or Interests and other parties in interest to the provisions of the Plan whether or not the Claim or Interest of such Holder is Impaired under the Plan and whether or not the Holder of such Claim or Interest has accepted the Plan.

**13.2    Good Faith.**  Confirmation of the Plan shall constitute a conclusive determination that the Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code.

**13.3    No Limitations on Effect of Confirmation.**  Nothing contained in the Plan will limit the effect of Confirmation as described in section 1141 of the Bankruptcy Code.

48

1   DATED:  June 30, 2021                    Respectfully Submitted,

2                                            THEODORA ORINGHER, PC

3

4                                                 */s/ William N. Lobel*
                                             William N. Lobel, Esq. (State Bar No. 93202)
5
                                             *Counsel for Bridgemark Corporation*
6
                                             -and-
7
                                             KTBS LAW LLP
8

9

10

11                                           Robert J. Pfister (State Bar No. 241370)

12                                           *Counsel for Placentia Development Company, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Form of Liquidation Trust Agreement**

# LIQUIDATION TRUST AGREEMENT

This **Liquidation Trust Agreement** (this "**Agreement**") is made on [_____],

2021, by and between Bridgemark Corporation, a debtor and debtor-in-possession (the

"**Debtor**") in the Chapter 11 case (the "**Case**") pending in the United States Bankruptcy Court

for the Central District of California (the "**Bankruptcy Court**") under Case Number 8:20-bk-

10143-TA, and John Harris (the "**Liquidation Trustee**"). Capitalized terms used but not

otherwise defined herein shall have the meanings ascribed to them in the Plan (as hereinafter

defined).

## RECITALS

WHEREAS, on January 14, 2020, the Debtor filed a voluntary petition under Chapter 11

of the Bankruptcy Code;

WHEREAS, on June 30, 2021, the Debtor filed a plan of liquidation pursuant to Chapter

11 of the Bankruptcy Code (as amended or modified from time to time, the "**Plan**");

WHEREAS, on [____], 2021, the Bankruptcy Court entered an order confirming the Plan

(the "**Confirmation Order**");

WHEREAS, the Plan and the Confirmation Order provide for the establishment of this

Agreement and the appointment of the Liquidation Trustee;

WHEREAS, the Liquidation Trust is established for the purpose of (i) collecting,

administering, distributing and liquidating the Liquidation Trust Assets for the benefit of the

Placentia Development Company, LLC ("**PDC**"), in its capacity as the sole beneficiary of the

Liquidation Trust (the "**Liquidation Trust Beneficiary**"), in accordance with the terms of this

Agreement and the Plan, (ii) completing the P&A Work, and (iii) paying certain Allowed Claims

and statutory fees, in each case to the extent required by the Plan;

WHEREAS, the Liquidation Trust is established pursuant to the Plan and this Agreement as a liquidating trust in accordance with Treasury Regulation section 301.7701-4(d) for the sole purpose of liquidating the Liquidation Trust Assets, with no objective to continue or engage in the conduct of a trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust and the Plan; and

WHEREAS, the Liquidation Trust is intended to qualify as a "grantor trust" for US federal income tax purposes pursuant to sections 671-677 of the Internal Revenue Code, with the Liquidation Trust Beneficiary treated as the grantor and owner of the Liquidation Trust.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and in the Plan, the Debtor and the Liquidation Trustee agree that the Liquidation Trust shall be comprised, held, and disposed of as follows:

## DECLARATION OF TRUST

The Debtor and the Liquidation Trustee enter into this Agreement to (i) effectuate the Distribution of the Liquidation Trust Assets to the Liquidation Trust Beneficiary, (ii) complete the P&A Work and (iii) pay certain Allowed Claims and statutory fees, in each case pursuant to the Plan and the Confirmation Order;

Pursuant to section 5.3.3 of the Plan, paragraphs [X, X, X] of the Confirmation Order, and section 2.03 of this Agreement, all right, title, and interest in, under, and to the Liquidation Trust Assets shall be absolutely and irrevocably assigned to the Liquidation Trust and to its successors in trust and its successors and assigns;

TO HAVE AND TO HOLD unto the Liquidation Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Liquidation Trust Assets and all other property held from time to time by the Liquidation Trust under this

Agreement and any proceeds thereof and earnings thereon (collectively, "**Trust Assets**") are to be held by the Liquidation Trust and applied on behalf of the Liquidation Trust by the Liquidation Trustee on the terms and conditions set forth herein and in the Plan, solely for the benefit of the Liquidation Trust Beneficiary and for no other party.

## ARTICLE I

### Recitals, Definitions, and Interpretations

**Section 1.01   Recitals**.  The Recitals are incorporated into and made terms of this Agreement.

**Section 1.02   Plan Definitions**.  All terms used in this Agreement but not defined herein shall have the same meanings set forth in the Plan.

**Section 1.03   Interpretation, Headings**.  All references herein to specific provisions of the Plan or Confirmation Order are without exclusion or limitation of other applicable provisions of the Plan or Confirmation Order.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.  The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this Agreement.

**Section 1.04   Conflict Among Documents**.  In the event of any inconsistency between the Plan or Confirmation Order, as applicable, on the one hand, and this Agreement, on the other hand, the Plan or Confirmation Order, as applicable, shall control and take precedence.

# ARTICLE II

## Establishment of Trust

**Section 2.01   Effectiveness of Agreement; Name of Trust.**  This Agreement shall become effective on the Effective Date.  The Liquidation Trust shall be officially known as the "**Bridgemark Liquidation Trust**" and, is herein referred to as, the "**Liquidation Trust**".

**Section 2.02   Purpose of Trust.**  The Debtor and the Liquidation Trustee, pursuant to the Plan and in accordance with Bankruptcy Code, hereby create the Liquidation Trust for the purpose of (i) collecting, administering, distributing and liquidating the Liquidation Trust Assets for the benefit of the Liquidation Trust Beneficiary in accordance with the terms of this Agreement and the Plan, (ii) completion of the P&A Work, and (iii) to pay certain Allowed Claims and statutory fees, in each case in accordance with the terms and conditions of this Agreement and the Plan, and with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust set forth in the Plan.

**Section 2.03   Transfer of Trust Assets.**

(a)    <u>Conveyance of Liquidation Trust Assets</u>.  The Debtor hereby grants, releases, assigns, transfers, conveys, and delivers, on behalf of the Liquidation Trust Beneficiary, the Trust Assets to the Liquidation Trust as of the Effective Date in trust for the benefit of the Liquidation Trust Beneficiary to be administered and applied as specified in this Agreement and the Plan.  The Liquidation Trustee shall have no duty to arrange for any of the transfers contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and the Confirmation Order, and shall be conclusively entitled to rely on the legality and validity of such transfers.  The Debtor

shall not have any further obligations with respect to the Allowed Claims under the Plan or the distribution or payment of any proceeds of the Trust Assets to the Liquidation Trust Beneficiary or Holders of Allowed Claims upon the transfer of the Trust Assets to the Liquidation Trust in accordance with this Agreement and the Plan.  None of the foregoing transfers to the Liquidation Trust shall constitute a merger or consolidation of any of the respective Liquidation Trust Actions, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.

(b)    <u>Title to Trust Assets</u>.  Pursuant to the Plan, all of the Debtor's right, title, and interest in and to the Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Liquidation Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan.  The Liquidation Trustee shall be authorized to obtain possession or control of, liquidate, and collect all of the Trust Assets in the possession or control of third parties and pursue all of the Liquidation Trust Actions.  On the Effective Date, the Liquidation Trust shall stand in the shoes of the Debtor for all purposes with respect to the Trust Assets and administration of the Claims.  To the extent any law, contractual term or regulation prohibits the transfer of ownership of any of the Trust Assets from the Debtor to the Liquidation Trust and such law, contractual term or regulation is not superseded by the Bankruptcy Code, the Liquidation Trust's interest shall be a lien upon and security interest in such Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in section 2.02, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages.  By executing this Agreement, the Liquidation Trustee on behalf of the

Liquidation Trust hereby accepts all of such property as Trust Assets, to be held in trust

on behalf of the Liquidation Trust Beneficiary and the other Holders of Claims, subject to

the terms of this Agreement and the Plan.

(c)    Capacity of Trust.  Notwithstanding any state or federal law to the

contrary or anything herein, the Liquidation Trust itself shall have the capacity, in its own

right and name, to act or refrain from acting, including the capacity to sue and be sued

and to enter into contracts.  The Liquidation Trust may alone be the named movant,

respondent, party plaintiff or defendant, or the like in all adversary proceedings,

contested matters, and other state or federal proceedings brought by or against it, and may

settle and compromise all such matters in its own name.  The Liquidation Trust is

irrevocable but subject to amendment and waiver as provided in the Agreement.  The

Liquidation Trust is not intended to be, and shall not be deemed to be or treated as, a

general partnership, limited partnership, limited liability partnership, joint venture,

corporation, limited liability company, joint stock company or association, nor shall the

Liquidation Trustee or the Liquidation Trust Beneficiary for any purpose be, or be

deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as

partners or joint venturers.  The relationship of the Liquidation Trust Beneficiary, on the

one hand, to the Liquidation Trust and the Liquidation Trustee, on the other hand, shall

not be deemed a principal or agency relationship, and their rights shall be limited to those

conferred upon them by this Agreement, the Plan, and the Confirmation Order.

(d)    Acceptance by Trustee.  The Liquidation Trustee accepts its appointment

as Liquidation Trustee of the Liquidation Trust.

**Section 2.04    Trust Funding**.  The Liquidation Trustee may request funding from time to time from the Liquidation Trust Beneficiary as the Liquidation Trustee reasonably believes is necessary to meet expenses, claims and contingent liabilities of the Liquidation Trust, and the Liquidation Trust Beneficiary, in its sole discretion, may elect to provide or arrange for such additional funding on such terms as the Liquidation Trust Beneficiary and the Liquidation Trustee may agree; *provided*, *however*, that the aggregate amount of funding to be provided by the Liquidation Trust Beneficiary shall not exceed ten percent (10%) of the Customer DIP Account Funds.

## ARTICLE III

## Trust Administration

**Section 3.01    Rights, Powers, and Privileges of Trustee Generally**.  Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the date that the Trust Assets are transferred to the Liquidation Trust the Liquidation Trustee on behalf of the Liquidation Trust may control and exercise authority over the Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Liquidation Trust.  In administering the Trust Assets, the Liquidation Trustee shall endeavor not to unduly prolong the Liquidation Trust's duration, with due regard that undue haste in the administration of the Trust Assets may fail to maximize value for the benefit of the Liquidation Trust Beneficiary and otherwise be imprudent and not in the best interests of the Liquidation Trust Beneficiary.

**Section 3.02    Power to Contract**.  In furtherance of the purpose of the Liquidation Trust, and except as otherwise specifically restricted in the Plan, Confirmation Order, or this Agreement, the Liquidation Trustee shall have the right and power on behalf of the Liquidation

Trust, and also may cause the Liquidation Trust, to enter into any covenants or agreements binding the Liquidation Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Liquidation Trustee to be consistent with and advisable in furthering the purpose of the Liquidation Trust.

**Section 3.03    Ultimate Right to Act Based on Advice of Counsel or Other Professionals**.  Nothing in this Agreement shall be deemed to prevent the Liquidation Trustee from taking or refraining to take any action on behalf of the Liquidation Trust that, based upon the advice of counsel or other professionals, the Liquidation Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Liquidation Trustee may owe the Holders of Claims or any other Person under the Plan, Confirmation Order, or this Agreement.

**Section 3.04    P&A Work**.  The Liquidation Trustee will complete the P&A Work in accordance with Section 5.3.6 of the Plan and take such other actions upon completion as are contemplated thereby.

**Section 3.05    Powers of Trustee**.  Without limiting the generality of the above sections 3.01, in addition to the powers granted in the Plan, the Liquidation Trustee shall have the power to take the following actions on behalf of the Liquidation Trust and any powers reasonably incidental thereto that the Liquidation Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Liquidation Trust, unless otherwise specifically limited or restricted by the Plan or this Agreement:

(a)    Hold legal title to the Trust Assets and to any and all rights of the Debtor in or arising from the Trust Assets.

(b)     Manage, invest, supervise, protect, and where appropriate, cause the Liquidation Trust to abandon the Trust Assets, including causing the Liquidation Trust to invest any moneys held as Trust Assets in accordance with the terms of section 3.09 hereof.

(c)     Request, negotiate the terms of, and accept additional funding from the Liquidation Trust Beneficiary in accordance with Section 5.5.3 of the Plan.

(d)     To take all steps necessary or appropriate to terminate the corporate existence of the Debtor and any of the Debtor's non-Debtor subsidiaries consistent with the Plan.

(e)     Open and maintain bank accounts on behalf of or in the name of the Liquidation Trust.

(f)     Cause the Liquidation Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this Agreement, and to perform all obligations thereunder.

(g)     Use, manage, sell, abandon, convert to cash and/or otherwise transfer or dispose of the Trust Assets for the purpose of making Distributions, fully consummating the Plan and/or taking other actions as are necessary and expedient in the Liquidation Trustee's discretion.

(h)     Retain, compensate, and employ licensed contractors, professionals, and other Persons to undertake the P&A Work.

(i)     Protect and enforce the rights to the Trust Assets (including any Liquidation Trust Actions) vested in the Liquidation Trust and Trustee by this Agreement

and the Plan by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise.

(j)        Investigate any Trust Assets, including potential Liquidation Trust Actions, and any objections to Claims, and cause the Liquidation Trust to seek the examination of any Person pursuant to Federal Rules of Bankruptcy Procedure.

(k)        Cause the Liquidation Trust to employ and pay professionals, claims agents, disbursing agents, and other agents and third parties pursuant to this Agreement without further order of the Bankruptcy Court.

(l)        Cause the Liquidation Trust to pay all of its lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the Trust Assets.

(m)        Cause the Liquidation Trust to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve all Liquidation Trust Actions.

(n)        Assert or waive any defenses, claims, counterclaims and rights of setoff, recoupment or privilege of the Debtor, its Estate or any of the Debtor's non-Debtor subsidiaries, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral).

(o)        Calculate and make all Distributions on behalf of the Liquidation Trust to the Holders of Allowed Claims provided for in, or contemplated by, the Plan and this Agreement.

(p)        Establish, adjust, and maintain reserves for Disputed Claims required to be administered by the Liquidation Trust.

(q)     Cause the Liquidation Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Liquidation Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld from such Distribution under the income tax or other laws of the United States or of any state or political subdivision thereof.

(r)     In reliance initially solely upon the Debtor's schedules and the official claims register maintained in the Debtor's Chapter 11 Case, review, and where appropriate, cause the Liquidation Trust to allow or object to Claims and Interests; and, supervise and administer the Liquidation Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to Disputed Claims required to be administered by the Liquidation Trust.

(s)     In reliance upon the Debtor's schedules and the official Claims register maintained in the Chapter 11 Case, maintain a register evidencing the beneficial interest herein held by the Liquidation Trust Beneficiary.

(t)     Cause the Liquidation Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Liquidation Trust, and file tax returns for the Liquidation Trust as a grantor trust under IRC section 671 and Treasury Income Tax Regulation section 1.671-4 pursuant to and in accordance with the Plan and Article VII hereof, and pay taxes, if any, payable for and on behalf of the Liquidation Trust; provided, however, that notwithstanding any other provision of this Agreement, the Liquidation Trustee shall have no personal responsibility for the signing or accuracy of the Debtor's income tax

returns that are due to be filed after the Effective Date or for any tax liability related thereto.

(u)    Cause the Liquidation Trust to send annually to the Liquidation Trust Beneficiary, in accordance with the tax laws, a separate statement stating the Liquidation Trust Beneficiary's interest in the Liquidation Trust and its share of the Liquidation Trust's income, gain, loss, deduction or credit, and to instruct the Liquidation Trust Beneficiary to report such items on their federal tax returns;

(v)    Cause the Liquidation Trust to seek a determination of tax liability or refund under section 505 of the Bankruptcy Code.

(w)    Cause the Liquidation Trust to establish such reserves for taxes, assessments, and other expenses of administration of the Liquidation Trust as may be necessary and appropriate for the proper operation of matters incident to the Liquidation Trust.

(x)    Cause the Liquidation Trust to purchase and carry all insurance policies that the Liquidation Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs out of the Trust Assets.

(y)    If the Liquidation Trustee has a conflict or if any of the Trust Assets are situated in any state or other jurisdiction in which the Liquidation Trustee is not qualified to act as trustee, nominate, and appoint a Person duly qualified to act as trustee in such state or jurisdiction in accordance with the terms of this Agreement.

(z)    Undertake all administrative functions of the Liquidation Trust, including overseeing the winding down and termination of the Liquidation Trust.

(aa)    Undertake all administrative functions remaining in the Chapter 11 Case, including reporting and making required payments of fees to the US Trustee and overseeing the closing of the Chapter 11 Case.

(bb)    Exercise, implement, enforce, and discharge all of the terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement.

(cc)    Take all other actions consistent with the provisions of the Plan that the Liquidation Trustee deems reasonably necessary or desirable to administer the Liquidation Trust,  including filing all motions, pleadings, reports, and other documents in connection with the administration and closing of the Chapter 11 Cases.

**Section 3.06    Exclusive Authority to Pursue Causes of Action**.  The Liquidation Trust, as a successor in interest to the Debtor and the Estate, may, and will have the exclusive right, power, and interest on behalf of itself, the Debtor, and the Estate to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all Liquidation Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in this Agreement.  The Liquidation Trust, in accordance with Bankruptcy Code section 1123(b)(3), shall serve as a representative of the Estate with respect to any and all Liquidation Trust Actions that were property of the Estate and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all Liquidation Trust Actions in any court or other tribunal.

**Section 3.07    Responsibility for Administration of Claims**.  As of the Effective Date, the Liquidation Trustee shall become responsible for administering and paying Distributions to

the Holders of Allowed Claims entitled to receive Distributions from the Liquidation Trust

pursuant to the Plan.  The Liquidation Trustee shall have the exclusive right to object to the

allowance of any Claim on any ground and shall be entitled to assert all defenses of the Debtor

and its Estate.  The Liquidation Trustee shall also be entitled to assert all of the Estate's rights

under, without limitation, section 558 of the Bankruptcy Code.  The Liquidation Trustee may

also seek estimation of any Claims under and subject to section 502(c) of the Bankruptcy Code.

**Section 3.08    Agents and Professionals**.  The Liquidation Trustee may, but shall not be

required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and

other professionals the Liquidation Trustee believes have qualifications necessary to assist in the

administration of the Liquidation Trust, including professionals previously retained by the

Debtor.  For the avoidance of doubt, and without limitation of applicable law, nothing in this

Agreement shall limit the Liquidation Trustee from engaging counsel or other professionals,

including the Liquidation Trustee itself or the Liquidation Trustee's firm or their affiliates, to do

work for the Liquidation Trust.  The Liquidation Trustee may pay the reasonable salaries, fees

and expenses of such Persons out of the Trust Assets in the ordinary course of business.

**Section 3.09    Safekeeping and Investment of Trust Assets**.  All moneys and other

assets received by the Liquidation Trustee shall, until distributed or paid over as provided herein

and in the Plan, be held in trust for the benefit of the Liquidation Trust Beneficiary and the other

Holders of Claims, but need not be segregated in separate accounts from other Trust Assets,

unless and to the extent required by law or the Plan. The Liquidation Trustee shall not be under

any obligation to invest Trust Assets. Neither the Liquidation Trust nor the Liquidation Trustee

shall have any liability for interest or producing income on any moneys received by them and

held for Distribution or payment to Holders of Claims, except as such interest shall actually be

received by the Liquidation Trust or Trustee, which shall be distributed as provided in the Plan.

Except as otherwise provided by the Plan, the powers of the Liquidation Trustee to invest any

moneys held by the Liquidation Trust, other than those powers reasonably necessary to maintain

the value of the assets and to further the Liquidation Trust's liquidating purpose, shall be limited

to powers to invest in demand and time deposits, such as short-term certificates of deposit, in

banks or other savings institutions, or other temporary liquid investments, such as treasury bills;

provided, however, that the scope of permissible investments shall be limited to include only

those investments that a Liquidation Trust, within the meaning of Treas. Reg. § 3.01.7701-4(d),

may be permitted to hold pursuant to the Treasury Regulations, or any modification of the IRS

guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. For the

avoidance of doubt, the provisions of section 11-2.3 of the Estates, Power, and Trusts Law of

New York shall not apply to this Agreement. Notwithstanding the foregoing, the Liquidation

Trustee shall not be prohibited from engaging in any trade or business on its own account,

provided that such activity does not interfere or conflict with the Liquidation Trustee's

administration of the Liquidation Trust.

    **Section 3.10   Maintenance and Disposition of Trust Records**.  The Liquidation Trust

and Liquidation Trustee shall maintain reasonably good and sufficient books and records of

accounting relating to the Trust Assets, the Liquidation Trust's Cash, the management thereof,

all transactions undertaken by such parties, all expenses incurred by or on behalf of the

Liquidation Trust and Liquidation Trustee, and all distributions contemplated or effectuated

under this Agreement or the Plan.  Upon the entry of the Final Decree, unless otherwise ordered

by the Bankruptcy Court, the Liquidation Trust and Liquidation Trustee may destroy or

otherwise dispose of all records maintained by the Liquidation Trust and/or Liquidation Trustee.

Notwithstanding anything to the contrary, the Liquidation Trustee may, upon notice to the Post-Effective Date Service List and without Bankruptcy Court approval, destroy any documents that he or she believes are no longer required to effectuate the terms and conditions of this Agreement or the Plan.

**Section 3.11    Reporting Requirements**.  To the extent feasible and practicable as determined by the Liquidation Trustee, each Distribution by the Liquidation Trustee shall be accompanied by a report to the Liquidation Trust Beneficiary which details and accounts for the Liquidation Trust Assets remaining since the prior report. The report shall include a summary of expenses incurred by the Liquidation Trustee and Distributions made on account of Allowed Claims.

**Section 3.12    Conflicts of Interest**.  The Liquidation Trustee will appoint a disinterested Person to handle any matter where the Liquidation Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Liquidation Trustee is unwilling or unable to appoint a disinterested Person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

**Section 3.13    No Bond Required; Procurement of Insurance**.  Notwithstanding any state or other applicable law to the contrary, the Liquidation Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond. The Liquidation Trustee shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, at the Liquidation Trust's sole expense, for itself and its agents, including coverage with respect to the liabilities, duties, and obligations of the Liquidation Trustee, which insurance coverage may, at the sole discretion

of the Liquidation Trustee, be extended for a reasonable period after the termination of the

Liquidation Trust.

    **Section 3.14   Charitable Donations**.  The Liquidation Trustee may donate any

remaining proceeds to a charitable organization after the Liquidation Trustee has made all

Distributions possible pursuant to the terms and conditions of this Agreement.

    **Section 3.15   Bankruptcy Court Approval of Liquidation Trustee Actions**.  Except

as provided in the Plan or otherwise specified in this Agreement, the Liquidation Trustee need

not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or

discretion conferred hereunder, or account to the Bankruptcy Court.  The Liquidation Trustee

shall exercise his or her business judgment for the benefit of the Liquidation Trust Beneficiary to

maximize the value of the Trust Assets and Distributions to the Liquidation Trust Beneficiary,

giving due regard to the cost, risk, and delay of any course of action.  Notwithstanding the

foregoing, the Liquidation Trustee shall have the right to submit to the Bankruptcy Court any

question or questions regarding which the Liquidation Trustee may desire to have explicit

approval of the Bankruptcy Court for taking of any specific action proposed to be taken by the

Liquidation Trustee with respect to any of the Trust Assets, this Agreement, or the Plan,

including the administration, Distribution, or proposed sale of any of the Trust Assets.  The

Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or

disapprove any such proposed action upon motion by the Liquidation Trust.

## ARTICLE IV

### Distributions

    **Section 4.01   Distribution and Reserve of Trust Assets**.  Following the transfer of

Trust Assets to the Liquidation Trust, the Liquidation Trustee shall make continuing efforts on

behalf of the Liquidation Trust to collect, liquidate, and make Distributions to the Liquidation

Trust Beneficiary and other Holders of Allowed Claims, in each case to the extent required by

the Plan, subject to the reserves required under the Plan or this Agreement.

(a)    **Distributions**.  To the extent required by, and subject to, the Plan

(including Section 5.3.12 of the Plan), the Liquidation Trustee shall cause the Liquidation

Trust to distribute the Liquidation Trust's net Cash income and net Cash proceeds from

the liquidation of the Trust Assets to the Liquidation Trust Beneficiary and pay certain

Allowed Claims to the extent required by the Plan, except the Liquidation Trustee may

retain an amount of net income and other Trust Assets reasonably necessary to maintain

the value of the Trust Assets or to meet expenses, claims and contingent liabilities of the

Liquidation Trust and Trustee, and retention of such amount may preclude Distributions

to the Liquidation Trust Beneficiary or Holders of Allowed Claims.  Any non-Cash assets

included within the Trust Assets after the completion of the P&A Work will be treated in

accordance with Section 5.3.12 of the Plan.

(b)    **Reserves; Pooling of Reserved Funds**.  Before any Distribution can be

made, the Liquidation Trustee shall, in its reasonable discretion, establish, supplement,

and maintain reserves in an amount sufficient to meet any and all expenses and liabilities

of the Liquidation Trust, including those associated with the P&A Work, attorneys' fees

and expenses, the fees and expenses of other professionals, and fees owed the US

Trustee.  The Liquidation Trustee need not maintain the Liquidation Trust's reserves in

segregated bank accounts and may pool funds in the reserves with each other and other

funds of the Liquidation Trust; provided, however, that the Liquidation Trustee shall treat

all such reserved funds as being held in a segregated manner in its books and records.

(c)      **Distributions Net of Reserves and Costs**.  Distributions shall be made net of reserves in accordance with the Plan and also net of the actual and reasonable costs of making the Distributions.

(d)      **Right to Rely on Professionals**.  Without limitation of the generality of section 6.06 of this Agreement, in determining the amount of any Distribution or reserves, the Liquidation Trustee may rely and shall be fully protected in relying on the advice and opinion of the Liquidation Trust's financial advisors, accountants, or other professionals.

**Section 4.02   Method and Timing of Distributions**.  Distributions to the Liquidation Trust Beneficiary and the Holders of Allowed Claims will be made from the Liquidation Trust in accordance with the terms of the Plan and this Agreement.

**Section 4.03   Withholding from Distributions**.  The Liquidation Trustee, in its discretion, may cause the Liquidation Trust to withhold from amounts distributable from the Liquidation Trust to the Liquidation Trust Beneficiary any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on the Liquidation Trust Beneficiary or the Liquidation Trust with respect to the amount to be distributed to the Liquidation Trust Beneficiary.  The Liquidation Trustee shall determine such maximum amount to be withheld by the Liquidation Trust in its sole, reasonable discretion and shall cause the Liquidation Trust to distribute to the Liquidation Trust Beneficiary any excess amount withheld.

**Section 4.04   Unclaimed and Undeliverable Distributions**.  If any Distribution to a Holder of an Allowed Claim is returned to the Liquidation Trustee as undeliverable or is

otherwise unclaimed, no further Distributions to such Holder of an Allowed Claim shall be made

unless and until the Holder of an Allowed Claim claims the Distributions by timely notifying the

Liquidation Trustee in writing of any information necessary to make the Distribution to the

Holder of an Allowed Claim in accordance with this Agreement, the Plan, and applicable law,

including such Holder of an Allowed Claim's then-current address or taxpayer identification

number.  If the Holder of an Allowed Claim timely provides the Liquidation Trustee such

missing information, all missed Distributions shall be made to the Holder of an Allowed Claim

as soon as is practicable, without interest.  Undeliverable or unclaimed Distributions shall be

administered in accordance with Section 7.4 of the Plan.

(a)    **No Responsibility to Attempt to Locate Holders of Allowed Claims**.

The Liquidation Trustee may, in its sole discretion, attempt to determine a Holder of an

Allowed Claim's current address or otherwise locate a Holder of an Allowed Claim, but

nothing in this Agreement or the Plan shall require the Liquidation Trustee to do so.

(b)    **Disallowance of Claims**.  All Claims in respect of undeliverable or

unclaimed Distributions that pursuant to Section 7.4 of the Plan have become unclaimed

property under section 347(b) of the Bankruptcy Code, shall be deemed Disallowed and

expunged, and the corresponding beneficial interests in the Liquidation Trust of the

Holder of an Allowed Claim holding such Disallowed Claims shall be deemed canceled.

The Holder of any such Disallowed Claim shall no longer have any right, claim, or

interest in or to any Distributions in respect of such Disallowed Claims.  The Holder of

any such Disallowed Claim is forever barred, estopped, and enjoined from receiving any

Distributions under this Agreement and from asserting such Disallowed Claim against the

Liquidation Trust or Trustee.

(c)    **Inapplicability of Unclaimed Property or Escheat Laws**.  Unclaimed

property held by the Liquidation Trust shall not be subject to the unclaimed property or

escheat laws of the United States, any state, or any local governmental unit.

**Section 4.05    Voided Checks; Request for Reissuance**.  Distribution checks issued to

Holders of Allowed Claims shall be null and void if not negotiated within ninety (90) days after

the date of issuance thereof.  Requests for reissuance of any check shall be made in writing

directly to the Liquidation Trustee by the Holder of an Allowed Claim that was originally issued

such check.  All such requests shall be made promptly.  Distributions in respect of voided checks

shall be treated as unclaimed Distributions under the Plan and administered under section 4.04 of

this Agreement.

**Section 4.06    Priority of Expenses of Trust**.  The Liquidation Trust must pay or

reserve for all of its expenses before making Distributions.

## ARTICLE V

### Liquidation Trust Beneficiary

**Section 5.01    Interest Beneficial Only**.  The ownership of a beneficial interest in the

Liquidation Trust shall not entitle the Liquidation Trust Beneficiary to any title in or to the Trust

Assets or to any right to call for a partition or division of such assets.

**Section 5.02    Ownership of Beneficial Interests Hereunder**.  The Liquidation Trust

Beneficiary shall own a beneficial interest herein, which shall, subject to section 4.01 herein and

the Plan, be entitled to a Distribution in the amounts, and at the times, set forth in the Plan.  PDC

is the sole Liquidation Trust Beneficiary.

**Section 5.03    Evidence of Beneficial Interest**.  Ownership of a beneficial interest in the

Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or

manner whatsoever, except as maintained on the books and records of the Liquidation Trust by the Liquidation Trustee.

**Section 5.04   Requirement of Undertaking**.  The Liquidation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidation Trustee for any action taken or omitted by it as Liquidation Trustee, that the filing party litigant in such suit pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this section 5.04 shall not apply to any suit by the Liquidation Trustee.

**Section 5.05   Exemption from Registration**.  The rights of the Liquidation Trust Beneficiary arising under this Agreement may be deemed "securities" under applicable law. However, such rights have not been defined as "securities" under the Plan because (a) the parties hereto intend that such rights shall not be securities, and (b) if the rights arising under this Agreement in favor of the Liquidation Trust Beneficiary are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities.  No party to this Agreement shall make a contrary or different contention.

**Section 5.06   Delivery of Distributions**.  Subject to the terms of this Agreement, the Liquidation Trustee shall cause the Liquidation Trust to make Distributions to the Liquidation Trust Beneficiary and the Holders of Allowed Claims in the manner provided in the Plan.

**ARTICLE VI**

**Indemnification and Third Party Rights**

**Section 6.01   Parties Dealing With the Liquidation Trustee**.  In the absence of actual knowledge to the contrary, any Person dealing with the Liquidation Trust or the Liquidation

Trustee shall be entitled to rely on the authority of the Liquidation Trustee or any of the Liquidation Trustee's agents to act in connection with the Trust Assets.  There is no obligation of any Person dealing with the Liquidation Trustee to inquire into the validity, expediency, or propriety of any transaction by the Liquidation Trustee or any agent of the Liquidation Trustee.

**Section 6.02   Limitation of Liquidation Trustee's Liability**.  In exercising the rights granted herein, the Liquidation Trustee shall exercise the Liquidation Trustee's best judgment, to the end that the affairs of the Liquidation Trust shall be properly managed and the interests of all of the Liquidation Trust Beneficiary and other Holders of Claims safeguarded.  But, notwithstanding anything herein or in the Plan to the contrary, neither the Liquidation Trustee nor the Liquidation Trustee's firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents, and any of such Persons' successors and assigns shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered.  In no event shall the Liquidation Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Liquidation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action.

**Section 6.03    No Liability for Acts of Other Persons**.  None of the Persons identified in the immediately preceding section 6.02 of this Agreement shall be liable for the act or omission of any other Person identified in that section.

**Section 6.04    No Liability for Acts of Predecessors**.  No successor Trustee shall be in any way responsible for the acts or omissions of any Trustee in office prior to the date on which such successor becomes the Liquidation Trustee, unless a successor Trustee expressly assumes such responsibility.

**Section 6.05    No Liability for Good Faith Error of Judgment**.  The Liquidation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Liquidation Trustee was grossly negligent or engaged in willful misconduct in ascertaining the pertinent facts.

**Section 6.06    Reliance by Trustee on Documents and Advice of Counsel or Other Persons**.  Except as otherwise provided herein, the Liquidation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties.  The Liquidation Trustee also may engage and consult with legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered by them in reliance upon the advice of such counsel, agents, or advisors.

**Section 6.07    No Liability For Acts Approved by Bankruptcy Court**.  The Liquidation Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets and the Claims required to

be administered by the Liquidation Trust.  The Liquidation Trustee shall not be liable for any act

or omission that has been approved by the Bankruptcy Court, and all such actions or omissions

shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

**Section 6.08   No Personal Obligation for Trust Liabilities**.  Persons dealing with the

Liquidation Trustee shall have recourse only to the Trust Assets to satisfy any liability incurred

by the Liquidation Trustee to any such Person in carrying out the terms of this Agreement, and

the Liquidation Trustee shall have no personal, individual obligation to satisfy any such liability.

**Section 6.09   Indemnification**.  The Liquidation Trustee and the Liquidation Trustee's

firms, companies, affiliates, partners, officers, directors, members, employees, professionals,

advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents and any

of such parties' successors and assigns (collectively, the **"Indemnified Parties"** and each, an

**"Indemnified Party"**) shall, to the fullest extent permitted by applicable law, be defended, held

harmless, and indemnified by the Liquidation Trust from time to time and receive reimbursement

from and against any and all loss, liability, expense (including counsel fees), or damage of any

kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties

may incur or sustain in connection with the exercise or performance of any of the Liquidation

Trust's or Trustee's powers and duties under this Agreement or in rendering services by the

Indemnified Party to the Liquidation Trust, Trustee (the **"Indemnified Conduct"**), including,

without limitation, the costs of counsel or others in investigating, preparing, defending, or

settling any action or claim (whether or not litigation has been initiated against the Indemnified

Party) or in enforcing this Agreement (including its indemnification provisions), except if such

loss, liability, expense, or damage is finally determined by a final judgment (not subject to

further appeal or review) of a court of competent jurisdiction to result directly and primarily

from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting this provision.

       (a)     **Expense of Trust; Limitation on Source of Payment of Indemnification**.  All indemnification liabilities of the Liquidation Trust under this section 6.09 shall be an expense of the Liquidation Trust.  The amounts necessary for such indemnification and reimbursement shall be paid by the Liquidation Trust out of the available Trust Assets after reserving for all actual and anticipated expenses and liabilities of the Liquidation Trust.  The Liquidation Trustee shall not be personally liable for the payment of any Trust expense or claim or other liability of the Liquidation Trust, and no Person shall look to the Liquidation Trustee or other Indemnified Parties personally for the payment of any such expense or liability.

       (b)     **Procedure for Current Payment of Indemnified Expenses; Undertaking to Repay**.  The Liquidation Trustee shall reasonably promptly pay an Indemnified Party all amounts subject to indemnification under this section 6.09 on submission of invoices for such amounts by the Indemnified Party.  All invoices for indemnification shall be subject to the approval of the Liquidation Trustee.  By accepting any indemnification payment, the Indemnified Party undertakes to repay such amount promptly if it is determined that the Indemnified Party is not entitled to be indemnified under this Agreement.  The Bankruptcy Court shall hear and finally determine any dispute arising out of this section 6.09.

**Section 6.10   No Implied Obligations**.  The Liquidation Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and

no implied covenants or obligations shall be read into this Agreement against the Liquidation Trustee.

**Section 6.11   Confirmation of Survival of Provisions**.  Without limitation in any way of any provision of this Agreement, the provisions of this Article VI shall survive the death, dissolution, liquidation, resignation, replacement, or removal, as may be applicable, of the Liquidation Trustee, or the termination of the Liquidation Trust or this Agreement, and shall inure to the benefit of the Liquidation Trustee's and the Indemnified Parties' heirs and assigns.

## ARTICLE VII

## Tax Matters

**Section 7.01   Tax Treatment of Trust**.  Pursuant to and in accordance with the Plan, for all federal income tax purposes, the Debtors, the Liquidation Trust Beneficiary, the Liquidation Trustee, and the Liquidation Trust shall treat the Liquidation Trust as a Liquidation Trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, and transfer of the Trust Assets to the Liquidation Trust shall be treated as a transfer of the Trust Assets by the Debtors to the Liquidation Trust Beneficiary in satisfaction of its Allowed Claim, followed by a transfer of the Trust Assets by the Liquidation Trust Beneficiary to the Liquidation Trust in exchange for the sole interest in the Liquidation Trust.  The Liquidation Trust Beneficiary shall be treated as the grantor and owner of the Liquidation Trust for federal income tax purposes.

**Section 7.02   Annual Reporting and Filing Requirements**.  Pursuant to and in accordance with the terms of the Plan and this Agreement, the Liquidation Trustee shall file tax returns for the Liquidation Trust as a grantor trust pursuant to Treasury Income Tax Regulation Section 1.671-4(a).

**Section 7.03    Valuation of Trust Assets**.  After the Effective Date, but in no event later than the due date for timely filing of the Liquidation Trust's first federal income tax return (taking into account applicable tax filing extensions), the Liquidation Trustee shall (a) determine the fair market value of the Trust Assets as of the Effective Date, based on the Liquidation Trustee's good faith determination and (b) establish appropriate means to apprise the Liquidation Trust Beneficiary of such valuation.  The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Beneficiary) for all federal income tax purposes.

## ARTICLE VIII

### Trustee Selection, Removal, Replacement, and Compensation

**Section 8.01    Initial Trustee**.  The Liquidation Trustee has been appointed by the Court effective as of the Effective Date.  The initial trustee shall be the Liquidation Trustee.

**Section 8.02    Term of Service**.  The Liquidation Trustee shall serve until (a) the completion of the administration of the Trust Assets and the Liquidation Trust, including the winding up of the Liquidation Trust, in accordance with this Agreement and the Plan; (b) termination of the Liquidation Trust in accordance with the terms of this Agreement and the Plan; or (c) the Liquidation Trustee's resignation, death, incapacity or removal.  In the event the Liquidation Trustee's appointment terminates by reason of death, dissolution, liquidation, resignation, or removal, the Liquidation Trustee shall be immediately compensated for all reasonable fees and expenses accrued through the effective date of termination, whether or not previously invoiced.  The provisions of Article VI of this Agreement shall survive the resignation or removal of any Trustee.

**Section 8.03    Removal of Trustee**.  The Liquidation Trustee may be removed and replaced by an order of the Bankruptcy Court upon motion of any party in interest and a showing of good cause.  The removal shall be effective on the date specified in the order.

**Section 8.04    Resignation of Trustee**.  The Liquidation Trustee may resign at any time on written notice to the Liquidation Trust Beneficiary, US Trustee, and Bankruptcy Court.  The resignation shall be effective on the later of (a) the date specified in the notice of resignation, or (b) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court and served on the Liquidation Trust Beneficiary and the US Trustee. In no case shall the resignation of the Liquidation Trustee be effective on less than thirty (30) days' notice.  In the event of a resignation, the resigning Trustee shall render to the Liquidation Trust Beneficiary and the US Trustee a full and complete accounting of monies and assets received, disbursed, and held during the term of office of that Trustee.

**Section 8.05    Appointment of Successor Trustee**.  Upon the resignation, death, incapacity, or removal of a Trustee, a successor Trustee shall be appointed by the Bankruptcy Court.  In the event no party in interest seeks the appointment of a successor Trustee, the Bankruptcy Court may do so on its own motion.  Any successor Trustee so appointed shall consent to and accept its appointment as successor Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of its appointment as successor Trustee.  Any successor Trustee may be appointed to serve only on an interim basis.

**Section 8.06    Powers and Duties of Successor Trustee**.  A successor Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement, the Plan, and Confirmation Order.  Notwithstanding anything to the contrary herein, a removed or resigning Liquidation Trustee shall, when requested in writing by the successor Liquidation

Trustee, execute and deliver an instrument or, instruments conveying and transferring to such

successor Liquidation Trustee under the Liquidation Trust all the estates, properties, rights,

powers and trusts of such predecessor Liquidation Trustee.

**Section 8.07    Trust Continuance**.  The resignation, death, incapacitation, dissolution,

liquidation, or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or

revoke any existing agency created pursuant to this Agreement or invalidate any action

theretofore taken by the Liquidation Trustee.

**Section 8.08    Compensation of Trustee and Costs of Administration**.  The

Liquidation Trustee shall receive fair and reasonable compensation for its services, which shall

be a charge against, and paid out of, the Trust Assets.  All costs, expenses, and obligations

incurred by the Liquidation Trustee (or professionals who may be employed by the Liquidation

Trustee in administering the Liquidation Trust, in carrying out their other responsibilities under

this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the

Liquidation Trust from the Trust Assets prior to any Distribution to the Liquidation Trust

Beneficiary.  The Liquidation Trustee shall receive (a) base compensation at an hourly rate of

$175 per hour; and (b) reimbursement of reasonable and documented expenses.

**Section 8.09    Appointment of Supplemental Trustee**.  If the Liquidation Trustee has a

conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the

Liquidation Trustee is not qualified to act as trustee, the Liquidation Trustee shall nominate and

appoint a Person duly qualified to act as trustee (the **"Supplemental Trustee"**) in such state or

jurisdiction and require from each such Supplemental Trustee such security as may be designated

by the Liquidation Trustee in its discretion.  The Liquidation Trustee may confer upon such

Supplemental Trustee all of the rights, powers, privileges, and duties of the Liquidation Trustee

hereunder, subject to the conditions and limitations of this Agreement, except as modified or limited by the laws of the applicable state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary).  The Liquidation Trustee shall require such Supplemental Trustee to be answerable to the Liquidation Trustee for all monies, assets, and other property that may be received in connection with the administration of all the Trust Assets by the Supplemental Trustee.  The Liquidation Trustee may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE IX

## Trust Duration

**Section 9.01   Duration**.  Once the Liquidation Trust becomes effective upon the Effective Date of the Plan, the Liquidation Trust and this Agreement shall remain and continue in full force and effect until the Liquidation Trust is terminated.  Upon the Liquidation Trustee's determination that all Claims have been Allowed, disallowed, expunged, or withdrawn, that all Trust Assets have been liquidated, abandoned, or otherwise administered, and that the P&A Work has been completed, the Liquidation Trustee shall move for the entry of the Final Decree.

**Section 9.02   Termination on Payment of Trust Expenses and Distribution of Trust Assets**.  Upon the payment of all costs, expenses, and obligations incurred in connection with administering the Liquidation Trust, the completion of the P&A Work, the Distribution of all Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, and upon entry of the Final Decree, the Liquidation Trust shall terminate and the

Liquidation Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant law.

**Section 9.03    Termination After Five Years**.  If the Liquidation Trust has not been previously terminated pursuant to section 9.02 hereof, on the fifth anniversary of the Effective Date, and unless the Liquidation Trust term has been extended in accordance with section 5.3.16 of the Plan, the Liquidation Trustee shall distribute all of the Trust Assets to the Liquidation Trust Beneficiary in accordance with the Plan, and immediately thereafter the Liquidation Trust shall terminate and the Liquidation Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in section 9.05 of this Agreement.

**Section 9.04    No Termination by the Liquidation Trust Beneficiary**.  The Liquidation Trust may not be terminated at any time by the Liquidation Trust Beneficiary.

**Section 9.05    Continuance of Trust for Winding Up; Discharge and Release of Trustee**.  After the termination of the Liquidation Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until its responsibilities have been fully performed.  Except as otherwise specifically provided herein, upon the Distribution of the Trust Assets including all excess reserves, the Liquidation Trustee and the Liquidation Trust's professionals and agents shall be deemed discharged under this Agreement and have no further duties or obligations hereunder.  Upon a motion by the Liquidation Trustee, the Bankruptcy Court may enter an order relieving the Liquidation Trustee, and the Liquidation Trustee's employees, professionals, and agents of any further duties, discharging and releasing the Liquidation Trustee from all liability related to the Liquidation Trust, and releasing the Liquidation Trustee's bond, if any.

## ARTICLE X

### Miscellaneous

**Section 10.01  Preservation of Privilege**.  The actions taken by the Debtor, the

Liquidation Trust, or any of their respective Related Parties in connection with the Plan shall not

be (or be deemed to be) a waiver of any privilege or defense of the Debtor or the Liquidation

Trust, as applicable, including any attorney-client privilege or work-product doctrine.

Notwithstanding the Debtor providing any privileged information related to any Liquidation

Trust Actions to the Liquidation Trustee, the Liquidation Trust, or any Person associated with

any of the foregoing, such privileged information shall be without waiver in recognition of the

joint, common, or successor interest in prosecuting the Liquidation Trust Actions and shall

remain privileged.  The Liquidation Trust each shall retain the right to waive its own privileges.

Only the Liquidation Trustee shall have the right to waive the attorney-client privilege, work-

product doctrine, or other protections as to the Debtor and the Liquidation Trust.

**Section 10.02  Cumulative Rights and Remedies**.  The rights and remedies provided in

this Agreement are cumulative and not exclusive of any rights and remedies under law or in

equity.

**Section 10.03  Notices**.  All notices to be given to the Liquidation Trust Beneficiary may

be given by ordinary mail, or may be delivered personally, to the Holders at the addresses

appearing on the books kept by the Liquidation Trustee.  Any notice or other communication

which may be or is required to be given, served, or sent to the Liquidation Trustee shall be in

writing and shall be sent by registered or certified United States mail, return receipt requested,

postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed

as follows:

John Harris
c/o Numeric Solutions LLC
1536 Eastman Avenue, Suite D
Ventura, CA 93003
Telephone: 805-794-5011
harris@numericsolutions.com

or to such other address as may from time to time be provided in written notice by the

Liquidation Trustee.

Section 10.04 **Governing Law**.  This Agreement shall be governed by and construed in

accordance with the laws of the State of California, without giving effect to rules governing the

conflict of laws.

Section 10.05 **Third Party Beneficiaries**.  Except for the Liquidation Trust Beneficiary

and the Indemnified Parties, nothing in this Agreement is intended to confer upon any person

that is not a party hereto any rights or remedies hereunder.

Section 10.06 **Successors and Assigns**.  This Agreement shall inure to the benefit of and

shall be binding upon the parties hereto and their respective successors and assigns.

Section 10.07 **Particular Words**.  Reference in this Agreement to any Section or Article

is, unless otherwise specified, to that such Section or Article under this Agreement.  The words

"hereof," "herein," and similar terms shall refer to this Agreement and not to any particular

Section or Article of this Agreement.

Section 10.08 **Execution**.  All funds in the Liquidation Trust shall be deemed in *custodia*

*legis* until such times as the funds have actually been paid to or for the benefit of the Liquidation

Trust Beneficiary and the Holders of Allowed Claims, and the Liquidation Trust Beneficiary or

any Holder of an Allowed Claim shall not, nor any other Person, execute upon, garnish or attach

the Trust Assets or the Liquidation Trustee in any manner or compel payment from the

Liquidation Trust except by Final Order of the Bankruptcy Court.  Payments will be solely

governed by the Plan and this Agreement.

**Section 10.09  Amendment**.  This Agreement may be amended by written agreement of

the Liquidation Trustee with the prior written consent of the Liquidation Trust Beneficiary or by

order of the Bankruptcy Court; provided, however, that such amendment may not be inconsistent

with the Plan, Confirmation Order, or Sale Order.

**Section 10.10  No Waiver**.  No failure or delay of any party to exercise any right or

remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver

thereof.

**Section 10.11  Severability**.  If any term, provision, covenant, or restriction contained in

this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void,

unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants,

and restrictions contained in this Agreement shall remain in full force and effect and shall in no

way be affected, impaired, or invalidated.

**Section 10.12  Further Assurances**.  The parties hereto agree to execute and deliver all

such documents and notices and to take all such further actions as may reasonably be required

from time to time to carry out the intent and purposes and provide for the full implementation of

this Agreement and the pertinent provisions of the Plan, and to consummate the transactions

contemplated hereby.

**Section 10.13  Counterparts**.  This Agreement may be executed simultaneously in one

or more counterparts, each of which shall be deemed an original and all of which together shall

constitute one and the same instrument.

**Section 10.14 Jurisdiction**.  The Bankruptcy Court shall have jurisdiction over the Liquidation Trust, Trustee, and Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the Liquidation Trust.  The Bankruptcy Court shall have exclusive jurisdiction and venue to hear and finally determine all matters among the parties hereto arising out of or related to this Agreement or the administration of the Liquidation Trust.

[*The remainder of this page is intentionally left blank.*]

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date set forth above.

BRIDGEMARK CORPORATION                LIQUIDATION TRUSTEE


_____        _____
John Harris                            John Harris, solely in his capacity as
Chief Wind-Down Officer                Liquidation Trustee under this Agreement

[SIGNATURE PAGE TO LIQUIDATION TRUST AGREEMENT]