John J. Harris (SBN 93841
jharris@cassosparks.com
**CASSO & SPARKS, LLP**
13300 Crossroads Pkwy. North, Suite 410
City of Industry, CA  91746
Phone:  626.269.2980

Special Oil and Gas Counsel for Debtor and Debtor-in-Possession, Bridgemark Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>BRIDGEMARK CORPORATION,[1]<br><br>    Debtor and Debtor-in Possession. | Case No.: 8:20-bk-10143-TA<br><br>Chapter 11<br><br>**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CASSO & SPARKS, LLP AS SPECIAL OIL & GAS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD OF APRIL 6, 2020 THROUGH AUGUST 19, 2021; DECLARATION OF JOHN J. HARRIS IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date        October 13, 2021<br>Time:      10:00 a.m.<br>Place:     ZoomGov |

---

[1] The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA 92780.

## TABLE OF CONTENTS

Page(s)

I. .................................................................................................................................. 4

INTRODUCTORY STATEMENT ............................................................................... 4

II. ................................................................................................................................. 5

PRELIMINARY SUMMARY OF COMPENSATION DATA ..................................... 5

III. ................................................................................................................................ 7

BRIEF NARRATIVE HISTORY AND PRESENT POSTURE OF THE CASE ............................ 7

[LBR 2016-1(a)(1)(A) & (D)] ..................................................................................... 7

    A.    General Background ................................................................................ 7

    B.    Employment of Casso & Sparks .......................................................... 8

    C.    The Debtor's Settlement with PDC ...................................................... 9

    D.    The Chapter 11 Plan ............................................................................ 10

IV. ............................................................................................................................. 10

NARRATIVE STATEMENT OF SERVICES RENDERED BY CASSO & SPARKS ................ 10

AND TIME EXPENDED ............................................................................................ 10

V.      THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON
APPLICABLE LAW .................................................................................................. 13

VI. CONCLUSION ...................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

" *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,*
   478 U.S. 546 (1986) .................................................................................. 16

*Blanchard v. Bergeron,*
   489 U.S. 87 (1989) ...................................................................................... 16

*Blum vs. Stenson,*
   465 U.S. 886 (1984) .................................................................................... 15

*Buckridge,*
   367 B.R. 191 (C.D. Cal. 2007) .................................................................. 16

*City of Burlington v. Dague,*
   505 U.S. 557 (1992) .................................................................................... 15

*Dang v. Cross,*
   422 F.3d 800 (9th Cir. 2005) ...................................................................... 16

*Davis v. City & County of San Francisco,*
   976 F.2d 1536 (9th Cir. 1992) .................................................................... 15

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) .................................................................................... 15

In re Charles Russell Buckridge, Jr.,
   367 B.R. 191 (C.D. Cal. 2007) .................................................................... 5

*In re Manoa Finance Co., Inc.,*
   853 F.2d 687 (9th Cir. 1988) ...................................................................... 15

*Johnson v. Georgia Highway Express, Inc.*
   488 F.2d 714 (5th Cir. 1974) ................................................................. 15, 16

Kerr v. Screen Extras Guild,
   526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 726 (1976) ............... 5, 15, 16

Law Offices of David A. Boone v. Derham-Burk (In re Eliapo),
   468 F.3d 592 (9th Cir. 2006) ....................................................................... 5

*Meronk v. Arter & Hadden, LLP (In re Meronk),*
   249 B.R. 208 (B.A.P. 9th Cir. 2000) .......................................................... 15

*Morales v. City of San Rafael,*
   96 F.3d 359 n.9 (9th Cir. 1996) .................................................................. 15

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,*
   924 F.2d 955, 960 (9th Cir. 1991) .............................................................. 16

**Statutes**

42 U.S.C. § 7401 .......................................................................................... 16

**Rules**

LBR 2016-1 .................................................................................................. 13
LBR 2016-1(a)(1)(D), ................................................................................. 11
LBR 2016-1(a)(1)(E) ................................................................................... 12
LBR 2016-1(a)(1)(G) ................................................................................... 13
LBR 2016-1(a)(1)(H) ................................................................................... 13
LBR 2016-1(a)(1)(I)] ................................................................................... 13
LBR 2016-1(a)(1)(J) ..................................................................................... 13
LBR 2016-1(a)(1)(K) ................................................................................... 13
LBR.2016-1(1)(a) ........................................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST**:

Casso & Sparks, LLP (the "Firm", Casso & Sparks or the "Applicant"), special oil gas counsel to Bridgemark Corporation (the "Debtor"), hereby submits this *Final Application for Compensation and Reimbursement of Expenses of Casso & Sparks, LLP as Special Bankruptcy Counsel for the Debtor and Debtor in Possession for the Period April 6, 2020 through August 19, 2021* (the "Application"). The Firm seeks final approval of total fees in the amount of $111,948.50 and expenses in the amount of $162.25 incurred during the period from April 6, 2020 through August 19, 2021 (the "Fee Period") for a total of $112,110.75. For the avoidance of doubt, the foregoing totals are inclusive of $99,007.00 in fees and $162.25 in expenses already received by the Firm pursuant to interim fee applications and/or monthly professional fee statements. The totals also include the following amounts which Applicant has not yet been paid: (i) professionals' fees in the amount of $6,063.50 incurred from August 1, 2021 through August 18, 2021, which fees are not the subject of any previously-filed application or fee statement, and (ii) $6,878.00, representing the remaining 20% of any fees charged which have been held back from the Debtor's payments to Applicant and remain unpaid pending further order of the Court. **Accordingly, the total  amount to be paid to Applicant upon Court approval of this Application is: $12,941.50.**

The Firm submits this Application pursuant to sections 330 and 331 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (with any amendments, the "UST Guidelines").

## I.

## INTRODUCTORY STATEMENT

Local Bankruptcy Rule 2016-1(1)(a) sets forth certain requirements that a professional must satisfy in order to obtain an award for fees and costs. Additional standards to be employed in the

review of fee applications are set forth in the UST Guidelines.  Finally, cases interpreting sections 330 and 331 of the Bankruptcy Code have required that courts consider the twelve (12) factors that the Ninth Circuit Court of Appeals articulated in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 726 (1976).  The Ninth Circuit's primary method used to determine the reasonableness of fees is to calculate the "lodestar."  *In re Charles Russell Buckridge, Jr.*, 367 B.R. 191, 201 (C.D. Cal. 2007).  The lodestar is ascertained by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Law Offices of David A. Boone v. Derham-Burk* (In re Eliapo), 468 F.3d 592, 598 (9th Cir. 2006).  As set forth more fully herein, this Application complies with all statutory guidelines and Court-imposed requirements.

## II.

## PRELIMINARY SUMMARY OF COMPENSATION DATA

The Firm provides the following summary information in accordance with Local Bankruptcy Rule 2016-1 and the UST Guidelines:

1.  **Order Approving Casso & Sparks Employment [LBR 2016-1(a)(1)(B)]**:  On June 15, 2020, the Court entered its order authorizing Casso & Sparks' employment effective as of April 6, 2020 [Docket No. 229], as special oil & gas counsel to advise the Debtor in connection with its oil and gas production operations, issues of California oil and gas law and environmental and regulatory issues pertaining to the Debtor's operations.

2.  **Period Covered by this Application:** this final Application seeks approval of fees and expenses incurred during the entire Fee Period of April 6, 2020 through August 19, 2021.  Applicant previously filed two interim fee applications [Docket Nos. 282 & 361] which collectively cover the period from April 6, 2020 through November 30, 2020.  The period from December 1, 2020 through August 19, 2021 (*i.e.*, the period following Applicant's most recent interim fee application) is referred to herein as the "Remaining Period."

3.      **Hours of Professional Time Subject to the Application:**  During the entire Fee Period, Applicant billed 123.7 hours.  Included in that total is 38.5 hours billed in the Remaining Period.

4.      **Fee Requested by this Application:**  Applicant requests approval of fees in the amount of **$111,948.50** for the entire Fee Period. Included in that total is **$34,842.50** of fees during the Remaining Period, much of which has already been paid pursuant to monthly Professional Fee Statements, as set forth below.  If this Application is approved, the total amount to be paid to Applicant is **$12,941.50.**

5.      **Expenses Requested by this Application:** All expenses that are subject to this Application  (i.e., $162.25) have already been paid.

6.      **Total Fees and Expenses Requested to be Allowed by this Application**: **$112,110.75.**

7.      **Amount of Prepetition Retainer Received by Applicant:**  $0

8.      **Compensation Previously Approved and Paid Pursuant to Interim Applications and/or Monthly Professional Fee Statements**: In total, Applicant has already been paid $99,169.25 pursuant to interim fee applications and monthly fee statements, as set forth below.

| *Amounts Paid Pursuant to Interim Fee Applications* | | | | |
|---|---|---|---|---|
| **Application and Order** | **Period** | **Fees and Expenses Approved** | **Payment Received** | **20% Holdback** |
| First Interim Application [Docket No. 282]; Order [Docket No. 328] | 04/06/2020 – 07/31/2020 | $72,924.25 | $72,924.25 | $0.00 |
| Second Interim Application [Docket No. 361]; Order [Docket No. 386] | 06/01/2020 – 11/30/2020 | $5,611.00 | $4,488.80 | $1,122.20 |

| Amounts Paid Pursuant to Monthly Professional Fee Statement Subsequent to Periods Covered by Interim Fee Applications | | | | | | | |
|---|---|---|---|---|---|---|---|
| Time Period Covered | Date Filed | Docket No. | Fees Incurred (100%) | Fees (80%) | Expenses (100%) | Total Approved and Paid Pursuant to Fee Procedures Order | 20% Holdback |
| 12/01/2020-03/31/2021 | 04/06/2021 | 425 | $28,779.00 | $23,023.20 | $0.00 | $23,023.20 | $5,755.80 |

9. **Unpaid balance of fees and expenses requested: $12,941.50.** (This amount includes $6,063.50 for August 1 through August 18, 2021 which was not included in a prior monthly professional fee statement and $6.878.00 which was held back from prior payments)

11. **Rate:** $905.00

12. **Status of case [LBR 2016-1(a)(1)(A)(i)&(iii)]:** The plan of liquidation [Docket No. 500] (the "Plan") jointly filed by Bridgemark Corporation and PDC was approved by order entered on August 18, 2021 [Docket No. 568]. The Effective Date of the Plan (as defined in the Plan) occurred on August 19, 2021. *See* Docket No. 569.

### III.

### BRIEF NARRATIVE HISTORY AND PRESENT POSTURE OF THE CASE
### [LBR 2016-1(a)(1)(A) & (D)]

Applicant incorporates by reference the general case background set forth in the final fee application filed by Numeric Solutions, LLC and John Harris, in their capacity as valuation consultant and Chief Wind-Down Officer.

A. **General Background**

On January 14, 2020 (the "Petition Date"), Bridgemark filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee did not appoint an official committee of unsecured creditors in this case.

**B.**     **Employment of Casso & Sparks**

On April 30, 2020, the Debtor filed its application to employ John J. Harris of Casso & Sparks as special oil & gas counsel to advise the Debtor in connection with its oil and gas production operations, issues of California oil and gas law and environmental and regulatory issues pertaining to the Debtor's operations.[Docket No. 184]  No objections were filed to that application.

Prior to joining Casso & Sparks, Mr. Harris was an attorney with Locke Lord LLP. As an attorney with Locke Lord, Mr. Harris represented the Debtor in connection with the PDC Litigation, and for over 10 years, he advised the Debtor on oil and gas regulatory, transactional and environmental matters, as well as various other oil and gas litigation matters. Mr. Harris further assisted Bridgemark in discussions with the California Geologic Energy Management Division (formerly, the California Division of Oil, Gas and Geothermal Resources) regarding permitting and other oil and gas regulatory compliance matters. Prior to Locke Lord, Mr. Harris was an attorney with multiple firms, and as part his practice with these firms, he represented Bridgemark in oil and gas regulatory work for the past 20 years.  (Mr. Harris' professional qualifications are set forth in detail in Exhibit C to his declaration filed herewith.)

On February 13, 2020, the Debtor filed its application to employ Locke Lord (the "Locke Lord Application") [Docket No. 82] as special counsel, and on March 12, 2020, the Court entered its order approving the Locke Lord Application [Docket No. 118].  , Mr. Harris left Locke Lord and joined Casso & Sparks on February 29, 2020.  Since the Debtor continued to need Mr. Harris' oil & gas expertise and his 20 years of history with and knowledge of the Debtor's oil and gas operations, the Debtor applied to engage Casso & Sparks as special oil and gas counsel.

On June 15, 2020, the Court entered its order approving the Casso & Sparks Application [Docket No 229] authorizing the Debtor to employ Mr. Harris and Casso & Sparks as its special oil & gas counsel, effective as of April 6, 2020.

**C.        The Debtor's Settlement with PDC**

On February 5, 2020, PDC filed its *Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* and its *Motion for Full Relief From the Automatic Stay Under 11 U.S.C. § 362* (collectively, the "PDC Motions").  Pursuant to the PDC Motions, PDC sought a dismissal of the Debtor's chapter 11 case, or alternatively, the appointment of a chapter 11 trustee or the conversion of the case to one under chapter 7 of the Bankruptcy Code.  At the initial hearing on the PDC Motions on February 26, 2020, the Bankruptcy Court indicated that unless the Debtor filed a confirmable plan of reorganization by April 29, 2020, it was inclined to dismiss the bankruptcy case or grant relief from the automatic stay.

Between the initial hearing on the PDC Motions (February 26, 2020) and the continued hearing date (April 29, 2020), however, the COVID-19 pandemic resulted in some of the steepest drops in crude oil prices in the last forty years.  The dramatic decrease in the price of oil (and the resulting impact on the value of the Debtor's assets) and the uncertainty of the continued demand for oil due to the COVID-19 crisis made it impossible for the Debtor to file a confirmable plan of reorganization prior to the continued hearing date on the PDC Motions set for April 29, 2020.

On about April 15, 2020, the Debtor, Robert Hall and PDC reached a conditional settlement of all issues among them, and executed a settlement term sheet (as amended, the "Term Sheet"). Following extensive negotiations, on or about March 9, 2021, the parties entered into the "Definitive Documentation" contemplated by the Term Sheet, including a Settlement Agreement, an Asset Purchase Agreement, and related agreements (collectively, the "Agreements").  The Agreements provided for, *inter alia*, mutual releases by and among the Debtor, PDC, and Robert Hall.  The Settlement Agreement also included a "Plan Term Sheet" outlining the general terms of a chapter 11 plan that would provide for, *inter alia*, payment in full of all allowed claims.

On March 10, 2021, the Debtor filed a motion seeking approval of the Agreements and related relief [Docket No. 392] (the "Approval Motion").  On April 28, 2021, the Court entered its *Order (I) Approving Settlement Agreement [Etc.]* [Docket No. 442] (the "Approval Order").

**D.      The Chapter 11 Plan**

On June 30, 2021, the Debtor and PDC jointly filed a chapter 11 plan of liquidation [Docket No. 500] (the "Plan").  On August 18, 2021, the Court entered an order confirming the Plan [Docket No. 568] (the "Confirmation Order").   The Effective Date (as defined in the Plan) of the Plan occurred on August 19, 2021.  *See* Docket No. 569.

Pursuant to the Plan, the Confirmation Order, and the Liquidation Trust Agreement (as defined in the Plan), the Liquidation Trust was formed on the Effective Date and John Harris of Numeric Solutions, LLC was appointed Liquidation Trustee.

IV.

**NARRATIVE STATEMENT OF SERVICES RENDERED BY CASSO & SPARKS AND TIME EXPENDED**

Pursuant to the UST Guidelines and Local Bankruptcy Rule 2016-1(a)(1)(D), the Applicant has classified all services performed for which compensation is sought for the Application Period into one of several major categories.  The Applicant attempted to place the services performed in the category that best relates to the service provided.  However, because certain services may relate to more than one category, services pertaining to one category may in fact be included in another category.  As a firm, Casso & Sparks has established the following broad billing categories, addressed in greater detail below:

- Case Administration
- Assumption / Rejection of Leases and Contracts
- Business Operations
- Real Estate

**A.      Services Performed and Time Expended During the Fee Period:**

Applicant's prior interim fee applications [Docket Nos. 282 & 361] (together, the "Interim Applications") provided narratives of the services rendered by Applicant for the period from April 6, 2020 through November 30, 2020 (the "Interim Period").  In the interest of economy, that

narrative is not repeated here, although it is incorporated herein by reference and the time entries in respect of such period are included in the detailed time entries attached hereto.

The narrative description below describes Applicant's work during the Remaining Period (*i.e.*, the period from December 1, 2020 through August 19, 2021, which period post-dates the Interim Applications).

### 1. Business Operations

Time billed to this category relates to business operations issues.

During the Application Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the payment of royalties; (2) attended to oil operations issues; (3) reviewed and analyzed daily operations issues; (4) corresponded and conferred with counsel for the Debtor, PDC and with the Liquidation Trustee regarding operations and abandonment issues; and (5) reviewed and analyzed the Services Agreement between the Liquidation Trustee to plug and abandon wells on the PDC Parcel in accordance with plan of liquidation and the "Liquidation Trust Agreement" approved by order of the Bankruptcy Court in the Case entered on August 18, 2021.

**Total Hours 12.3 / Total Fees $11,131.50**

### 2. Real Estate- Due Diligence and Negotiation of Agreements

Time billed to this category relates to PDC due diligence issues and the negotiation of agreements and related matters.

During the Application Period, the Firm, among other things: (1) reviewed and analyzed due diligence issues; (2) performed work regarding documents to be delivered to PDC; (3) reviewed, analyzed and responded to due diligence demands; (4) advised regarding royalty owner and unit agreement issues; (5) reviewed settlement agreement and related documents; (6) reviewed proposed asset purchase and sale agreement and related transcriptional documents; (7) participated in conference calls with Debtor's counsel, PDC counsel and employees; (8) participated in conference calls with the Debtor's consultants; and (7) corresponded and conferred with Debtor's counsel, employees and consultants.

**Total Hours 26.2/ Total Fees $23,711.00.**

   **B.  Detailed Listing of all Time Spent by the Professional on the
        Matters for Which Compensation is Sought**

**Exhibit A** contains the Firm's detailed time records during the Fee Period [LBR 2016-1(a)(1)(E)] which are set forth in the invoices that it has sent to Debtor.  The Applicant's time reports are entered into a computer software program by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis. The Applicant is sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters, separate time entries are set forth in the time reports.

**Exhibit B** contains a summary, by category, of the Firm's services and expenses in this case that were incurred during the Fee Period. Such summary includes the time spent, rate and billing attributable to each person who performed compensable services for the Debtors [LBR 2016-1(a)(1)(G)].

   **C.    List of Expenses by Category**

**Exhibit C** contains a summary of Applicant's expenses by month, as well as an itemized list of expenses for which reimbursement is sought.

   **D.    Hourly Rates**

The approved hourly rate of John J. Harris, who was the only professional at Casso & Sparks who rendered services in this case, during the Application Period was $905 an hour. [LBR 2016-1(a)(1)(G) and (I)].

   **E.    Professional Education and Experience**

A description of John  Harris' professional education and experience is set forth on **Exhibit D** attached hereto [LBR 2016-1(a)(1)(H)].

   **F.    Separately Filed Declaration of the Client**

Applicant will separately file a declaration from the client indicating that the client has reviewed the fee application and has no objection to it [LBR 2016-1(a)(1)(J)].

*///*

1    ///

2    **G.    Statement of the Applicant Regarding Compliance with LBR 2016-1**

3    The attached declaration of John J. Harris sets forth that the Applicant has reviewed LBR

4    2016-1 and that this Application is in compliance with such rule [LBR 2016-1(a)(1)(K)].

5    **H.    No Fee Sharing**

6    No agreement has been made by any member of the Firm or by any employee thereof,

7    directly or indirectly, and no understanding exists for a division of fees prayed for herein with any

8    other person, except that the Firm may agree to share a portion of the fees it is ultimately paid with

9    the Debtors, solely as a "gift" to the Debtor.  If and when such a decision is made, and prior to

10    actually disbursing any funds to the Debtor, the Firm will file a notice of such proposed

11    disbursement with the Court.

12    **V.    THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED
        BASED UPON APPLICABLE LAW**

13

14    The fees and expenses requested by this Application are an appropriate award for the

15    Applicant's services in acting as special bankruptcy counsel to the Debtor.

16    **A.    Factors in Evaluating Requests for Compensation**

17    Pursuant to section 330 of the Bankruptcy Code, the Court may award to a professional

18    person reasonable compensation for actual, necessary services rendered, and reimbursement for

19    actual, necessary expenses incurred.  As set forth above, the fees for which the Applicant requests

20    compensation and the costs incurred for which the Applicant requests reimbursement are for

21    actual and necessary services rendered and costs incurred in the case.

22    During the Application period 123.7 hours have been recorded by members of the

23    Applicant and more time was actually expended but either was not recorded or was written off.

24    The Applicant's approved hourly rate for John Harris in the case for the Application Period is

25    $905.00.

26    Moreover, time and labor devoted is only one of many pertinent factors in determining an

27    award of fees and costs.  Based on the skills brought to bear in the case by the Applicant and the

28

results obtained and in light of the accepted lodestar approach, the Applicant submits that the

compensation requested herein is reasonable and appropriate.

### B. The Lodestar Award Should be Calculated by Multiplying a Reasonable Hourly Rate by the Hours Expended

In determining the amount of allowable fees under section 330(a) of the Bankruptcy Code,

courts are to be guided by the same "general principles" as are to be applied in determining awards

under the federal fee-shifting statutes, with "some accommodation to the peculiarities of

bankruptcy matters." *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see*

*Meronk v. Arter & Hadden, LLP (In re Meronk),* 249 B.R. 208, 213 (B.A.P. 9th Cir. 2000)

(reiterating that *Manoa Finance* is the controlling authority and characterizing the factor test[2]

identified in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974) and *Kerr v.*

*Screen Extras Guild, Inc.* 526 F. 2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976) as an

"obsolete laundry list" now subsumed within more refined analyses).

The United States Supreme Court has evaluated the lodestar approach and endorses its

usage.  In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a civil rights case, the Supreme Court held

that while the *Johnson* factors might be considered in setting fees, the lodestar amount subsumed

many of those factors.  *Hensley* at 434, n. 9.[3]  The following year, another civil rights case, *Blum*

*vs. Stenson*, 465 U.S. 886 (1984), provided the so-called lodestar calculation:

---

[2] The original twelve Johnson/Kerr factors were: (1) time and labor required, (2) novelty and difficulty of the questions involved, (3) skill requisite to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) amount involved and results obtained, (9) experience, reputation, and ability of the attorneys (10) the "undesirability" of the case, (11) nature and length of the professional relationship with client, and  (12) awards in similar cases.

[3] For discussion of the Johnson/Kerr subsumed factors, see *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996) ("among the subsumed factors … are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained"); *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (extending *City of Burlington*

> The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate . . . .  Adjustments to that fee then may be made as necessary in the particular case.

*Blum* at 888.

Then in 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an ad hoc approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401 et seq., should be interpreted like that of the Civil Rights Act, the Supreme Court expressly rejected the ad hoc application of the factors set forth in *Johnson* and thus *Kerr*, stating that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . . " *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate").

While the lodestar approach is the primary basis for determining fee awards under the federal fee-shifting statutes and Bankruptcy Code, some of the *Johnson/Kerr* factors, previously applied in an ad hoc fashion, can still apply in calculating the appropriate hourly rate to use under the lodestar approach.  *Buckridge,* 367 B.R. 191, 201 (C.D. Cal. 2007) ("a court is permitted to adjust the lodestar up or down using a multiplier based on the criteria listed in § 330 and its consideration of the Kerr factors not subsumed within the initial calculations of the lodestar"); *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee"); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,* 924 F.2d 955, 960 (9th Cir. 1991) ("Although *Manoa* suggests that starting with the 'lodestar' is customary, it does not mandate such an approach in all cases.…  Fee shifting cases are persuasive, but due to the uniqueness of bankruptcy proceedings, they are not controlling").

---

*v. Dague*, 505 U.S. 557, 567 (1992), which held that sixth factor "whether the fee is fixed or contingent, may not be considered in the lodestar calculation").

Attached hereto as **Exhibit A** is a copy of the Applicant's time reports and records kept in the regular course of business reflecting the services rendered and the expenses incurred by the Applicant during the Fee Period, as set forth in the invoices actually sent to the Debtor.  The Applicant's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services in the Southern California region, other than in a case under the Bankruptcy Code.

Applicant, and other estate professionals, assisted the Debtor in achieving a global settlement in this case, including a resolution of numerous litigation matters, despite very negative economic conditions in the oil and gas business.  Applicant submits that it has charged reasonable hourly fees and spent a reasonable amount of time in performing its services in this case, especially in light of the results obtained, and respectfully requests that the Court award the requested fees and costs.

## VI.

### CONCLUSION

The Applicant believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

**WHEREFORE,** The Firm seeks final approval of the total amount of $111,948.50 in professionals' fees and $162.50 in costs incurred for the Application Fee  Period, and approval of $34,842.50 of professional fees incurred during the Remaining Period, from March 1, 2021 through August 18, 2021, including approval of the Firm's last unpaid invoice in the amount of $6,063.50 for the period of August 1, 2021 through August 18, 2021, and the remaining unpaid amount of the 20% of its fees ($6,878.00) which was held back pending further order of the Court. **Accordingly, the amount to be paid to Applicant by Debtor upon Court approval of this Application is: $12,941.50**

1 | : September 20, 2021

CASSO & SPARKS, LLP

By: _____
John J. Harris
Special Oil and Gas Counsel for Debtor and
Debtor-in-Possession, Bridgemark Corporation

**<u>DECLARATION OF JOHN J. HARRIS</u>**

I, John J. Harris, hereby declare, as follows:

1.    I am an attorney at law, duly authorized to practice in the State of California and before this Court.  I am a Partner in the law firm of Casso & Sparks LLP, special oil and gas counsel to the Debtor.

2.    I have personal knowledge of the facts set forth in the foregoing Application and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

3.    I have personally reviewed the information contained in the Application and the exhibits thereto and believe their contents to be true and correct to the best of my knowledge, information and belief.

4.    Attached hereto as **<u>Exhibit A</u>** are true and correct copies of Casso & Sparks' invoices covering fees and expenses for the Fee Period (*i.e.*, April 6, 2020 through August 19, 2021).  These invoices contain the Firm's detailed time records during the Fee Period.

5.    I have personally reviewed each of Casso & Sparks' invoices in this matter, and those invoices represent true and correct charges to the best of my knowledge, information and belief.

6.    Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of a summary generated by our firm's billing software program listing by category the Firm's services in this case incurred during the Fee Period. Such summary includes the time spent, rate and billing attributable to each person who performed compensable services for the Debtors [LBR 2016-1(a)(1)(G)] as well as the applicable ABA Task Code and categories.

7.    **Exhibit C** contains a summary of Applicant's expenses by month, as well as an itemized list of expenses for which reimbursement is sought. The only costs and expenses which Casso & Sparks has billed was $162.50 and that amount was included in its Invoice No. 20420 dated July 7, 2020, which is one of the invoices included in  Exhibit A. Casso & Sparks bills its clients the actual cash charges for costs and services, with no premium.

8.    Attached hereto as **Exhibit D** is a true and correct copy of my resume setting forth my professional education and experience.

9.    My time was billed to Bridgemark at the rate of $905 an hour. The Firm believes the foregoing rate represents the market rates that the majority of law firms charge clients for such services.  For example, at the same time as this matter has been pending, I assisted bankruptcy counsel for a group of creditors on similar California oil and gas issues in the bankruptcy proceedings of a large California oil and gas producer pending in the Eastern District of Texas. My billing rate in that case as also $905 an hour. In addition, the Firm believes that such hourly rates are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995.

10.    Local Bankruptcy Rule 2016-1(a)(1)(K) Compliance:  I have reviewed Local Bankruptcy Rule 2016-1 and the Application complies with Local Bankruptcy Rule 2016-1.

11.    No agreement has been made by any member of the Firm or by any employee thereof, directly or indirectly, and no understanding exists for a division of fees prayed for herein with any other person.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of September 2021 at City of Industry, California.

John J. Harris

# EXHIBIT A

**Casso & Sparks, LLP**
**13300 Crossroads Parkway North**
**Suite 410**
**City of Industry, CA 91746**

Invoice submitted to:

Bridgemark Corporation
Robert Hall
17671 Irvine Boulevard
Suite 217
Tustin, CA 92780

| | |
|---|---|
| Invoice # | **20420** |
| Invoice Date | **07/07/2020** |
| For Services Through | 05/31/2020 |
| Terms: | **N/A** |

| <u>Date</u> | <u>By</u> | <u>Service Summary</u> | <u>Hours/Rate</u> |
|---|---|---|---|
| | | **In Reference To: Bridgemark Corporation Bankruptcy Assistance (Fees)** | |
| 04/07/2020 | John J Harris | Telephone call with K. Mugavero regarding shut-in of wells (0.4); Telephone call with E. Gray regarding shut-in of wells (0.4); Read e-mails from and send e-mails to K. Mugavero (0.2) | 1.00 at $ 905.00/hr |
| 04/08/2020 | John J Harris | Read e-mails from and send e-mails to K. Mugavero regarding letter to royalty owners on shut-in of production (0.4); Read e-mails from and send e-mails to E. Gray regarding letter (0.4); Read e-mails from and send e-mails to J. McGee (0.2); Read e-mail from and send e-mail to C. Curry (0.2); Send e-mails to and read e-mails from J. Cheng regarding lease and unit documents (0.4) | 1.60 at $ 905.00/hr |
| 04/08/2020 | John J Harris | Review leases and unit agreements | 2.90 at $ 905.00/hr |
| 04/09/2020 | John J Harris | Review edits to letter to royalty owners; Review and revise draft letter; Research regarding regarding status of leases; | 3.20 at $ 905.00/hr |
| 04/09/2020 | John J Harris | Read e-mails from and send e-mails to E. Gray regarding letter to royalty owners (0.4) ; Telephone calls with K. Mugavero (0.3) ; Send e-mail to Bridgemark and attorneys regarding draft letter (0.6) ; Read e-mail from and send e-mail to K. Mugavero regarding shut-in date (0.2) ; Telephone call with W, Lobel (0.2); Send e-mail to and read e-mail from J. Cheng regarding unit documents and leases (0.2) | 1.90 at $ 905.00/hr |
| 04/09/2020 | John J Harris | Read e-mails from and send e-mails to E. Gray regarding letter from Dowling Lease royalty owner; Review lease | 0.40 at $ 905.00/hr |
| 04/10/2020 | John J Harris | Research regarding regarding force majeure provisions of lease and unit agreement | 3.30 at $ 905.00/hr |
| 04/10/2020 | John J Harris | Send e-mail to E. Gray regarding force majeure provisions of lease and unit agreement | 0.20 at $ 905.00/hr |
| 04/12/2020 | John J Harris | Research regarding force majeure provisions of leases and unit agreements | 0.50 at $ 905.00/hr |

| | | | |
|---|---|---|---|
| 04/13/2020 | John J Harris | Research regarding suspension of lease obligations under unit agreements | 1.90 at $ 905.00/hr |
| 04/13/2020 | John J Harris | Telephone call with E. Gray regarding motion to assume leases (0.4) Read e-mails from and send e-mails to E. Gray (0.2); Telephone call with K. Mugavero (.3) | 0.90 at $ 905.00/hr |
| 04/14/2020 | John J Harris | Telephone calls with K. Mugavero regarding pressure gradient | 0.50 at $ 905.00/hr |
| 04/14/2020 | John J Harris | Read e-mail from and send e-mail to E. Gray regarding motion to assume leases | 0.30 at $ 905.00/hr |
| 04/14/2020 | John J Harris | Research regarding motion to assume leases where wells are shut-in | 1.20 at $ 905.00/hr |
| 04/15/2020 | John J Harris | Draft portion of insert to motion to assume leases regarding force majeure | 1.60 at $ 905.00/hr |
| 04/15/2020 | John J Harris | Read e-mail from and send e-mail to E. Gray regarding motion to assume leases (0.3); Read e-mail from and send e-mail to K. Mugavero (0.2) | 0.50 at $ 905.00/hr |
| 04/16/2020 | John J Harris | Draft insert to motion to assume leases; Telephone call with E. Gray regarding motion to assume oil and gas leases; telephone call with J. Cheng | 3.50 at $ 905.00/hr |
| 04/16/2020 | John J Harris | Telephone call with E. Gray regarding motion to assume oil and gas leases; telephone call with J. Cheng | 0.40 at $ 905.00/hr |
| 04/17/2020 | John J Harris | Draft insert for motion to assume leases | 2.40 at $ 905.00/hr |
| 04/19/2020 | John J Harris | Read e-mail from and send e-mail to W. Lobel regarding PDC due diligence meeting | 0.20 at $ 905.00/hr |
| 04/20/2020 | John J Harris | Telephone call with E. Gray (0.2); Read e-mail from and send e-mail to W. Lobel regarding PDC due diligence (0.2); Telephone call with W. Lobel (0.2) | 0.60 at $ 905.00/hr |
| 04/21/2020 | John J Harris | Send e-mail to and read e-mail from W. Lobel regarding PDC due diligence | 0.20 at $ 905.00/hr |
| 04/22/2020 | John J Harris | Telephone calls with K. Mugavero regarding leases (0.3); Read e-mails from and send e-mails to E. Gray regarding additional information needed for motion to assume leases (0.4) | 0.70 at $ 905.00/hr |
| 04/22/2020 | John J Harris | Review documents regarding Chunchula interest and East Hualde Dome; Review title documents and exhibits to motion | 2.80 at $ 905.00/hr |
| 04/23/2020 | John J Harris | Review lease documents for motion to assume oil and gas leases | 2.80 at $ 905.00/hr |
| 04/23/2020 | John J Harris | Telephone call with K. Mugavero regarding leases (0.3); Send e-mail to and read e-mail from E. Gray (0.2); Conference call with E. Gray and K. Mugavero (0.4) | 0.90 at $ 905.00/hr |
| 04/24/2020 | John J Harris | Read e-mail from and send e-mail to J. Cheng regarding title documents | 0.20 at $ 905.00/hr |
| 04/24/2020 | John J Harris | Draft amended lease schedule for motion to assume; Review title documents | 3.70 at $ 905.00/hr |

| 04/24/2020 | John J Harris | Send e-mails to and read e-mails from E. Gray regarding motion to assume; Read e-mail from and send e-mail to K. Mugavero regarding leases (0.2) | 0.40 at $ 905.00/hr |
|---|---|---|---|
| 04/25/2020 | John J Harris | Send e-mail to E. Gray regarding exhibit to motion to assume | 0.20 at $ 905.00/hr |
| 04/25/2020 | John J Harris | Research regarding title documents; Review and revise exhibit to motion to assume | 1.00 at $ 905.00/hr |
| 04/27/2020 | John J Harris | Review documents for exhibits to motion to assume | 1.40 at $ 905.00/hr |
| 04/27/2020 | John J Harris | Send e-mail to and read e-mail from E. Gray regarding motion to assume (0.2) ; Send e-mail to K. Mugavero regarding Dowling Leases (0.2); Conference call with E. Gray and N. Lockwood regarding exhibit to motion to assume (0.4) | 0.80 at $ 905.00/hr |
| 04/29/2020 | John J Harris | Send e-mail to W. Lobel and N. Lockwood regarding revised exhibit to motion to assume leases (0.2) ; Read e-mail from and send e-mail to N. Lockwood regarding exhibits (0.2) ; Read e-mail from and send e-mail to J. O'Keefe regarding corrected exhibit to motion to assume leases (0.2) | 0.60 at $ 905.00/hr |
| 04/29/2020 | John J Harris | Review and revise exhibit to motion to assume leases and correct exhibit to motion to assume leases | 1.30 at $ 905.00/hr |
| 04/30/2020 | John J Harris | Conference call with W. Lobel and N. Lockwood regarding amended exhibit to motion to assume leases | 0.20 at $ 905.00/hr |
| 04/30/2020 | John J Harris | Draft insert for amendment to motion describing the revised exhibit | 1.00 at $ 905.00/hr |
| 05/01/2020 | John J Harris | Telephone calls with K. Mugavero regarding Chunchula interests (0.2) ; Read e-mail from and send e-mail to K. Mugavero (0.1) ; Read e-mail from and send e-mail to N. Lockwood (0.1) | 0.40 at $ 905.00/hr |
| 05/04/2020 | John J Harris | Telephone call with J. Bailey regarding Wallace Interest (0.5) ; Read e-mail from and send e-mail to J. Bailey (0.4) | 0.90 at $ 905.00/hr |
| 05/04/2020 | John J Harris | Review Wallace Lease documents; Review Chunchula Unit documents; Review Bridgewood documents ; Draft portion of memo regarding Wallace lease and Bridgemark interest in Chunchula Unit | 2.00 at $ 905.00/hr |
| 05/05/2020 | John J Harris | Draft memo regarding Wallace Lease in Chunchula Field and Send e-mail to W. Lobel regarding memo | 2.20 at $ 905.00/hr |
| 05/05/2020 | John J Harris | Read e-mail from E. Gray regarding lessor's objection to motion to assume (0.2); Read e-mail from K. Mugavero regarding objection (0.1); Read e-mail from and send e-mail to W. Lobel regarding objection (0.2) | 0.50 at $ 905.00/hr |
| 05/05/2020 | John J Harris | Draft insert for reply to lessor's objection to motion to assume and Research regarding reply | 3.60 at $ 905.00/hr |
| 05/06/2020 | John J Harris | Research regarding regarding burden of proof on production in paying quantities | 1.60 at $ 905.00/hr |
| 05/07/2020 | John J Harris | Research regarding regarding force majeure due to lack of storage and market for production | 1.00 at $ 905.00/hr |
| 05/07/2020 | John J Harris | Read e-mail from and send e-mail to W. Lobel regarding Wallace interest; Read e-mail from J. Bailey | 0.20 at $ 905.00/hr |

| 05/08/2020 | John J Harris | Telephone call with K. Mugavero regarding Chunchula royalties Read e-mail from J. Bailey regarding Wallace Lease ; .Send e-mail to W. Lobel; Conference call with M. Issa, et al., regarding due diligence status | 1.20 at $ 905.00/hr |
| --- | --- | --- | --- |
| 05/11/2020 | John J Harris | Read e-mail from J. Bailey regarding Wallace interest in Chunchula (0.2) and Read e-mail from and send e-mail to W. Lobel regarding Chunchula lease (0.2) | 0.40 at $ 905.00/hr |
| 05/11/2020 | John J Harris | Send e-mail to and read e-mail from W. Lobel regarding PDC due diligence requests (0.2) and Telephone call with J. Cheng regarding lease documents (0.2) | 0.40 at $ 905.00/hr |
| 05/12/2020 | John J Harris | Review lease documents and Read e-mail from and send e-mail to R. Pfister regarding PDC due diligence | 4.40 at $ 905.00/hr |
| 05/12/2020 | John J Harris | Telephone call with K. Mugavero regarding transfer of bonds (0.2) and Read e-mail from and send e-mail to K. Mugavero (0.1) | 0.30 at $ 905.00/hr |
| 05/13/2020 | John J Harris | Conference call with J. Harris and B. Meith regarding due diligence and obtaining copies of leases and Telephone call with W. Lobel regarding PDC due diligence | 0.80 at $ 905.00/hr |
| 05/13/2020 | John J Harris | Telephone call with W. Lobel regarding tentative ruling (0.3) ; Review tentative ruling (0.4) Read e-mails from and send e-mails to W. Lobel (0.2) ; Attend telephonic hearing (0.7) ; Read e-mail from R. Pfister (0.1) | 1.70 at $ 905.00/hr |
| 05/13/2020 | John J Harris | Review title documents regarding PDC due diligence | 0.70 at $ 905.00/hr |
| 05/14/2020 | John J Harris | Read e-mails from and send e-mails to Ben Gold regarding PDC due diligence (0.4); Send e-mail to and read e-mail from W. Lobel regarding due diligence (0.2) ; Read e-mail from and send e-mail to J. McGee regarding due diligence (0.2) ; Telephone call with W. Lobel regarding due diligence (0.2); Telephone call with J. McGee regarding due diligence (0.2) ;Conference call with B. Gold and J. McGee (0.4) | 1.80 at $ 905.00/hr |
| 05/14/2020 | John J Harris | Review leases regarding PDC due diligence | 0.40 at $ 905.00/hr |
| 05/14/2020 | John J Harris | Read e-mail from K. Mugavero regarding Bridgemark operators bond; Review bond documents | 0.40 at $ 905.00/hr |
| 05/19/2020 | John J Harris | Prepare for Toll due diligence conference call (0.5); Send e-mail to and read e-mail from B. Gold with unit tract maps (0.2); Conference call with Toll Brothers due diligence team (2.); Telephone call with J. Harris (Numeric Solutions ) regarding additional lease information (0.3); Telephone call with J. Cheng regarding PDC due diligence requests (0.2) | 3.20 at $ 905.00/hr |
| 05/20/2020 | John J Harris | Read e-mail from and send e-mail to M. Issa regarding due diligence call (0.1) and Read e-mail from and send e-mail to K. Mugavero regarding PDC due diligence requests (0.1) | 0.20 at $ 905.00/hr |
| 05/22/2020 | John J Harris | Conference call with M. Issa, K. Mugavero, J. Harris, et al., regarding PDC due diligence requests (0.8) and Telephone call with K. Mugavero regarding requests (0.2) | 1.00 at $ 905.00/hr |
| 05/26/2020 | John J Harris | Send e-mail to and read e-mail from E. Gray regarding PDC due diligence status | 0.20 at $ 905.00/hr |
| 05/26/2020 | John J Harris | Review documents requested by PDC | 0.70 at $ 905.00/hr |

| 05/27/2020 | John J Harris | Telephone call with W. Lobel regarding scope of PDC due diligence | 0.20 at $ 905.00/hr |
|---|---|---|---|
| 05/29/2020 | John J Harris | Conference call with M. Issa, D. Froshee and K. Mugavero regarding due diligence status (0.7) and Conference call with M. Issa, W; Lobel, J. Harris and K. Mugavero regarding due diligence status (0.3) | 1.00 at $ 905.00/hr |
| 05/29/2020 | John J Harris | Read e-mail from and send e-mail to J. Harris regarding regulatory status matrix and Review matrix | 0.20 at $ 905.00/hr |
| 05/30/2020 | John J Harris | Read e-mail from and send e-mail to K. Mugavero regarding PDC due diligence checklist and Read e-mail from and send e-mail to J. Harris | 0.20 at $ 905.00/hr |

In Reference To:  **Bridgemark Corporation Bankruptcy Assistance (Expenses)**

| 04/27/2020 | James M Casso | Copies of docs from OCSC | $113.25 |
|---|---|---|---|
| 04/27/2020 | James M Casso | Copies of docs from OCSC | $47.00 |
| 04/27/2020 | James M Casso | Copies of docs from OCSC | $2.00 |

*Total Hours:    79.00 hrs*
*Total Fees: $ 71,495.00*
*Total Expenses:    $ 162.25*
**Total Invoice Amount: $ 71,657.25**
**Invoice Amount After (20.00%) Discount on Fees: $ 57,358.25**

Summary:

TOTAL FEES: $71,495.00 - 20% discount = $57,196.00
TOTAL COSTS $162.25
TOTAL DUE: $57,358.25

**Casso & Sparks, LLP**
**13300 Crossroads Parkway North**
**Suite 410**
**City of Industry, CA 91746**

Invoice submitted to:

Bridgemark Corporation
17671 Irvine Boulevard
Suite 217
Tustin, CA 92780

| | |
|---|---|
| Invoice # | **20433** |
| Invoice Date | **08/31/2020** |
| For Services Through | 06/30/2020 |
| Terms: | **N/A** |

| <u>Date</u> | <u>By</u> | <u>Service Summary</u> | Hours/Rate |
|---|---|---|---|
| In Reference To: | **Bridgemark Corporation Bankruptcy Assistance (Fees)** | | |
| 06/05/2020 | John J Harris | Due diligence Conference call with Bridgemark team | 0.50 at $ 905.00/hr |
| 06/08/2020 | John J Harris | Telephone call with J. Harris (Numeric Solutions) regarding Bridgemark Texas documents; Send e-mail to and read e-mail from J. Cheng | 0.20 at $ 905.00/hr |
| 06/12/2020 | John J Harris | Due diligence Conference call with M. Issa, K. Mugavero and J. Harris | 0.30 at $ 905.00/hr |
| 06/28/2020 | John J Harris | Read e-mail from and send e-mail to E. Gray regarding lease status and shut-in of Richfield operations | 0.40 at $ 905.00/hr |

*Total Hours:    1.40 hrs*
*Total Fees: $ 1,267.00*
**Total Invoice Amount: $ 1,267.00**
**Invoice Amount After (20.00%) Discount: $ 1,013.60**

TOTAL FEES OF $1,267.00 -20% hold back = $1,013.60

**Casso & Sparks, LLP**
**13300 Crossroads Parkway North**
**Suite 410**
**City of Industry, CA 91746**

Invoice submitted to:

Bridgemark Corporation
Robert Hall
17671 Irvine Boulevard
Suite 217
Tustin, CA 92780

| | |
|---|---|
| Invoice # | **20466** |
| Invoice Date | **12/29/2020** |
| For Services Through | 11/30/2020 |
| Terms: | **N/A** |

| <u>Date</u> | <u>By</u> | <u>Service Summary</u> | <u>Hours/Rate</u> |
|---|---|---|---|
| | | In Reference To:  **Bridgemark Corporation Bankruptcy Assistance (Fees)** | |
| 11/08/2020 | John J Harris | Read e-mail from and send e-mail to D. Ossentjuk regarding UIC issues; Send e-mail to W. Lobel and K. Mugavero ; Telephone call with W. Lobel; Read e-mail from and send e-mail to R. Pfister | 0.80 at $ 905.00/hr |
| 11/09/2020 | John J Harris | Read e-mail from and send e-mail to W. Lobel; Telephone calls with K. Mugavero ; Telephone call with W. Lobel; Read e-mail from and send e -mail to R. Pfister; Read e-mail from and send e-mail to B. Gold | 1.00 at $ 905.00/hr |
| 11/10/2020 | John J Harris | Send e-mail to B. Gold; Telephone calls with B. Gold regarding buyer due diligence inquiry; Telephone call with D. Ossentjuk regarding status of UIC permit application; Send e-mail to W. Lobel; Telephone call with K. Mugvaero | 1.50 at $ 905.00/hr |
| 11/11/2020 | John J Harris | Telephone calls with K. Mugavero regarding UIC approval status | 0.60 at $ 905.00/hr |
| 11/11/2020 | John J Harris | Read e-mail from and send e-mail to W. Lobel regarding royalty owner liability for remediation; Read e-mail from and send e-mail to J. Harris (Numeric Solutions) ; Research regarding lessor liability | 0.90 at $ 905.00/hr |

*Total Hours:    4.80 hrs*
*Total Fees: $ 4,344.00*
**Total Invoice Amount: $ 4,344.00**
**Invoice Amount After (20.00%) Discount: $ 3,475.20**

**Casso & Sparks, LLP**
**13300 Crossroads Parkway North**
**Suite 410**
**City of Industry, CA 91746**

Invoice submitted to:

Bridgemark Corporation
17671 Irvine Boulevard
Suite 217
Tustin, CA 92780

| | |
|---|---|
| Invoice # | **20489** |
| Invoice Date | **03/02/2021** |
| For Services Through | 02/28/2021 |
| Terms: | **N/A** |

| <u>Date</u> | <u>By</u> | <u>Service Summary</u> | <u>Hours/Rate</u> |
|---|---|---|---|
| | | **In Reference To: Bridgemark Corporation Bankruptcy Assistance (Fees)** | |
| 02/10/2021 | John J Harris | Telephone call with J. McGee regarding operational questions | 0.40 at $ 905.00/hr |
| 02/15/2021 | John J Harris | Telephone call with E. Gray regarding PDC proposed agreement; Read e-mail from and send e-mail to E. Gray regarding settlement agreement | 0.50 at $ 905.00/hr |
| 02/15/2021 | John J Harris | Review settlement agreement and transaction documents | 2.50 at $ 905.00/hr |
| 02/16/2021 | John J Harris | Review settlement agreement and transaction documents | 1.10 at $ 905.00/hr |
| 02/16/2021 | John J Harris | Read e-mail from and send e-mail to W. Lobel; regarding transaction documents Read e-mails from and send e-mails to J. McGee; Read e-mails from E. Gray | 0.30 at $ 905.00/hr |
| 02/17/2021 | John J Harris | Read e-mail from and send e-mail to E. Gray regarding transaction documents; Send e-mail to and read e-mail from K. Mugavero regarding well abandonments; Telephone call with K. Mugavero; Read e-mail from and send e-mail to J. McGee | 0.80 at $ 905.00/hr |
| 02/17/2021 | John J Harris | Review transaction documents; Draft comments on documents | 1.70 at $ 905.00/hr |
| 02/17/2021 | John J Harris | Conference call with W. Lobel and J. McGee regarding Definitive Documents | 1.20 at $ 905.00/hr |
| 02/18/2021 | John J Harris | Read e-mail from and send e-mail to K. Mugavero regarding definitive documentation | 0.20 at $ 905.00/hr |
| 02/18/2021 | John J Harris | Review settlement agreement draft; Draft comments on settlement agreement; Send e-mails to J. McGee, W. Lobel and E. Gray; Send e-mail to and read e-mail from W. Lobel; Read e-mail from and send e-mail to K. Mugavero regarding comments on agreement; Review Draft transaction agreement and Draft comments on agreement | 5.20 at $ 905.00/hr |

| 02/19/2021 | John J Harris | Review Cal*NRG purchase and sale agreement; Draft comments | 0.70 at $ 905.00/hr |
| 02/24/2021 | John J Harris | Read e-mail from and send e-mail to K. Mugavero regarding abandonment estimates; Read e-mail from and send e-mail to J. McGee; Review abandonment estimate | 0.40 at $ 905.00/hr |

*Total Hours:*    *15.00 hrs*
*Total Fees: $ 13,575.00*
**Total Invoice Amount: $ 13,575.00**
**Invoice Amount After (20.00%) Discount: $ 10,860.00**

**Casso & Sparks, LLP**
**13300 Crossroads Parkway North**
**Suite 410**
**City of Industry, CA 91746**

Invoice submitted to:

Bridgemark Corporation
17671 Irvine Boulevard
Suite 217
Tustin, CA 92780

| | |
|---|---|
| Invoice # | **20491** |
| Invoice Date | **03/30/2021** |
| For Services Through | 03/29/2021 |
| Terms: | **N/A** |

| **Date** | **By** | **Service Summary** | **Hours/Rate** |
|---|---|---|---|
| | | **In Reference To: Bridgemark Corporation Bankruptcy Assistance (Fees)** | |
| 03/01/2021 | John J Harris | Read e-mails from and send e-mails to E. Gray regarding PDC documentation | 0.40 at $ 905.00/hr |
| 03/01/2021 | John J Harris | Review sales agreement | 1.50 at $ 905.00/hr |
| 03/01/2021 | John J Harris | Conference call with R. Hall, W. Lobel, I. Kharasch & E. Gray regarding PDC documentation and status of negotiations | 0.70 at $ 905.00/hr |
| 03/03/2021 | John J Harris | Review representations and warranties in asset purchase agreement | 0.30 at $ 905.00/hr |
| 03/05/2021 | John J Harris | Review revised agreements; Read e-mail from E. Gray regarding revised agreements | 0.80 at $ 905.00/hr |
| 03/05/2021 | John J Harris | Telephone call with E. Gray regarding revised agreements; Conference call with R. Hall, J. McGee, W. Lobel, E, Gray and N. Lockwood regarding revised agreements | 1.40 at $ 905.00/hr |
| 03/07/2021 | John J Harris | Review Asset Purchase Agreement | 2.30 at $ 905.00/hr |
| 03/07/2021 | John J Harris | Read e-mail from E. Gray | 0.20 at $ 905.00/hr |
| 03/08/2021 | John J Harris | Review and revise quitclaims; Read e-mail from and send e-mail to E. Gray regarding changes | 1.00 at $ 905.00/hr |
| 03/08/2021 | John J Harris | Review and revise asset purchase & sale agreement Read e-mail from and send e-mail to E. Gray regarding changes to agreement | 2.40 at $ 905.00/hr |
| 03/09/2021 | John J Harris | Read e-mail from and send e-mail to W. Lobel regarding revised asset purchase agreement; Review agreement; Read e-mail from and send e-mail to W. Lobel; Read e-mail from and send e-mail to E. Gray | 1.10 at $ 905.00/hr |

| | | | |
|---|---|---|---|
| 03/09/2021 | John J Harris | Read e-mails from and send e-mails to E. Gray regarding transaction documents and motion to approve; Read e-mail from R. Hall; Read e-mail from W. Lobel | 0.70 at $ 905.00/hr |
| 03/17/2021 | John J Harris | Telephone call with E. Gray regarding settlement status | 0.20 at $ 905.00/hr |
| 03/25/2021 | John J Harris | Read e-mail from and send e-mail to E. Gray regarding Kraemer objection and request for continuance | 0.40 at $ 905.00/hr |
| 03/26/2021 | John J Harris | Read e-mails from E. Gray; Read e-mail from and send e-mail to W. Lobel; Telephone call with E. Gray; Research regarding Kraemer claims and unit operator's production duties | 2.70 at $ 905.00/hr |
| 03/29/2021 | John J Harris | Read e-mail from and send e-mail to R. Gray regarding Kraemer motion and abandonment of wells; Review agreements | 0.70 at $ 905.00/hr |

*Total Hours:* 16.80 hrs
*Total Fees: $ 15,204.00*
**Total Invoice Amount: $ 15,204.00**
**Invoice Amount After (20.00%) Discount: $ 12,163.20**

**Casso & Sparks, LLP**
**13300 Crossroads Parkway North**
**Suite 410**
**City of Industry, CA 91746**

Invoice submitted to:

Bridgemark Corporation
17671 Irvine Boulevard
Suite 217
Tustin, CA 92780

| | |
|---|---|
| Invoice # | **20540** |
| Invoice Date | **09/01/2021** |
| For Services Through | 08/18/2021 |
| Terms: | **N/A** |

| <u>Date</u> | <u>By</u> | <u>Service Summary</u> | <u>Hours/Rate</u> |
|---|---|---|---|
| | | **In Reference To: Bridgemark Corporation Bankruptcy Assistance (Fees)** | |
| 08/11/2021 | John J Harris | Telephone call with J, Harris regarding Master Services Agreement; Read e-mail from and send e-mail to M. Jones | 0.40 at $ 905.00/hr |
| 08/12/2021 | John J Harris | Review abandonment proposals | 0.50 at $ 905.00/hr |
| 08/16/2021 | John J Harris | Research regarding Master Service Agreement | 0.60 at $ 905.00/hr |
| 08/17/2021 | John J Harris | Read e-mail from and send e-mail to M. Jones regarding MSA; Review MSA; Review Draft MSA | 1.10 at $ 905.00/hr |
| 08/18/2021 | John J Harris | Review draft master services agreement | 4.10 at $ 905.00/hr |

*Total Hours:   6.70 hrs*
*Total Fees: $ 6,063.50*
**Total Invoice Amount: $ 6,063.50**
**Invoice Amount After (20.00%) Discount: $ 4,850.80**

# EXHIBIT B

Casso & Sparks, LLP - ABA Task Summary report

Date Start: 4/6/2020 | Date End: 8/18/2021 | Clients: Bridgemark Corporation | Matters: Bridgemark Corporation Bankruptcy Assistance | Users: All

| Date | User | Client | Matter | Description | Activity | Rate/ Unit Price | Labor Time/ Quantity | Billable Time/ Cost Price | Bill Amt/ Sell Price |
|---|---|---|---|---|---|---|---|---|---|
| **B110 - Case Administration** | | | | | | | | | |
| 06/28/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to E. Gray regarding lease status and shut-in of Richfield operations | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 11/11/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to W. Lobel regarding royalty owner liability for remediation: Read e-mail from and send e-mail to J. Harris (Numeric Solutions) : Research regarding lessor liability | A107 - Communicate (other outside counsel) | $905.00 hr | 0.90 | 0.90 | $814.50 |
| 11/25/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | For 20% holdback on fees billed on July 7, 2020 Invoice No. 20420- $14,299.00 | A111 - Other | $14,299.00 hr | 0.00 | 0.00 | $14,299.00 |
| 08/17/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to M. Jones regarding MSA: Review MSA: Review Draft MSA | A106 - Communicate (with client) | $905.00 hr | 1.10 | 1.10 | $995.50 |
| | | | | | B110 - Case Administration Sub Totals: | | 2.40 | 2.40 | $16,471.00 |
| **B130 - Asset Disposition** | | | | | | | | | |
| 11/08/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to D. Ossent juk regarding UIC issues: Send e-mail to W. Lobel and K. Mugavero : Telephone call with W. Lobel: Read e-mail from and send e-mail to R. Pfister | A108 - Communicate (other external) | $905.00 hr | 0.80 | 0.80 | $724.00 |
| 11/09/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to W. Lobel: Telephone calls with K. Mugavero : Telephone call with W. Lobel: Read e-mail from and send e-mail to R. Pfister: Read e-mail from and send e-mail to B. Gold | A108 - Communicate (other external) | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 02/24/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to K. Mugavero regarding abandonment estimates: Read e-mail from and send e-mail to J. McGee: Review abandonment estimate | A106 - Communicate (with client) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 08/12/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review abandonment proposals | A104 - Review/analyze | $905.00 hr | 0.50 | 0.50 | $452.50 |
| | | | | | B130 - Asset Disposition Sub Totals: | | 2.70 | 2.70 | $2,443.50 |
| **B185 - Assumption/Rejection of Leases and Contracts** | | | | | | | | | |
| 04/07/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with K. Mugavero regarding shut-in of wells (0.4): Telephone call with E. Gray regarding shut-in of wells (0.4): Read e-mails from and send e-mails to K. Mugavero (0.2) | A106 - Communicate (with client) | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 04/08/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review leases and unit agreements | A104 - Review/analyze | $905.00 hr | 2.90 | 2.90 | $2,624.50 |
| 04/08/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from and send e-mails to K. Mugavero regarding letter to royalty owners on shut-in of production (0.4): Read e-mails from and send e-mails to E. Gray regarding letter (0.4): Read e-mails from and send e-mails to J. McGee (0.2): Read e-mail from and send e-mail to C. Curry (0.2): Send e-mails to and read e-mails from J. Cheng regarding lease and unit documents (0.4) | A106 - Communicate (with client) | $905.00 hr | 1.60 | 1.60 | $1,448.00 |
| 04/09/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from and send e-mails to E. Gray regarding letter to royalty owners (0.4) : Telephone calls with K. Mugavero (0.3) : Send e-mail to Bridgemark and attorneys regarding draft letter (0.6) : Read e-mail from and send e-mail to K. Mugavero regarding shut-in date (0.2) : Telephone call with W. Lobel (0.2): Send e-mail to and read e-mail from J. Cheng regarding unit documents and leases (0.2) | A107 - Communicate (other outside counsel) | $905.00 hr | 1.90 | 1.90 | $1,719.50 |
| 04/09/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from and send e-mails to E. Gray regarding letter from Dowling Lease royalty owner: Review lease | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 04/09/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy | Review edits to letter to royalty owners: Review and revise draft letter : Research | A103 - Draft/revise | $905.00 hr | 3.20 | 3.20 | $2,896.00 |

| Date | Timekeeper | Client | Matter | Description | Activity | Rate | Hours | Billed | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 04/10/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray regarding force majeure provisions of lease and unit agreement | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 04/10/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding force majeure provisions of lease and unit agreement | A102 - Research | $905.00 hr | 3.30 | 3.30 | $2,986.50 |
| 04/12/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding force majeure provisions of leases and unit agreements | A102 - Research | $905.00 hr | 0.50 | 0.50 | $452.50 |
| 04/13/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding suspension of lease obligations under unit agreements | A102 - Research | $905.00 hr | 1.90 | 1.90 | $1,719.50 |
| 04/13/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray regarding motion to assume leases (0.4) Read e-mails from and send e-mails to E. Gray (0.2): Telephone call with K. Mugavero (.3) | A106 - Communicate (with client) | $905.00 hr | 0.90 | 0.90 | $814.50 |
| 04/14/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to E. Gray regarding motion to assume leases | A107 - Communicate (other outside counsel) | $905.00 hr | 0.30 | 0.30 | $271.50 |
| 04/14/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding motion to assume leases where wells are shut-in | A102 - Research | $905.00 hr | 1.20 | 1.20 | $1,086.00 |
| 04/15/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft portion of insert to motion to assume leases regarding force majeure | A103 - Draft/revise | $905.00 hr | 1.60 | 1.60 | $1,448.00 |
| 04/15/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to E. Gray regarding motion to assume leases (0.3): Read e-mail from and send e-mail to K. Mugavero (0.2) | A106 - Communicate (with client) | $905.00 hr | 0.50 | 0.50 | $452.50 |
| 04/16/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray regarding motion to assume oil and gas leases: telephone call with J. Cheng | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 04/16/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft insert to motion to assume leases: Telephone call with E. Gray regarding motion to assume oil and gas leases: telephone call J. Cheng | A103 - Draft/revise | $905.00 hr | 3.50 | 3.50 | $3,167.50 |
| 04/17/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft insert for motion to assume leases | A103 - Draft/revise | $905.00 hr | 2.40 | 2.40 | $2,172.00 |
| 04/22/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review documents regarding Chunchula interest and East Hualde Dome: Review title documents and exhibits to motion | A104 - Review/analyze | $905.00 hr | 2.80 | 2.80 | $2,534.00 |
| 04/22/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone calls with K. Mugavero regarding leases (0.3): Read e-mails from and send e-mails to E. Gray regarding additional information needed for motion to assume leases (0.4) | A106 - Communicate (with client) | $905.00 hr | 0.70 | 0.70 | $633.50 |
| 04/23/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with K. Mugavero regarding leases (0.3): Send e-mail to and read e-mail from E. Gray (0.2): Conference call with E. Gray and K. Mugavero (0.4) | A106 - Communicate (with client) | $905.00 hr | 0.90 | 0.90 | $814.50 |
| 04/23/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review lease documents for motion to assume oil and gas leases | A104 - Review/analyze | $905.00 hr | 2.80 | 2.80 | $2,534.00 |
| 04/24/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft amended lease schedule for motion to assume: Review title documents | A103 - Draft/revise | $905.00 hr | 3.70 | 3.70 | $3,348.50 |
| 04/24/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mails to and read e-mails from E. Gray regarding motion to assume: Read e-mail from and send e-mail to K. Mugavero regarding leases (0.2) | A106 - Communicate (with client) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 04/25/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding title documents: Review and revise exhibit to motion to assume | A103 - Draft/revise | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 04/25/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mail to E. Gray regarding exhibit to motion to assume | A103 - Draft/revise | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 04/27/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mail to and read e-mail from E. Gray regarding motion to assume (0.2) : Send e-mail to K. Mugavero regarding Dowling Leases (0.2): Conference call with E. Gray and N. Lockwood regarding exhibit to motion to assume (0.4) | A103 - Draft/revise | $905.00 hr | 0.80 | 0.80 | $724.00 |
| 04/27/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review documents for exhibits to motion to assume | A103 - Draft/revise | $905.00 hr | 1.40 | 1.40 | $1,267.00 |

| Date | Name | Entity | Matter | Description | Activity | Rate | Hours | Billed | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 04/29/2020 | | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to N. Lockwood regarding revised leases (0.2) : Read e-mail from and send e-mail to N. Lockwood regarding exhibits (0.2) : Read e-mail from and send e-mail to J. O'Keefe regarding corrected exhibit to motion to assume leases (0.2) | A107 - Communicate (other outside counsel) | | | | $543.00 |
| 04/29/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review and revise exhibit to motion to assume leases and correct exhibit to motion to assume leases | A103 - Draft/revise | $905.00 hr | 1.30 | 1.30 | $1,176.50 |
| 04/30/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft insert for amendment to motion describing the revised exhibit | A103 - Draft/revise | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 04/30/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Conference call with W. Lobel and N. Lockwood regarding amended exhibit to motion to assume leases | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 05/01/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone calls with K. Mugavero regarding Chunchula interests (0.2) : Read e-mail from and send e-mail to K. Mugavero (0.1) : Read e-mail from and send e-mail to N. Lockwood (0.1) | A106 - Communicate (with client) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 05/04/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review Wallace Lease documents: Review Chunchula Unit documents: Review Bridgewood documents : Draft portion of memo regarding Wallace lease and Bridgemark interest in Chunchula Unit | A102 - Research | $905.00 hr | 2.00 | 2.00 | $1,810.00 |
| 05/04/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with J. Bailey regarding Wallace Interest (0.5) : Read e-mail from and send e-mail to J. Bailey (0.4) | A108 - Communicate (other external) | $905.00 hr | 0.90 | 0.90 | $814.50 |
| 05/05/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft memo regarding Wallace Lease in Chunchula Field and Send e-mail to W. Lobel regarding memo | A103 - Draft/revise | $905.00 hr | 2.20 | 2.20 | $1,991.00 |
| 05/05/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Draft insert for reply to lessor's objection to motion to assume and Research regarding reply | A107 - Communicate (other outside counsel) | $905.00 hr | 3.60 | 3.60 | $3,258.00 |
| 05/05/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from E. Gray regarding lessor's objection to motion to assume (0.2): Read e-mail from K. Mugavero regarding objection (0.1): Read e-mail from and send e-mail to W. Lobel regarding objection (0.2) | A107 - Communicate (other outside counsel) | $905.00 hr | 0.50 | 0.50 | $452.50 |
| 05/06/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding regarding burden of proof in paying quantities | A102 - Research | $905.00 hr | 1.60 | 1.60 | $1,448.00 |
| 05/07/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding force majeure due to lack of storage and market for production | A102 - Research | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 05/07/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to W. Lobel regarding Wallace interest: Read e-mail from J. Bailey | A108 - Communicate (other external) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 05/11/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from J. Bailey regarding Wallace interest in Chunchula (0.2) and Read e-mail from and send e-mail to W. Lobel regarding Chunchula lease (0.2) | A108 - Communicate (other external) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 05/11/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mail to and read e-mail from W. Lobel regarding PDC due diligence requests (0.2) and Telephone call with J. Cheng regarding lease documents (0.2) | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 05/13/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with W. Lobel regarding tentative ruling (0.3) : Review tentative ruling (0.4) Read e-mails from and send e-mails to W. Lobel (0.2) : Attend telephonic hearing (0.7) : Read e-mail from R. Pfister | A109 - Appear for/attend | $905.00 hr | 1.70 | 1.70 | $1,538.50 |
| | | | | | B185 - Assumption/Rejection of Leases and Contracts Sub Totals: | | 60.40 | 60.40 | $54,662.00 |

**B210 - Business Operations**

| Date | Name | Entity | Matter | Description | Activity | Rate | Hours | Billed | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 04/14/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone calls with K. Mugavero regarding pressure gradient | A106 - Communicate (with client) | $905.00 hr | 0.50 | 0.50 | $452.50 |
| 06/05/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Due diligence Conference call with Bridgemark team | A108 - Communicate (other external) | $905.00 hr | 0.50 | 0.50 | $452.50 |
| 06/12/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Due diligence Conference call with M. Issa, K. Mugavero and J. Harris | A106 - Communicate (with client) | $905.00 hr | 0.30 | 0.30 | $271.50 |
| | | | | | B210 - Business Operations Sub Totals: | | 1.30 | 1.30 | $1,176.50 |

**B240 - Tax Issues**

| 03/29/2021 | | Bridgemark Corporation | | e-mail to R. Gray regarding abandonment of wells: Review agreements | (other outside counsel) | | | | $633.50 |
|---|---|---|---|---|---|---|---|---|---|

| | | | | | B240 - Tax Issues Sub Totals: | | 0.70 | 0.70 | $633.50 |
|---|---|---|---|---|---|---|---|---|---|

### B250 - Real Estate

| 04/19/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to W. Lobel regarding PDC due diligence meeting | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |
|---|---|---|---|---|---|---|---|---|---|
| 04/20/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray (0.2): Read e-mail from and send e-mail to W. Lobel regarding PDC due diligence (0.2): Telephone call with W. Lobel (0.2) | A107 - Communicate (other outside counsel) | $905.00 hr | 0.60 | 0.60 | $543.00 |
| 04/21/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mail to and read e-mail from W. Lobel regarding PDC due diligence | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 04/24/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to J. Cheng regarding title documents | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 05/08/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with K. Mugavero regarding Chunchula royalties Read e-mail from J. Bailey regarding Wallace Lease; .Send e-mail to W. Lobel: Conference call with M. Issa, et al., regarding due diligence status | A108 - Communicate (other external) | $905.00 hr | 1.20 | 1.20 | $1,086.00 |
| 05/12/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review lease documents and Read e-mail from and send e-mail to R. Pfister regarding PDC due diligence | A104 - Review/analyze | $905.00 hr | 4.40 | 4.40 | $3,982.00 |
| 05/12/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with K. Mugavero regarding transfer of bonds (0.2) and Read e-mail from and send e-mail to K. Mugavero (0.1) | A106 - Communicate (with client) | $905.00 hr | 0.30 | 0.30 | $271.50 |
| 05/13/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Conference call with J. Harris and B. Meith regarding due diligence and obtaining copies of leases and Telephone call with W. Lobel regarding PDC due diligence | A108 - Communicate (other external) | $905.00 hr | 0.80 | 0.80 | $724.00 |
| 05/13/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review title documents regarding PDC due diligence | A104 - Review/analyze | $905.00 hr | 0.70 | 0.70 | $633.50 |
| 05/14/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review leases regarding PDC due diligence | A104 - Review/analyze | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 05/14/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from and send e-mails to Ben Gold regarding PDC due diligence (0.4): Send e-mail to and read e-mail from W. Lobel regarding due diligence (0.2) : Read e-mail from and send e-mail to J. McGee regarding due diligence (0.2) : Telephone call with W. Lobel regarding due diligence (0.2): Telephone call with J. McGee regarding due diligence (0.2) :Conference call with B. Gold and J. McGee (0.4) | A107 - Communicate (other outside counsel) | $905.00 hr | 1.80 | 1.80 | $1,629.00 |
| 05/14/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from K. Mugavero regarding Bridgemark operators bond: Review bond documents | A106 - Communicate (with client) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 05/19/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Prepare for Toll due diligence conference call (0.5): Send e-mail to and read e-mail from B. Gold with unit tract maps (0.2): Conference call with Toll Brothers due diligence team (2.): Telephone call with J. Harris (Numeric Solutions ) regarding additional lease information (0.3): Telephone call with J. Cheng regarding PDC due diligence requests (0.2) | A108 - Communicate (other external) | $905.00 hr | 3.20 | 3.20 | $2,896.00 |
| 05/20/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to M. Issa regarding due diligence call (0.1) and Read e-mail from and send e-mail to K. Mugavero regarding PDC due diligence requests (0.1) | A106 - Communicate (with client) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 05/22/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Conference call with M. Issa, K. Mugavero, J. Harris, et al., regarding PDC due diligence requests (0.8) and Telephone call with K. Mugavero regarding requests (0.2) | A108 - Communicate (other external) | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 05/26/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review documents requested by PDC | A104 - Review/analyze | $905.00 hr | 0.70 | 0.70 | $633.50 |
| 05/26/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mail to and read e-mail from E. Gray regarding PDC due diligence status | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |

| Date | Name | Entity | Matter | Description | Activity | Rate | Hours | | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 05/27/2020 | | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with K. Mugavero regarding scope of PDC due diligence | A108 - Communicate (other external) | | | | $181.00 |
| 05/29/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Conference call with M. Issa, D. Froshee and K. Mugavero regarding due diligence status (0.7) and Conference call with M. Issa, W: Lobel, J. Harris and K. Mugavero regarding due diligence status (0.3) | A108 - Communicate (other external) | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 05/29/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to J. Harris regarding regulatory status matrix and Review matrix | A108 - Communicate (other external) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 05/30/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to K. Mugavero regarding PDC diligence checklist and Read e-mail from and send e-mail to J. Harris | A106 - Communicate (with client) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 06/08/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with J. Harris (Numeric Solutions) regarding Bridgemark Texas documents: Send e-mail to and read e-mail from J. Cheng | A108 - Communicate (other external) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 11/10/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Send e-mail to B. Gold: Telephone calls with B. Gold regarding buyer due diligence inquiry: Telephone call with D. Ossentjuk regarding status of UIC permit application: Send e-mail to W. Lobel: Telephone call with K. Mugavero | A107 - Communicate (other outside counsel) | $905.00 hr | 1.50 | 1.50 | $1,357.50 |
| 11/11/2020 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone calls with K. Mugavero regarding UIC approval status | A106 - Communicate (with client) | $905.00 hr | 0.60 | 0.60 | $543.00 |
| 02/15/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review settlement agreement and transaction documents | A104 - Review/analyze | $905.00 hr | 2.50 | 2.50 | $2,262.50 |
| 02/15/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray regarding PDC proposed agreement: Read e-mail from and send e-mail to E. Gray regarding settlement agreement | A107 - Communicate (other outside counsel) | $905.00 hr | 0.50 | 0.50 | $452.50 |
| 02/16/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review settlement agreement and transaction documents | A104 - Review/analyze | $905.00 hr | 1.10 | 1.10 | $995.50 |
| 02/16/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to W. Lobel: regarding transaction documents Read e-mails from and send e-mails to J. McGee: Read e-mails from E. Gray | A107 - Communicate (other outside counsel) | $905.00 hr | 0.30 | 0.30 | $271.50 |
| 02/18/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to K. Mugavero regarding definitive documentation | A106 - Communicate (with client) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| 02/18/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review settlement agreement draft: Draft comments on settlement agreement: Send e-mails to J. McGee, W. Lobel and E. Gray: Send e-mail to and read e-mail from W. Lobel: Read e-mail from and send e-mail to K. Mugavero regarding comments on agreement: Review Draft transaction agreement and Draft comments on agreement | A104 - Review/analyze | $905.00 hr | 5.20 | 5.20 | $4,706.00 |
| 02/19/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review Cal*NRG purchase and sale agreement: Draft comments | A104 - Review/analyze | $905.00 hr | 0.70 | 0.70 | $633.50 |
| 03/01/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from and send e-mails to E. Gray regarding PDC documentation | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| 03/01/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review sales agreement | A104 - Review/analyze | $905.00 hr | 1.50 | 1.50 | $1,357.50 |
| 03/01/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Conference call with R. Hall, W. Lobel, I. Kharasch & E. Gray regarding PDC documentation and status of negotiations | A106 - Communicate (with client) | $905.00 hr | 0.70 | 0.70 | $633.50 |
| 03/03/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review representations and warranties in asset purchase agreement | A104 - Review/analyze | $905.00 hr | 0.30 | 0.30 | $271.50 |
| 03/05/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review revised agreements: Read e-mail from E. Gray regarding revised agreements | A104 - Review/analyze | $905.00 hr | 0.80 | 0.80 | $724.00 |
| 03/05/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray regarding revised agreements: Conference call with R. Hall, J. McGee, W. Lobel, E. Gray and N. Lockwood regarding revised agreements | A106 - Communicate (with client) | $905.00 hr | 1.40 | 1.40 | $1,267.00 |
| 03/07/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review Asset Purchase Agreement | A104 - Review/analyze | $905.00 hr | 2.30 | 2.30 | $2,081.50 |

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 03/07/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to E. Gray | A107 - Communicate (other outside counsel) | | | | $181.00 |
| 03/08/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review and revise quitclaims: Read e-mail from and send e-mail to E. Gray regarding changes | A104 - Review/analyze | $905.00 hr | 1.00 | 1.00 | $905.00 |
| 03/08/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review and revise asset purchase & sale agreement Read e-mail from and send e-mail to E. Gray regarding changes to agreement | A104 - Review/analyze | $905.00 hr | 2.40 | 2.40 | $2,172.00 |
| 03/09/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to W. Lobel regarding revised asset purchase agreement: Review agreement: Read e-mail from and send e-mail to W. Lobel: Read e-mail from and send e-mail to E. Gray | A107 - Communicate (other outside counsel) | $905.00 hr | 1.10 | 1.10 | $995.50 |
| 03/09/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from and send e-mails to E. Gray regarding transaction documents and motion to approve: Read e-mail from R. Hall: Read e-mail from W. Lobel | A107 - Communicate (other outside counsel) | $905.00 hr | 0.70 | 0.70 | $633.50 |
| 03/26/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mails from E. Gray: Read e-mail from and send e-mail to W. Lobel: Telephone call with E. Gray: Research regarding Kraemer claims and unit operator's production duties | A102 - Research | $905.00 hr | 2.70 | 2.70 | $2,443.50 |
| | | | | | B250 - Real Estate Sub Totals: | | 46.40 | 46.40 | $41,992.00 |

## B310 - Claims Administration and Objections

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 03/25/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to E. Gray regarding Kraemer objection and request for continuance | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| | | | | | B310 - Claims Administration and Objections Sub Totals: | | 0.40 | 0.40 | $362.00 |

## B320 - Plan and Disclosure Statement

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 03/17/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with E. Gray regarding settlement status | A107 - Communicate (other outside counsel) | $905.00 hr | 0.20 | 0.20 | $181.00 |
| | | | | | B320 - Plan and Disclosure Statement Sub Totals: | | 0.20 | 0.20 | $181.00 |

## B410 - General Bankruptcy Advice/Opinions

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 02/10/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with J. McGee regarding operational questions | A107 - Communicate (other outside counsel) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| | | | | | B410 - General Bankruptcy Advice/Opinions Sub Totals: | | 0.40 | 0.40 | $362.00 |

## C100 - Fact Gathering

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 08/16/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Research regarding Master Service Agreement | A103 - Draft/revise | $905.00 hr | 0.60 | 0.60 | $543.00 |
| | | | | | C100 - Fact Gathering Sub Totals: | | 0.60 | 0.60 | $543.00 |

## C300 - Analysis and Advice

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 08/18/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review draft master services agreement | A104 - Review/analyze | $905.00 hr | 4.10 | 4.10 | $3,710.50 |
| | | | | | C300 - Analysis and Advice Sub Totals: | | 4.10 | 4.10 | $3,710.50 |

## P200 - Fact Gathering/Due Diligence

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 08/11/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Telephone call with J. Harris regarding Master Services Agreement: Read e-mail from and send e-mail to M. Jones | A106 - Communicate (with client) | $905.00 hr | 0.40 | 0.40 | $362.00 |
| | | | | | P200 - Fact Gathering/Due Diligence Sub Totals: | | 0.40 | 0.40 | $362.00 |

## P240 - Real and Personal Property

| Date | Name | Client | Matter | Description | Task Code | Rate | Hours | Hours | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 02/17/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Read e-mail from and send e-mail to E. Gray regarding transaction documents: Send e-mail to and read e-mail from K. Mugavero regarding well abandonments: Telephone call with K. Mugavero: Read e-mail from and send e-mail to J. McGee | A106 - Communicate (with client) | $905.00 hr | 0.80 | 0.80 | $724.00 |
| 02/17/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Review transaction documents: Draft comments on documents | A104 - Review/analyze | $905.00 hr | 1.70 | 1.70 | $1,538.50 |
| 02/17/2021 | John Harris | Bridgemark Corporation | Bridgemark Corporation Bankruptcy Assistance | Conference call with W. Lobel and J. McGee regarding Definitive Documents | A107 - Communicate (other outside counsel) | $905.00 hr | 1.20 | 1.20 | $1,086.00 |
| | | | | | P240 - Real and Personal Property Sub Totals: | | 3.70 | 3.70 | $3,348.50 |
| | | | | | Grand Total | | 123.70 | 123.70 | $126,247.50 |

# EXHIBIT C

# Casso & Sparks, LLP - Expense Report

Date Start: 4/6/2020 | Date End: 8/18/2021 | Clients: Bridgemark Corporation | Matters: Bridgemark Corporation Bankruptcy Assistance | Users: All | Group By: Client

| Expense Date | Client | Matter | Expense Type | Cost |
|---|---|---|---|---|
| **Bridgemark Corporation** | | | | |
| 04/27/2020 | Bridgemark Corporation | Bankruptcy Assistance | Documents Obtained from Orange County Recorder | $113.25 |
| 04/27/2020 | Bridgemark Corporation | Bankruptcy Assistance | Documents Obtained from Orange County Recorder | $2.00 |
| 04/27/2020 | Bridgemark Corporation | Bankruptcy Assistance | Documents Obtained from Orange County Recorder | $47.00 |
| | | | **Totals Billable Amounts for Bridgemark Corporation** | **$162.25** |
| | | | **Grand Total** | **$162.25** |

# EXHIBIT D

**John J. Harris**
**Partner**

**John J. Harris**



John J. Harris is a Partner at Casso & Sparks LLP and brings over 40 years of experience representing oil producers, working interest owners, land and mineral owners, financial institutions and public agencies on oil and gas, energy and environmental matters. Mr. Harris has extensive experience in all aspects of energy law, including the wide range of operational problems faced by energy producers doing business in California and in other states. He also has significant experience representing oil and gas, industrial and local government clients in environmental litigation, transactional and regulatory matters.

With his broad transactional experience, Mr. Harris has helped energy industry clients in the purchase and sale of oil and gas producing properties and pipelines, operating agreements, financing transactions and production purchase and sales agreements, oil and gas lease negotiations, as well as agreements with governmental agencies. He provides mineral title opinions and assists clients in resolving complex title issues.

Mr. Harris has extensive experience in the day-to-day legal issues that face energy producers in California, from obtaining permits for oil and gas exploration and production operations and facilities to resolving issues with environmental regulators. He also advises clients and interacts with legislators and regulators regarding matters affecting the energy industry in California.

In litigation, Mr. Harris has represented clients in many different types of oil and gas cases, including lawsuits over the rights of working interest owners under joint operating agreements, accounting disputes, oil and gas lease litigation, drainage and development and subsurface trespass claims, actions for breach of implied covenants and fiduciary duty, quiet-title matters and other title disputes, claims for misuse of confidential information, constitutional questions, secured transactions issues and securities fraud cases. Mr. Harris' environmental litigation practice has included many Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) cases, contaminated property cleanup and cost recovery cases, as well as environmental insurance

*Casso & Sparks, LLP*
*13300 Crossroads Parkway*
*North*
*Suite 410*
*City of Industry, CA 91746*
*jharris@cassosparks.com*

*Tel: 626.269.2980*

**Practices**
*Energy*
*Finance and Corporate*
*Alternative & Renewable*
*Energy*
*Environmental & Energy*
*Litigation*
*Real Estate & Real Estate*
*Finance*

**Education**
*J.D., University of California,*
*Hastings College of Law, 1980*

*B.A., University of California,*
*Santa Barbara, 1974*

**Bar Admissions**
*California*

**Federal Court Admissions**
*U.S. District Court for the*
*Central District of California*
*U.S. District Court for the*
*Eastern District of California*
*U.S. District Court for the*
*Northern District of California*
*U.S. District Court for the*
*Southern District of California*



**John J. Harris**
**Partner**
                                                                **John J. Harris**

coverage claims.

John's diverse and extensive experience has given him an opportunity to gain an understanding of the engineering, geologic and other technical issues, as well as the business, practical, environmental and political considerations, involved in oil and gas exploration and production operations in California.

## Professional Affiliations and Recognitions

- Member, State Bar of California
- Board Member, Institute for Energy Law, The Center for American and International Law
- Member, Rocky Mountain Mineral Law Foundation
- Member, Environment, Energy and Natural Resources Section of the American Bar Association
- Member, California Independent Petroleum Association
- Member, Los Angeles Association of Petroleum Landmen
- Member, American Association of Petroleum Landmen

**4850-7804-7466, v. 1**



Casso&Sparks, LLP
ATTORNEYS AT LAW
13300 Crossroads Parkway North, Suite 410
City of Industry, CA 91746
Telephone: 626.269.3980

2